**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

-----------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| | |
| TOUGH MUDDER INCORPORATED and | Case No. 20-10036 (CSS) |
| TOUGH MUDDER EVENT PRODUCTION | Case No. 20-10037 (CSS) |
| INCORPORATED, | |
| | |
| Alleged Debtors. | |

-----------------------------------------------------------x

**EMERGENCY MOTION OF PETITIONING CREDITORS**
**TO APPOINT A CHAPTER 11 TRUSTEE**

VALLEY BUILDERS LLC ("**Valley Builders**"), TRADEMARC ASSOCIATES INC. ("**Trademarc**") and DAVID WATKINS HOMES INC. ("**David Watkins Homes**"), petitioning creditors herein (collectively, the "**Petitioning Creditors**"), by their counsel, Archer & Greiner, P.C., hereby move this Court for an order, pursuant to sections 303(g) and 1104(a) of title 11 of the United States Code (the "**Bankruptcy Code**") directing the emergency appointment of a chapter 11 trustee for TOUGH MUDDER INCORPORATED ("**Tough Mudder**") and TOUGH MUDDER EVENT PRODUCTION INCORPORATED ("**Tough Mudder Events**"), alleged debtors (together, the "**Alleged Debtors**"), respectfully represent as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this motion (the "**Motion**") pursuant to 28 U.S.C. § 1334. This is a core matter pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.[1]

---

[1] Pursuant to Local Rule 9013-1(f), the Petitioning Creditors hereby confirm their consent to entry of a final order by the Court in connection with this Motion if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2. Venue is proper before this Court pursuant to 28 U.S.C. § 1408.

3. The statutory predicates for the relief requested herein are sections 303(g) and 1104(a) of the Bankruptcy Code.

## Background

4. On January 7, 2020 (the "**Involuntary Petition Date**"), the Petitioning Creditors filed an involuntary petition under chapter 11 of the Bankruptcy Code against each Alleged Debtor.

5. The Alleged Debtors are Delaware corporations.

6. The Alleged Debtors host and produce obstacle course race events across the United States and internationally, selling tickets to race competitors and contracting with vendors and venue sponsors to hold the events.

7. As set forth in detail below, the Alleged Debtors entered into contracts with each of the Petitioning Creditors for obstacle course construction services. The Alleged Debtors are seriously delinquent on payment to the Petitioning Creditors.

8. Upon information and belief, in the months leading up to the filing of the involuntary petitions, the Alleged Debtors' popularity declined and they experienced financial difficulties, resulting in increased debt, the inability to pay employees and vendors and infighting and litigation among the companies' co-founders.

9. The Alleged Debtors located and identified Spartan Race, Inc. ("**Spartan**"), a competitor, as a potential asset purchaser. In December 2019, Spartan announced the acquisition of an option on the Alleged Debtors' events in the United Kingdom, Canada and Germany. Additionally, upon information and belief, Spartan apparently had reached terms with the Alleged

Debtors for the acquisition of the Alleged Debtors' U.S.-based business. To date, a sale has not been consummated with Spartan or another party.

10. Based on press reports and an industry blog, and communications with the Alleged Debtors' employees and other creditors, the Petitioning Creditors understand that the Alleged Debtors have missed payroll, ceased certain operations and had an affiliate become the subject of an insolvency proceeding in Canada. Additionally, recent efforts of the Petitioning Creditors to communicate with management have gone unanswered.

11. As of the Involuntary Petition Date, the Petitioning Creditors have reason to believe that absent chapter 11 protection and the immediate appointment of a trustee, operations will cease, employees will leave and the value of the entire enterprise will be lost. The Petitioning Creditors believe that current management of the Alleged Debtors has failed to preserve the value of the enterprise, leaving creditors to watch the business fall apart.

12. The Petitioning Creditors believe it is in the best interests of the Alleged Debtors' estates to appoint a trustee to pursue a sale or other strategy and oversee business operations during the "gap" period between the Involuntary Petition Date and the date on which the order for relief is entered.

**The Alleged Debtors' Corporate Structure**

13. Alleged Debtor, Tough Mudder Incorporated, is the parent company to six affiliates: (i) Tough Mudder Event Productions Incorporated, a Delaware corporation and second Alleged Debtor; (ii) Tough Mudder Events Ltd, a Canadian entity; (iii) Tough Mudder Ltd, a United Kingdom entity; (iv) Tough Mudder Pty Ltd, an Australian entity; (v) Tough Mudder Ventures LLC, a Delaware Limited Liability Company; and (vi) Tough Mudder Bootcamp

Holdings Ltd, a United Kingdom entity. Annexed hereto as <u>Exhibit A</u> is a chart (obtained from a third party) purporting to identify the Alleged Debtors' legal entity structure.

14. The Alleged Debtors were founded and managed by William Dean, majority shareholder originally owning 60%, and Guy D. Livingstone, minority shareholder originally owning 40% of the enterprise.

