# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TOUGH MUDDER INCORPORATED and TOUGH MUDDER EVENT PRODUCTION INCORPORATED,<br><br>Alleged Debtors. | Chapter 11<br><br>Case No. 20-10036 (CSS)<br>Case No. 20-10037 (CSS)<br><br>**Re: Docket No. 3** |

## MOTION TO (I) SHORTEN TIME FOR NOTICE AND RESPONSE TO THE EMERGENCY MOTION OF PETITIONING CREDITORS TO APPOINT A CHAPTER 11 TRUSTEE AND (II) GRANTING RELATED RELIEF

Valley Builders LLC ("Valley Builders"), Trademarc Associates Inc. ("Trademarc") and David Watkins Homes Inc. ("David Watkins Homes"), petitioning creditors herein (collectively, the "Petitioning Creditors"), by and through undersigned counsel, hereby file this motion (the "Motion to Shorten") under section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002 and 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for entry of an order (i) to shorten time for notice and response to the *Emergency Motion of Petitioning Creditors to Appoint a Chapter 11 Trustee* (the "Motion to Appoint Trustee")[1] filed contemporaneously herewith; (ii) allowing the Motion to Appoint Trustee to be heard at a hearing (the "Hearing") **on or before January 14, 2020**; and (iii) permitting interested parties to raise objections to the Motion to Appoint Trustee by a date and time set by the Court (the

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion to Appoint Trustee.

"Objection Deadline"). In support of this Motion to Shorten, the Petitioning Creditors respectfully represent as follows:

## JURISDICTION

1. This Court has jurisdiction over this Motion to Shorten under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.[2] Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The predicates for the relief sought by this Motion to Shorten are 11 U.S.C. § 105(a), Rule 9006 of the Bankruptcy Rules and Local Rules 9006-1(c) and 9006-1(e).

## BACKGROUND

3. On January 7, 2020 (the "Involuntary Petition Date"), the Petitioning Creditors filed an involuntary petition under chapter 11 of the Bankruptcy Code against each Alleged Debtor. On that same date, the Petitioning Creditors filed the Motion to Appoint Trustee. Attached to the Motion to Appoint Trustee are affidavits of each Petitioning Creditor filed in support of the involuntary petitions and the Motion to Appoint Trustee and are incorporated herein by reference.

4. The Alleged Debtors are Delaware corporations.

5. The Alleged Debtors host and produce obstacle course race events across the United States and internationally, selling tickets to race competitors and contracting with vendors and venue sponsors to hold the events.

---

[2] Pursuant to Local Rule 9013-1(f), the Petitioning Creditors hereby confirm their consent to entry of a final order by the Court in connection with this Motion to Shorten if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

6. As set forth in the Motion to Appoint Trustee, the Alleged Debtors entered into contracts with each of the Petitioning Creditors for obstacle course construction services. The Alleged Debtors are seriously delinquent on payment to the Petitioning Creditors.

7. Upon information and belief, in the months leading up to the Involuntary Petition Date, the Alleged Debtors' popularity declined and they experienced financial difficulties, resulting in increased debt, the inability to pay employees and vendors and infighting and litigation among the companies' co-founders.

8. The Alleged Debtors located and identified Spartan Race, Inc. ("Spartan"), a competitor, as a potential asset purchaser. In December 2019, Spartan announced the acquisition of an option on the Alleged Debtors' events in the United Kingdom, Canada and Germany. Additionally, upon information and belief, Spartan apparently had discussed terms with the Alleged Debtors for the acquisition of the Alleged Debtors' U.S.-based business. To date, a sale has not been consummated with Spartan or another party.

9. Based on press reports and an industry blog, and communications with the Alleged Debtors' employees and other creditors, the Petitioning Creditors understand that the Alleged Debtors have missed payroll, ceased certain operations and had an affiliate become the subject of an insolvency proceeding in Canada. Additionally, recent efforts of the Petitioning Creditors to communicate with management have gone unanswered.

10. As of the Involuntary Petition Date, the Petitioning Creditors have reason to believe that absent chapter 11 protection and the immediate appointment of a trustee, operations will cease, employees will leave, and the value of the entire enterprise will be lost. The Petitioning Creditors believe that current management of the Alleged Debtors has failed to preserve the value of the enterprise, leaving creditors to watch the business fall apart.

