**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>TOUGH MUDDER INCORPORATED and TOUGH MUDDER EVENT PRODUCTION INCORPORATED,<br><br>Alleged Debtors. | Chapter 11<br>Case No. 20-10036 (CSS)<br>Case No. 20-10037 (CSS)<br><br>Re: D.I. 3 |

**STATEMENT OF SPARTAN RACE, INC. IN SUPPORT OF EMERGENCY MOTION OF PETITIONING CREDITORS TO APPOINT A CHAPTER 11 TRUSTEE**

Spartan Race, Inc. ("Spartan"), a creditor and party in interest in the above captioned involuntary chapter 11 case filed by petitioning creditors, Valley Builders LLC, Trademarc Associates Inc., and David Watkins Homes Inc. (collectively, the "Petitioning Creditors"), submits this statement in support (this "Statement") of the Petitioning Creditors' *Emergency Motion of Petitioning Creditors to Appoint a Chapter 11 Trustee* [D.I. 3] (the "Motion") seeking the emergency appointment of a chapter 11 trustee for Tough Mudder Incorporated ("Tough Mudder") and Tough Mudder Event Production Incorporated ("Tough Mudder Events"), the alleged debtors (together, the "Alleged Debtors"), pursuant to sections 303(g) and 1104(a) of title 11 of the United States Code (the "Bankruptcy Code"). In support of this Statement, Spartan states as follows[1]:

**Preliminary Statement**

Spartan is a world leader in endurance obstacle course challenges, annually hosting more than 250 events across more than 40 countries. Upon information and belief, Tough Mudder engaged investment banking firm, Imperial Capital, to broker a sale or other strategic transaction for Tough Mudder's businesses. Spartan participated in this process and in September 2019, Tough

---

[1] Pursuant to Del. Bankr. L.R. 9013-1(h), Spartan consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution

Mudder identified Spartan as its preferred buyer of the Tough Mudder business. After extensive and arm's length negotiations, Spartan entered into a letter of intent with Tough Mudder on November 29, 2019 (the "LOI"). As is customary, the LOI outlined a framework for a potential asset sale transaction and the parties agreed to work in good faith towards definitive transaction agreements. Three essential components of the LOI included: (i) a sixty (60) day exclusive period for Spartan to negotiate and sign definitive transaction agreements (*i.e.*, through January 29, 2020) (the "Sale Exclusive Period"); and (ii) requirement for Tough Mudder's co-founders and Active Network, LLC ("Active") to participate in a mediation and resolve their intercompany disputes on or before December 10, 2019 (the "Binding Intercompany Settlement"). While most of the LOI is non-binding, the Sale Exclusive Period and Binding Intercompany Settlement provisions remain binding, even after termination of the LOI.[2]

From an after the execution of the LOI, Spartan worked in good faith towards definitive agreements, including preparing a draft asset purchase agreement. While Spartan was aware that various intercompany disputes existed between Tough Mudder's co-founders and its lender, Spartan was hopeful the parties could sufficiently resolve their intercompany disputes to enable Tough Mudder to consummate its proposed transaction pursuant to the LOI. Upon information and belief, the co-founders and Active did not participate in mediation or otherwise agree on a Binding Intercompany Settlement. It appears to Spartan that the intercompany disputes have now rendered Tough Mudder incapable of continuing operations. Tough Mudder has essentially gone dark and ceased its regular day to day operations. In addition, Tough Mudder has failed to engage with Spartan to prepare the definitive agreements. As a result, Tough Mudder has breached the requirement to timely deliver the Binding Intercompany Settlement and the Sale Exclusive Period

---

[2] Spartan has determined that Tough Mudder breached its obligations under the LOI and has damaged Spartan. The LOI is not attached to this Statement due to confidentiality, but would be shared with any chapter 11 trustee or submitted under seal at the request of the Court.

for its failure to engage in good faith negotiations towards definitive agreements and caused Spartan damages.

Spartan is frustrated that Tough Mudder abruptly stopped negotiations towards a sale transaction consistent with the LOI, and is very concerned that the value of the Alleged Debtors' global business is quickly evaporating. While Spartan is also concerned about the negative impact on value that may result from a contested involuntary chapter 11 petition, it appears there may be no alternative for Tough Mudder. Notwithstanding these significant concerns, Spartan remains interested in certain Tough Mudder assets, and would be willing to consummate a transaction through a bankruptcy court proceeding, subject to limited diligence, reaching definitive agreements, and entry of an acceptable sale order to consummate the transaction.  At this juncture, it appears that the best alternative for Tough Mudder is the appointment of a chapter 11 trustee as it will allow Tough Mudder to maximize value for the benefit of all stakeholders through an immediate sale of the Alleged Debtors' assets.

