# Exhibit A

## Sale Order

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>TOUGH MUDDER INCORPORATED and TOUGH MUDDER EVENT PRODUCTION INCORPORATED,<br><br>Debtors. | Chapter 11<br>Case No. 20-10036 (CSS)<br>Case No. 20-10037 (CSS)<br><br>Re: D.I. ____ |

**ORDER (I) APPROVING THE ASSET PURCHASE AGREEMENT BY AND AMONG SPARTAN RACE, INC., AND DEBTORS' CHAPTER 11 TRUSTEE, (II) AUTHORIZING THE PRIVATE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, (III) APPROVING THE ASSUMPTION AND ASSIGNMENT OF ASSUMED EVENTS AND CONTRACTS, AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[1] of Derek C. Abbott, in his capacity as the duly appointed Chapter 11 Trustee (the "Trustee") for Tough Mudder Inc. ("Tough Mudder"), and Tough Mudder Event Production Incorporated (together, the "Debtors"), for entry of an order (this "Order") (i) approving that certain Asset Purchase Agreement, dated as of February 7, 2020, by and among Spartan Race, Inc. or its designee ("Buyer") and the Trustee for the benefit of the Debtors, attached hereto as **Exhibit A** and incorporated herein by reference (the "Sale Agreement"); (ii) authorizing and approving the sale of the Acquired Assets to Buyer, free and clear of all Encumbrances, (iii) approving the assumption and assignment of the Assumed Events and Contracts to the Buyer in connection with the Sale and related procedures provided in the Motion; (iv) approving certain Bid Protections; and (v) granting related relief, all as more fully set forth in the Motion; and the Court having held the Sale Hearing on February ___, 2020, and the Court having determined that the relief requested in the Motion is in the best interest of the

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion or the Sale Agreement.

Debtors' estates, the Debtors' creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause having been shown for the relief requested; and adequate notice having been given under the circumstances;

NOW, upon the Motion, the related documents, the record created and the statements of counsel advanced at the Sale Hearing,

THE COURT HEREBY FINDS THAT:

A. The Court has jurisdiction to hear and determine the Motion pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a) and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O). Venue is proper in this district and in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B. This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), and to any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Order, and expressly directs entry of judgment as set forth herein.

C. The findings of fact and conclusions of law set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

D. The Trustee is duly authorized to sell or otherwise transfer the Debtors' assets in these bankruptcy cases. The Trustee has demonstrated good, sufficient, and sound business purposes and justification for approval of the Motion and the approval of and entry into the Sale

Agreement and any ancillary agreements thereto, and the sale to Buyer pursuant to the Sale Agreement (the "Sale") (i) is the result of due deliberation by the Trustee and constitutes a sound and reasonable exercise of the Trustee's business judgment consistent with his duties; (ii) provides value and is beneficial to the Debtors' estates, and is in the best interests of the Debtors, their estates and their stakeholders; and (iii) is reasonable and appropriate under the circumstances.  Business justifications for entry into the Sale and the Sale Agreement include, without limitation, (a) the Sale Agreement constitutes the highest or otherwise best offer received for the Acquired Assets; (b) the Sale Agreement presents the best opportunity to maximize the value of the Acquired Assets and to avoid decline and devaluation as a result of delay or liquidation; (c) failure to consummate the Sale expeditiously, as provided under the Sale Agreement, could materially diminish creditor recoveries or the prospect of creditor recoveries; and (d) the immediate consummation of the Sale is necessary to maximize the value of the Debtors' estates.. Given the Debtors' prior marketing of the Acquired Assets by Imperial Capital and the significant threat of immediate wasting of the Acquired Assets, the Sale contemplated pursuant to the Sale Agreement presents the best opportunity to maximize value of the Debtors' assets and will provide a greater recovery for the Debtors' estates and their creditors than would be provided through any presently available alternative.