15. Upon information and belief, of late, Guy D. Livingstone was no longer an officer of the Alleged Debtors and was no longer involved in the Alleged Debtors' day-to-day operations, and is currently involved in litigation against Tough Mudder and Active Network, LLC, the Alleged Debtors' lender, for breach of contract, breach of note, breach of intercreditor agreement, and tortious interference, in the United States District Court for the Eastern District of New York, Case No. 19-cv-839 (DLI) (SJB).

16. In or about July, 2019, the Alleged Debtors' President, Kyle McLaughlin, was named Chief Executive Officer. Upon information and belief, in or about December 2019, Kyle McLaughlin stepped down from the position.

### **The Petitioning Creditors**

17. Together, the Petitioning Creditors represent a large segment of the Alleged Debtors' trade debt. Annexed hereto as <u>Exhibit B</u> is a chart depicting the amounts owed to each of the Petitioning Creditors. Each of the Petitioning Creditors has done business with the Alleged Debtors for over five years, and is intimately aware of the Alleged Debtors' on-the-ground and financial activities. They perform services related to the obstacle courses and races across the country under a master services agreement with the events and locations governed by subsidiary agreements and invoices. Each of the Petitioning Creditors performs construction services for the Alleged Debtors, building each course, taking it down and rebuilding in the next location, with

one such Petitioning Creditor operating on the east coast, one in the middle of the country, and one on the west coast.

18. The Petitioning Creditors have not been asked to work at present, they understand operations are suspended and that quick action is needed to save the value of the enterprise.

19. Valley Builders is a Pennsylvania-based construction company that provides obstacle course construction services to the Alleged Debtors, most recently pursuant to a Master Services Agreement dated March 12, 2019. Annexed hereto as Exhibit C is the Affidavit of William Wall, President of Valley Builders, in support of the filings and this Motion, indicating the amount owed and attaching the latest contract and unpaid invoices (contract and invoices filed under seal).

20. Trademarc is a Pennsylvania-based construction company that provides obstacle course construction services to the Alleged Debtors, most recently pursuant to a Master Services Agreement dated March 26, 2019. Annexed hereto as Exhibit D is the Affidavit of Marc Policelli, President of Trademarc, in support of the filings and this Motion, indicating the amount owed and attaching the latest contract and unpaid invoices (contract and invoices filed under seal).

21. David Watkins Homes is an Indiana-based construction company that provides obstacle course construction services to the Alleged Debtors, most recently pursuant to a Master Services Agreement dated March 28, 2019. Annexed hereto as Exhibit E is the Affidavit of David Watkins, President of David Watkins Homes, in support of the filings and this Motion, indicating the amount owed and attaching the latest contract and unpaid invoices (contract and invoices filed under seal).

22.     As set forth in each of the Affidavits, each of the Petitioning Creditors' claims is unsecured, not contingent, not disputed as to liability or amount, and totals well over the statutory minimum amount.  Together, the Petitioning Creditors' claims exceed $850,000.00.

23.     Both Tough Mudder and Tough Mudder Events are obligors based upon the master services agreements executed between Tough Mudder Events and each Petitioning Creditor, and the invoices, which are issued on Tough Mudder Event's form by each service provider to Tough Mudder.  In prior years, the agreement and payment was made directly with Tough Mudder (or its predecessor, Tough Mudder LLC).  Tough Mudder then created Tough Mudder Events to stand as the events production entity.  The Petitioning Creditors are obligees of both Tough Mudder (under the invoices) and Tough Mudder Events (under the master services agreements), and understand that Tough Mudder is the recipient of the flow of cash in and the payor of the flow of cash out.

24.     It is clear that the Alleged Debtors are not paying their debts as they come due and that absent immediate relief, the enterprise will be rendered worthless.  The Petitioning Creditors are disappointed that the Alleged Debtors have made no resort to a voluntary chapter 11 and no public statements about an immediate strategy.  They fear that the principals have abdicated their responsibilities after personally benefiting from the enterprise while it was generating revenue, and are presently content to let the business fail.  A Chapter 11 and a trustee are necessary.

### Relief Requested

25.     Section 303(g) of the Bankruptcy Code provides that:

> At any time after the commencement of an involuntary case under chapter 7 of this title but before an order for relief in the case, the court, on request of a party in interest, after notice to the debtor and a hearing, and if necessary to preserve the property of the estate or to prevent loss to the estate, may order the United States trustee to appoint an

>interim trustee under section 701 of this title to take possession of the property of the estate and to operate any business of the debtor.