11. The Petitioning Creditors believe it is in the best interests of the Alleged Debtors' estates to appoint a trustee to pursue a sale or other strategy and oversee business operations during the "gap" period between the involuntary petition date and the date on which the order for relief is entered.

## RELIEF REQUESTED

12. By this Motion to Shorten, the Petitioning Creditors respectfully request that the Court enter an order (a) shortening notice pursuant to Local Rule 9006-1(e) with respect to the Motion to Appoint Trustee so that the relief requested therein can be heard as soon as possible to prevent an irreparable loss of the Alleged Debtors' enterprise value; (b) permitting parties to file and serve objections to the approval of the Motion to Appoint Trustee, up to the Objection Deadline to be established by the Court; (c) allowing the Motion to Appoint Trustee to be heard on an expedited basis at the Hearing set by the Court, and (d) granting such other and further relief to the Petitioning Creditors as the Court deems appropriate.

## BASIS FOR RELIEF REQUESTED

13. Bankruptcy Code section 105(a) provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Moreover, "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced."  Bankruptcy Rule 9006(c)(1).  The Local Rules authorize the Court to order that a motion be heard on less notice than is required by the Bankruptcy Rules, and provide that the Court may rule on a motion for the same "promptly without need for a hearing." Local Rule 9006-1(e).

14. Pursuant to Local Rule 9006-1(c), parties ordinarily must provide at least fourteen (14) days' notice of motions prior to the hearing date, with the deadline for objections to be no

later than seven (7) days before the hearing date. However, the Court may order that a motion be heard on less notice than required by the Local Rules upon "written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Local Rule 9006-1(e). No hearing on such a motion to shorten is required. *See id.*[3]

15. The Petitioning Creditors respectfully submit that the exigencies of this matter justify considering approval of the Motion to Appoint Trustee on an expedited basis. In the context of the present cases, an expedited hearing on the Motion to Appoint Trustee is necessary. Failure to obtain the Court's expedited consideration of the Motion to Appoint Trustee could result in a diminution of the Alleged Debtors' value as a going concern.

16. As indicated in the Motion to Appoint Trustee, the current management of the Alleged Debtors do not appear to be pursuing a sale or other strategy and appear content to allow the enterprise value of the business to disappear. Absent immediate action, the enterprise value of the Alleged Debtors will likely suffer irreparably harm.

17. With respect to Local Rule 9006-1(e), the undersigned counsel has not reached out to counsel for the Alleged Debtors to see if they oppose the relief requested herein because the undersigned does not know whether the Alleged Debtors even have counsel at this point and this Involuntary Proceeding has just commenced.

---

[3] Bankruptcy Rule 2001 also provides that: "At any time following the commencement of an involuntary liquidation case and before an order for relief, the court on written motion of a party in interest may order the appointment of an interim trustee under § 303(g) of the Code. The motion shall set forth the necessity for the appointment and may be granted only after hearing on notice to the debtor …."

5

**NOTICE AND NO PRIOR REQUEST**

18. Notice of this Motion will be given to (a) the Alleged Debtors; (b) the Office of the United States Trustee; and (c) all creditors that have requested notice under Fed. R. Bankr. P. 2002.

19. No prior request for the relief sought in this Motion to Shorten has been made to this Court or any other Court.

WHEREFORE, the Petitioning Creditors respectfully request that the Court grant the relief requested herein and such other and further relief as is just and proper.

| | |
|---|---|
| Dated: January 7, 2020 | ARCHER & GREINER, P.C. |
| | |
| | By: */s/ David W. Carickhoff* |
| | David W. Carickhoff (No. 3715) |
| | 300 Delaware Ave., Suite 1100 |
| | Wilmington, Delaware 19801 |
| | Telephone: (302) 777-4350 |
| | Facsimile: (302) 777-4352 |
| | Email: dcarickhoff@archerlaw.com |
| | |
| | - and - |
| | |
| | Allen G. Kadish |
| | 630 Third Avenue |
| | New York, New York 10017 |
| | Telephone: (212) 682-4940 |
| | Email: akadish@archerlaw.com |
| | |
| | *Attorneys for Petitioning Creditors* |

217828522v3