### The Relief Requested in the Motion Should be Granted

1.  On January 7, 2020 (the "Involuntary Petition Date"), the Petitioning Creditors filed an involuntary petition under chapter 11 of the Bankruptcy Code against each Alleged Debtor.

2.  Prior to the Involuntary Petition Date, the Alleged Debtors and Spartan had been in extensive negotiations to acquire substantially all of their business in the US, as well as Tough Mudder's business in the United Kingdom ("UK"), Germany and Canada, through a series of transactions.  As the Petitioning Creditors noted in the Motion, on December 23, 2019, the UK affiliate of Spartan entered into an option agreement to acquire the Alleged Debtors' affiliate businesses in the UK, Germany[3], and Canada (the "UK/Canada Option Agreement").  Given the

---

[3] Upon information and belief, the Alleged Debtors' UK affiliate is the sole shareholder of the Tough Mudder German affiliate.

95238112v.2

acknowledged financial distress of these Tough Mudder affiliates, it was anticipated that any transaction may need to be consummated through an insolvency administration in the UK and/or in Canada.

3. Shortly after signing the UK/Canada Option Agreement, on December 30, 2019, a *Notice of Intention to Make a Proposal* under subjection 50.4(1) of the Bankruptcy and Insolvency Act of Canada was filed, resulting in an automatic stay of all proceedings in Canada. A true and accurate copy of the *Certificate of Filing of a Notice of Intention to Make a Proposal* is attached hereto as **Exhibit A**. Thus, any future sale of the Canadian business will now require the involvement of the Canadian insolvency trustee.

4. In addition to the collapse of the Canadian entity, there is an apparent impasse with the UK entity. After the execution of the UK/Canada Option Agreement, Tough Mudder appointed its majority shareholder, William Dean, as the new director for the UK affiliate entity and the prior director that authorized the UK/Canada Option Agreement was removed. Since that time in late December 2019, the UK entity has not been in regular operations and has taken no actions with respect to the UK/Canada Option Agreement. The existing UK director does not appear to be acting in the best interests of the UK company's creditors. There is a potential that the UK entity will soon be in a formal administration under English insolvency law.

5. The involuntary petition filed the Petitioning Creditors is the latest creditor action against Tough Mudder. Given the apparent global collapse of the Tough Mudder business, a fast and efficient sale of the Alleged Debtors' assets may be the only opportunity for the creditors to recover from Tough Mudder and to salvage the remaining business operations. Because existing management of the Alleged Debtors has failed to productively engage with Spartan on the LOI and the UK/Canada Option Agreement, the appointment of a chapter 11 trustee appears appropriate to maximizing value.

95238112v.2

6.  There is significant risk that the value of the Alleged Debtors will evaporate if a sale is not consummated in the near term. Upon appointment of a chapter 11 trustee, Spartan would immediately engage with the trustee to discuss the terms and conditions of the previously negotiated LOI and the framework for a potential section 363 sale. Such potential sale to Spartan may allow previously scheduled Tough Mudder events for the 2020 season to occur, thereby preserving many jobs and providing a return to the Alleged Debtors' creditors. However, each day that passes impairs value to the Tough Mudder business. The longer the Tough Mudder businesses are not operating, the less return there will be creditors. Spartan supports the relief requested in the Motion because its interest in Tough Mudder's business is contingent on swift action and an efficient sale process to maximize the remaining value of the Alleged Debtors' assets.

WHEREFORE, Spartan requests this Court to allow the Motion and grant such other and further relief as is just.

Dated: January 9, 2020

Respectfully submitted,

/s/ *Christopher S. Loizides*
Christopher S. Loizides (No. 3968)
LOIZIDES, P.A.
1225 King Street, Suite 800
Wilmington, DE 19801
Tel: 302-654-0248
E-mail: loizides@loizides.com

OF COUNSEL

Adrienne K. Walker (*pro hac vice* forthcoming)

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, Massachusetts 02111
Tel:  617-542-6000
Fax:  617-542-2241
E-mail: awalker@mintz.com

*Counsel to Spartan Race, Inc.*