E.     The Trustee, the Buyer, and their respective counsel and other advisors have negotiated and entered into the Sale Agreement and each of the transactions contemplated thereby, including the payment of the Bid Protections payable only if an Alternative Transaction closes, in good faith, without collusion and from arm's-length bargaining positions.  The Trustee was free to deal with any other party interested in acquiring all or some of the Acquired Assets. The sale process engaged in by the Trustee and the negotiation of the Sale Agreement with the

3

Buyer was at arm's length, non-collusive, in good faith, and substantively and procedurally fair to all parties. Neither the Debtors, the Trustee nor the Buyer has engaged in any conduct that would cause or permit the Sale Agreement or the Sale contemplated thereby to be avoided, or costs or damages to be imposed, under section 363(n) of the Bankruptcy Code. The Buyer is a good-faith purchaser and is acting in good faith within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections afforded thereby.

F. The conditions of section 363(f) of the Bankruptcy Code have been satisfied with respect to any and all persons or entities, if any, asserting any lien, pledge, security interest, charge, option, claim, encumbrance, or other interest of any nature or extent (each, an "<u>Interest</u>") on the Debtors' assets. Those holders of Interests who did not object to the Motion, who withdrew their objections to the Motion, or whose objections are otherwise resolved by this Order, are deemed to have consented to the relief sought in the Motion pursuant to section 363(f)(2) of the Bankruptcy Code.

G. The Trustee has given due and proper notice of the Sale contemplated by the Motion to all parties required to receive notice, in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of this Court. The form, scope and manner of notice and service were proper, timely, adequate, and sufficient in accordance with sections 105, 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6007, and 9014. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to creditors, Non-Debtor Counterparties, and interested parties.

H. In order to maximize the value of the Debtors' assets, it is essential that the Sale occur on an expedited basis. Accordingly, the Court finds that there is cause to waive and/or

vacate the stays imposed by Bankruptcy Rules 6004(h) and 6006(d), and such stays are hereby vacated and shall have no application to the relief afforded by this Order.

        I.        The Buyer is not an "insider" of the Debtors, as that term is defined in section 101(31) of the Bankruptcy Code.

        J.        The Sale Agreement was not entered into for the purpose of hindering, delaying, or defrauding creditors under the Bankruptcy Code or under the laws of the United States or any state (including, without limitation, the Uniform Fraudulent Conveyance Act and the Uniform Fraudulent Transfer Act). The consideration provided by the Buyer pursuant to the Sale Agreement is fair and adequate and constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States or any state (including, without limitation, the Uniform Fraudulent Conveyance Act and the Uniform Fraudulent Transfer Act).

        K.        The Buyer is not a successor to either of the Debtors or their estates by reason of any theory of law or equity, and neither the Buyer nor any of its affiliates shall assume or in any way be responsible for any liability or obligation of the Debtors or their respective estates, except as otherwise expressly provided in the Sale Agreement. Upon the closing of the Sale, the Buyer shall not be deemed to (i) be the successor of or successor employer to the Debtors and, to the extent any of the Debtors' prior employees become employees of the Buyer, then the Buyer shall instead be, and be deemed to be, a new employer with respect to any and all federal or state laws, including unemployment laws; (iii) have, *de facto*, or otherwise, merged or consolidated with or into the Debtors; (iv) be a mere continuation or substantial continuation of the Debtors or the enterprise(s) of the Debtors; or (v) be liable for any acts or omissions of the Debtors in the conduct of their business or arising under or related to the Acquired Assets other than Assumed

Liabilities. Without limiting the generality of the foregoing, and except as otherwise provided in the Sale Agreement, the parties intend that Buyer shall have no successor or vicarious liability of any kind or character whatsoever, whether known or unknown as of the closing of the Sale, whether now existing or hereafter arising, whether asserted or unasserted, or whether fixed or contingent, with respect to the Debtors' business, the Acquired Assets, or any and all pledges, options, charges, liabilities, liens, claims, encumbrances, or Interests (other than the Assumed Liabilities) of the Debtors arising prior to the closing of the Sale.  The Buyer would not have acquired the Acquired Assets but for the foregoing protections against potential claims based upon "successor liability" theories.

L.    The Trustee and the Buyer have full corporate power and authority to execute and deliver the Sale Agreement and all other documents contemplated thereby, and no further consents or approvals are required for the Trustee or the Buyer to consummate the transactions contemplated by the Sale Agreement, except as otherwise set forth in the Sale Agreement.