11 U.S.C. § 303(g). The same is true under Chapter 11 if necessary to preserve property of the estate or to prevent loss to the estate. *See, e.g.*, *In re R. S. Grist*, 16 B.R. 872 (S.D. Fla. 1982) (discussing the requirements for appointing a trustee); *In re Grasso*, 586 B.R. 110 (Bankr. E.D. Pa. 2018) (court allowed appointment of Chapter 11 trustee prior to converting the case in order to reduce diminution of estate's value); *In re Diamondhead Casino Corp.*, 540 B.R. 499, 505 (Bankr. D. Del. 2015) (surveying the paucity of case law on trustees in an involuntary Chapter 11 and stating that for a court to appoint a Chapter 11 trustee pending an order for relief, there must be a showing of "substantial risk of loss to the estate"); *In re Alpine Lumber & Nursery*, 13 B.R. 977, 979 (Bankr. S.D. Cal 1981) (Finding good cause for appointing a Chapter 11 trustee in order to stop diminution of the estate's value after an involuntary proceeding was initiated).

26.   The Petitioning Creditors believe a sale of the Alleged Debtors' business – which apparently was abandoned with no explanation but which opportunity still may be available – will recapitalize the estate, allowing payment to its employees and unsecured vendors. Upon information and belief, the Alleged Debtors and Spartan had discussed terms for a sale, which would have preserved the estate and prevented additional losses. Clearly something more must be done. The current state of neglect is unsustainable.

27.   Given the loss of confidence in the Alleged Debtors' ability or desire to restructure and the risks involved in delaying a sale, the Petitioning Creditors believe it is imperative that a chapter 11 trustee be appointed immediately to oversee operations and effectuate a reorganization or sale strategy as quickly as possible. Absent such action, the estates face a substantial risk of loss.

28. Section 1104(a) of the Bankruptcy Code provides a test for the appointment of a trustee. The bases for appointment are as follows:

> (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or
>
> (2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor.

11 U.S.C. § 1104(a).

29. The Alleged Debtors' financial difficulties have been at the expense of its creditors, employees, corporate sponsors, investors and the competitors that run their obstacle courses. The creditors are entitled to the appointment of an independent fiduciary to take control of the business and determine an appropriate course forward before the enterprise value is diminished beyond repair. In this instance, the appointment of a trustee is in the interests of creditors and the estate.

30. An independent trustee must be appointed "upon the showing of cause—inclusive of fraud, dishonesty, incompetence or gross management of the debtors' affairs by current management." *In re Ashley River Consulting, LLC*, No. 14- 13406(MG), 2015 WL 1540941, at *9 (Bankr. S.D.N.Y. March 31, 2015). *See also In re V. Savino Oil & Heating Co., Inc.*, 99 B.R. 518, 525 (Bankr. E.D.N.Y. 1989). A court also may appoint a trustee under section 1104(a)(2) as being in the interests of the estate. *See In re China Fishery Grp. Ltd. (Cayman)*, No. 16-11895(JLG), 2016 WL 6875903, at *14 (Bankr. S.D.N.Y. Oct. 28, 2016).

31. "[I]n considering a motion for the appointment of a trustee, a bankruptcy court is not required to conduct a full evidentiary hearing" and has "wide discretion in considering the relevant facts." *In re Ancona*, No. 14-10532(MKV), 2016 WL 7868696, at *9 (Bankr. S.D.N.Y. Nov. 30, 2016). "[T]he party moving for appointment of a chapter 11 trustee bears the burden of showing cause by clear and convincing evidence." *Id*.

32. Based on the record of this Motion and the affidavits filed in support hereof, the Court should determine that the immediate risk to the estates is cause for the immediate appointment of a trustee to preserve the value of the estates and take action necessary in the interests of the creditors.

## **Bond is Unnecessary**

33. The Petitioning Creditors respectfully submit that the appointment of an interim trustee is in the best interest of the estate and the bankruptcy process and will not result in any damages incurred. Therefore, the Petitioning Creditors respectfully submit that a bond is not necessary in this case.

## **No Prior Request**

34. No prior motion for the relief requested herein has been made to this or any other court.

**Conclusion**

WHEREFORE, the Petitioning Creditors respectfully request that the Court (i) enter an Order, substantially in the form annexed hereto as Exhibit F, directing the United States Trustee to appoint a chapter 11 trustee, and (ii) grant such other and further relief as is just and proper.

Dated: January 7, 2020

ARCHER & GREINER, P.C.

By: /s/ *David W. Carickhoff*
David W. Carickhoff (No. 3715)
300 Delaware Ave., Suite 1100
Wilmington, Delaware 19801
Telephone: (302) 777-4350
Facsimile: (302) 777-4352
Email: dcarickhoff@archerlaw.com

- and -

Allen G. Kadish
630 Third Avenue
New York, New York 10017
Telephone: (212) 682-4940
Email: akadish@archerlaw.com

*Attorneys for Petitioning Creditors*

## INDEX TO EXHIBITS

**Exhibit A -**  Organizational Structure

**Exhibit B -**  Chart of Amounts Owed

**Exhibit C -**  Affidavit of William Wall

**Exhibit D -**  Affidavit of Marc Policelli

**Exhibit E -**  Affidavit of David Watkins

**Exhibit F -**  Proposed Order Directing Appointment of Chapter 11 Trustee

217835012v1