M.    The Trustee has met all requirements of section 365(b) of the Bankruptcy Code with respect to the assumption and assignment of each of the Assumed Events and Contracts. The Trustee and Buyer have provided adequate assurance (within the meaning of section 365(b)(1) of the Bankruptcy Code) of cure of any default existing under any of the Assumed Events and Contracts on or before the Closing Date.  The assumption and assignment of the Assumed Events and Contracts pursuant to the terms of the Sale Agreement is in the best interests of the Debtors and their estates, creditors, interest holders and other parties in interest, and represents the reasonable exercise of sound and prudent business judgment by the Trustee. As of the closing, each Assumed Event and Contract will be in full force and effect against the non-Debtor party thereto in accordance with the terms of such Assumed Event or Contract.  The

Buyer has demonstrated adequate assurance of future performance of and under the Assumed Events and Contracts within the meaning of sections 365(b)(1)(C), 365(f)(2)(B) and 365(b)(3) (to the extent applicable) of the Bankruptcy Code.

N. To maximize the value of the Debtors' assets, it is essential that the Sale of the Acquired Assets occur within the time constraints set forth in the Sale Agreement. The consummation of the Sale is necessary both to preserve and maximize the value of the Debtors' assets for the benefit of the Debtors, their estates, their creditors, interest holders and all other parties in interest in the Chapter 11 Cases, and to provide the means for the Debtors to maximize creditor recoveries.

O. The consummation of the Sale is legal, valid and properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, sections 105(a), 363 and 365, and all of the applicable requirements of such sections have been complied with in respect of the Sale.

P. The Debtors' published policy in connection with offering products or services does not prohibit the transfer of personally identifiable information and therefore, the sale of the Acquired Assets may be approved pursuant to section 363(b)(1) of the Bankruptcy Code without the appointment of a consumer privacy ombudsman, as defined in section 332 of the Bankruptcy Code.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is hereby granted, and the proposed sale of Acquired Assets and assumption and assignment of the Assumed Events and Contracts to the Buyer upon the terms and conditions set forth in the Sale Agreement is hereby approved in all respects.

2. All objections with regard to the relief sought in the Motion that have not been withdrawn, waived, or settled, are hereby overruled on the merits.

3. The Asset Purchase Agreement and all transactions contemplated thereby, including the payment of the Bid Protections to the extent an Alternative Transaction closes, are hereby approved in all respects.

4. Pursuant to sections 105 and 363(f) of the Bankruptcy Code, upon consummation of the Sale, the Acquired Assets shall be transferred to Buyer. Upon such transfer, the Buyer shall be vested with all right, title and interest of the Debtors in and to the Acquired Assets free and clear of any and all Encumbrances, which Encumbrances, if any, shall attach to the proceeds of the Sale, with the same validity, extent, and priority, and subject to the same defenses (including, without limitation, any defenses under chapter 5 of the Bankruptcy Code), as had attached to such asset immediately prior to the sale.

5. The Trustee is hereby authorized to enter into and perform his obligations under the Sale Agreement, and to take such other actions as may be necessary or desirable to effectuate the terms of the Sale Agreement and other instruments or documents that may be reasonably necessary or desirable to implement and effectuate the terms of the Sale Agreement, the Sale or this Order, including, without limitation, deeds, assignments, stock powers, transfers of membership interests and any other instruments of transfer, without further order of the Court. The Trustee is hereby further authorized to take all other actions as may reasonably be requested by the Buyer or otherwise for the purpose of assigning, transferring, granting, conveying and conferring to the Buyer, or reducing to the Buyer's possession any or all of the Acquired Assets, including the Assumed Events and Contracts, as may be necessary or appropriate for the Trustee

8

to perform his obligations under the Sale Agreement and consummate the Sale, without further order of the Court.

6. The automatic stay imposed under section 362 is modified solely to the extent necessary to implement the Sale Agreement.

7. This Order is and shall be effective as a determination that all claims, Encumbrances, Liabilities and interests shall be, and are, without further action by any person or entity, released with respect to the Acquired Assets, the Assumed Contracts, or Assumed Events as of the Closing Date.

8. Under sections 105(a), 363 and 365 of the Bankruptcy Code, and subject to and conditioned upon the closing of the Sale, the Trustee's assumption and assignment of the Assumed Events and Contracts to the Buyer free and clear of all liens pursuant to the procedures set forth in the Motion and the terms of the Sale Agreement, as modified by the terms of any amendments reached by the Buyer and the respective Non-Debtor Counterparty, is hereby approved, and the requirements of sections 365(b)(1), 365(f)(2) and 365(b)(3) (to the extent applicable) of the Bankruptcy Code with respect thereto are hereby deemed satisfied. Upon the Trustee's assumption and assignment of the Assumed Events and Contracts to the Buyer, each applicable Non-Debtor Counterparty shall be forever barred, estopped and permanently enjoined from raising or asserting against the Debtors, the Trustee, the Buyer or their respective property, any assignment fee, default, breach, claim, pecuniary loss, liability or obligation (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, known or unknown, liquidated or unliquidated senior or subordinate), counterclaim, defense, setoff or any other matter arising under or out of, in connection with or in any way related to, the Assumed Events and Contracts existing as of the Closing Date or arising by reason of the

Closing. Upon the Trustee's assumption and assignment of the Assumed Events and Contracts to the Buyer, the Buyer shall be fully and irrevocably vested with all right, tile and interest of the Debtors in and to the Assumed Events and Contracts and, pursuant to section 365(k) of the Bankruptcy Code, the Debtors and the Trustee shall be relieved from any further liability with respect to the Assumed Events and Contracts. The Trustee's assumption and assignment of the Assumed Events and Contracts to the Buyer shall not constitute a default under or a termination of any Assumed Event or Contract.

9. The Buyer has provided adequate assurance of future performance under the Assumed Events and Contracts within the meaning of sections 365(b)(1)(C), 365(f)(2)(B) and 365(b)(3) (to the extent applicable) of the Bankruptcy Code. The payment of the applicable Cure Amounts, if any, by the Buyer as required by the Sale Agreement shall (a) effect a cure of all defaults existing thereunder as of the Closing Date, (b) compensate for any actual pecuniary loss to such Non-Debtor Counterparty resulting from such default, and (c) together with the assignment by the Trustee to and the assumption of the Assumed Events and Contracts by the Buyer, constitute adequate assurance of future performance thereof. The requirements of sections 365(b)(1) and 365(f)(2) of the Bankruptcy Code are hereby deemed satisfied with respect to the Assumed Events and Contracts. Upon the payment of the applicable Cure Amount, if any, by the Buyer, the Assumed Contracts will remain in full force and effect, and no default shall exist under the Assumed Contracts nor shall there exist any event or condition which, with the passage of time or giving of notice, or both, would constitute such a default.

10. Any provision in any Assumed Event or Contract that prohibits or conditions the assignment of such Assumed Event or Contract or allows the party to such Assumed Event or Contract to terminate, recapture, impose any penalty, condition on renewal or extension or

modify any term or condition upon the assignment of such Assumed Event or Contract, constitute unenforceable anti-assignment provisions that are void and of no force and effect. All other requirements and conditions under sections 363 and 365 of the Bankruptcy Code for the assumption by the Trustee and assignment to the Buyer of the Assumed Events and Contracts have been satisfied. Upon the closing, in accordance with sections 363 and 365 of the Bankruptcy Code, the Buyer shall be fully and irrevocably vested with all right, title and interest of the Debtors under the Assumed Events and Contracts.

11. All Non-Debtor Counterparties to Assumed Events and Contracts assigned to the Buyer in accordance with the terms of this Order and the Sale Agreement shall cooperate with, and execute and deliver upon, any reasonable request of the Buyer for any instruments, applications, consents or other documents that may be required or requested by any governmental unit or other public or quasi-public authority or other party to effectuate the applicable transfers in connection with the Trustee's assumption and assignment of the Assumed Events and Contracts to the Purchaser.

12. The findings of fact set forth above and conclusions of law set forth herein shall constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014, and the fact that the findings of fact and conclusions of law set forth herein are not in a separate document shall not affect the relief granted herein, this Order's binding effect, or the right of any party to appeal this Order or the time within which an appeal may be taken. To the extent any findings of fact constitute conclusions of law, they are adopted as such. To the extent any conclusions of law constitute findings of fact, they are adopted as such.

13. Except as expressly permitted by this Order, or as expressly assumed pursuant to the Sale Agreement, all persons and entities, including, but not limited to, all debt security holders, equity security holders, governmental, tax and regulatory authorities, parties to executory contracts, customers, lenders, trade and other creditors, holding or asserting any claim of any kind or nature with respect to, arising under or out of, in connection with, or in any way relating to, the Debtors, any asset sold pursuant to this Order, the operation of the Debtors' business, shall be, and hereby are forever barred, estopped and permanently enjoined from asserting such claim against the Buyer, its successors and assigns, or the Acquired Assets. The entry of this Order and consequent approval of the Sale Agreement shall mean that Buyer shall not be deemed to (i) be the successor of (under any state, territorial, or federal law) or successor employer to the Debtors and shall instead be, and be deemed to be, a new employer with respect to any and all federal or state unemployment laws; (iii) have, *de facto*, or otherwise, merged or consolidated with or into the Debtors; (iv) be a mere continuation or substantial continuation of the Debtors or the enterprise(s) of the Debtors; or (v) be liable for any acts or omissions of the Debtors in the conduct of their business or arising under or related to the Acquired Assets other than as set forth in the Sale Agreement and this Order. Without limiting the generality of the foregoing, the Buyer shall not be liable for any liability (other than the Assumed Liabilities) against any Debtor, or any of its predecessors or affiliates, and Buyer shall have no successor or vicarious liability of any kind or character whatsoever with respect to the Acquired Assets. Buyer would not have acquired the Acquired Assets but for the foregoing protections against potential claims based upon "successor liability" theories.

14. This Order shall be binding upon and shall govern the acts of all entities, including without limitation all filing agents, filing officers, title agents, title companies,

recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to certify, report or insure any title or state of title in or to any of the Acquired Assets. Each and every federal, state, and local governmental agency or department is hereby authorized to accept for filing and/or recording, and approve as necessary, any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Sale Agreement.

15. The Trustee and the Buyer entered into the Sale Agreement in good faith, and Buyer is a good faith buyer as that term is used in section 363(m) of the Bankruptcy Code. The Buyer is entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code. Accordingly, the reversal or modification of the authorization provided herein to consummate the transactions contemplated herein shall not affect the validity of the Sale to Buyer, unless such authorization is duly stayed.

16. The consideration to be provided by Buyer for the Acquired Assets and the Assumed Events and Contracts under the Sale Agreement, including the assumption of the Assumed Liabilities, is fair and reasonable for such assets, and constitutes "value" for the purposes of section 363(m) of the Bankruptcy Code, and the Sale may not be avoided under section 363(n) of the Bankruptcy Code.

17. Nothing contained in any order of any type or kind entered in (i) these Chapter 11 Cases, (ii) any subsequent chapter 7 case into which any such Chapter 11 Case may be

converted, or (iii) any related proceeding subsequent to entry of this Order, shall conflict with or derogate from the provisions of the Sale Agreement or the terms of this Order.

18. No bulk sales law, or similar law of any state or other jurisdiction shall apply in any way to the transactions contemplated by the Sale Agreement or this Order.

19. The failure specifically to include any particular provision of the Sale Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Sale Agreement be authorized and approved in its entirety.

20. The Sale Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the Parties and in accordance with the terms thereof, without further order of the Court.

21. The provisions of Bankruptcy Rules 6004(h) and 6006(d) staying the effectiveness of this Order, to the extent applicable, are hereby waived and this Order shall be effective, and the parties may consummate the transactions contemplated by the Motion, immediately upon entry.

22. This Court shall retain jurisdiction with respect to any matters related to or arising under this Order.

23. This Order constitutes a final order for purposes of Bankruptcy Rules 5003 and 9021.

Dated: _____, 2020
       Wilmington, Delaware

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
CHIEF UNITED STATES BANKRUPTCY JUDGE