## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| | ) | |
| In re | ) | Chapter 11 |
| | ) | |
| TOUGH MUDDER INCORPORATED; and | ) | Case No. 20-10036 (CSS) |
| TOUGH MUDDER EVENT PRODUCTION | ) | Case No. 20-10037 (CSS) |
| INCORPORATED, | ) | |
| | ) | **Re: D.I. 30** |
| Debtors. | ) | |
| | ) | |

**MOTION FOR AN ORDER SHORTENING NOTICE AND OBJECTION
PERIODS AND LIMITING NOTICE FOR THE CHAPTER 11 TRUSTEE'S
MOTION FOR ENTRY OF AN ORDER (I) APPROVING ENTRY INTO AND
PERFORMANCE UNDER ASSET PURCHASE AGREEMENT BY AND AMONG
SPARTAN RACE, INC., AND DEBTORS' CHAPTER 11 TRUSTEE, (II)
AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS'
ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND
INTERESTS, (III) APPROVING THE ASSUMPTION AND ASSIGNMENT OF
CERTAIN CONTRACTS AND RELATED PROCEDURES, (IV) APPROVING
THE BID PROTECTIONS, AND (V) GRANTING RELATED RELIEF**

Derek C. Abbott, Esq., the chapter 11 Trustee (the "Trustee") for Tough Mudder Inc.

("Tough Mudder") and Tough Mudder Event Production Inc. ("TM Events" and, together with

Tough Mudder, the "Debtors") hereby respectfully moves (the "Motion to Shorten") as follows:

### RELIEF REQUESTED

1.      Pursuant to sections 102 and 105 of title 11 of the United States Code (the

"Bankruptcy Code"), rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), and rule 9006-1 of the Local Rules of Bankruptcy Practice and Procedure of the United

States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Trustee seeks entry of

an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order" and, if

entered, the "Order"), (a) shortening notice with respect to the *Chapter 11 Trustee's Motion for*

*Entry of an Order (I) Approving Entry Into and Performance Under Asset Purchase Agreement by*

*and Among Spartan Race, Inc., and Debtors' Chapter 11 Trustee, (II) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Approving the Assumption and Assignment of Certain Contracts and Related Procedures, (IV) Approving the Bid Protections, and (V) Granting Related Relief* (the "Sale Motion"),[1] (b) scheduling the Sale Motion to be heard on February 25, 2020, at 1:00 p.m. (EST), (c) setting an objection deadline for the Sale Motion as February 20, 2020 at 4:00 p.m. (EST), which is 13 days from the filing of this Motion to Shorten and the Sale Motion, (d) limiting notice with respect to the Sale Motion, and (e) granting related relief.

### AVERMENT PURSUANT TO LOCAL RULE 9006-1(E)

2.      In accordance with Local Rule 9006-1(e), the Trustee's undersigned counsel avers that the United States Trustee for the District of Delaware (the "U.S. Trustee") was notified of the Trustee's intent to request that the Sale Motion be heard on shortened notice as described herein, and the U.S. Trustee does not object such relief.  Moreover, the Debtors' largest unsecured creditor, Active Networks, LLC ("Active"), and the Petitioning Creditors (as defined below) support shortening the notice on the Sale Motion.  No statutory committees have been appointed in these cases, and the Debtors do not have any secured creditors nor is there a debtor-in-possession financing lender in these cases.

### JURISDICTION AND VENUE

3.      The Court has jurisdiction over this Motion to Shorten pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

---

[1]      Capitalized terms not otherwise defined herein are used as in the Sale Motion.

4.      This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and, pursuant to Local Rule 9013-1(f), the Trustee consents to the entry of a final order by the Court in connection with this Motion to Shorten to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

5.      Venue of the Chapter 11 Cases and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## PROCEDURAL BACKGROUND

6.      On January 7, 2020 (the "Petition Date"), Valley Builders LLC, Trademarc Associates, Inc., and David Watkins Homes Inc. (collectively, the "Petitioning Creditors") filed involuntary petitions under chapter 11 of the Bankruptcy Code against Tough Mudder and TM Events.

7.      On January 21, 2020, the Court entered the *Order Directing the Appointment of a Chapter 11 Trustee* [D.I. 18].[2]   The Court entered an order approving the appointment of the Trustee on January 30, 2020 [D.I. 24] (the "Appointment Date"), and the Trustee accepted his appointment on January 31, 2020 [D.I. 25].  Since that time, the Trustee has managed the Debtors' affairs pursuant to section 1106 of the Bankruptcy Code.

## FACTUAL BACKGROUND RELEVANT TO THIS MOTION

8.      As discussed in the Sale Motion, Tough Mudder develops and hosts, either directly or through its subsidiaries, endurance event series in which participants compete in various obstacle course races around the world.  Sale Motion, Ex. C ¶ 11.  Tough Mudder primarily

---

[2]      Docket item references in this Motion to Shorten are to the docket maintained in the chapter 11 case of *Tough Mudder, Inc.*, Case No. 20-10036 (CSS).  No order of joint administration has been requested or entered in these cases to date.

generates revenue through ticket sales and advertising. *Id.* Over the last two years, approximately 700,000 people participated in over 170 events around the world hosted by the TM Group. *Id.* ¶ 11.

9.      Prior to the Petition Date, in the latter half of 2019, Tough Mudder's board of directors and management team ("Management") identified that Tough Mudder was financially distressed and needed to restructure its debt obligations, which it could no longer service in the ordinary course with the cash flow generated from the business. *Id.* ¶ 12. Management sought to refinance, recapitalize, or otherwise sell Tough Mudder on an expedited basis in an effort to preserve Tough Mudder's business and restructure its debt. *Id.* Management believed that if a transaction to save the Tough Mudder's business as a going concern was not executed by the end of 2019, Tough Mudder, and TM Group as a whole, might have to cease operations, to the detriment of stakeholders generally. *Id.*

10.     Tough Mudder retained Imperial Capital, LLC ("Imperial"), an investment bank headquartered in Los Angeles, California, to assist in running a sale and investor solicitation process (the "SISP") whereby offers were solicited for the sale of the TM Group and, concurrently, strategic investors were sought to provide Tough Mudder with sufficient liquidity to continue as a going concern and realize its long-term business goals. *Id.* ¶ 13.

11.     As a result of the SISP, the Buyer expressed interest in acquiring all or substantially all of the assets of the TM Group. *Id.* ¶ 14. Tough Mudder identified the Buyer, a sophisticated party and a competitor operating within the same industry, as its preferred purchaser and, with the approval of Management and after extensive arm's-length negotiations, entered into a letter of intent (the "LOI") with the Buyer on November 29, 2019. *Id.* The LOI outlined terms for a potential sale transaction whereby the Buyer would acquire all or substantially all of the TM Group's

assets and assume certain of the TM Group's liabilities with a view toward continuing to operate Tough Mudder's business as a going concern (the "Proposed Prepetition Transaction").  *Id.*

12.    Believing the Proposed Prepetition Transaction to be in the best interests of the TM Group and its stakeholders generally, Management sought to finalize a definitive agreement with the Buyer.  *Id.* ¶ 15.  Apparently, however, Will Dean ("Dean"), Tough Mudder's co-founder, director, and majority shareholder, and Guy Livingstone ("Livingstone"), Tough Mudder's other co-founder and another major shareholder, sought multi-million dollar payments from the Debtors' ticket sales platform, Active Networks LLC, for their equity position in Tough Mudder in connection with the Proposed Prepetition Transaction.  *Id.*  The Debtors, Dean, and Livingstone could not reach an agreement with regard to the payments, and the Proposed Prepetition Transaction did not take place.  *Id.*

13.    In the wake of the Proposed Prepetition Transaction not going forward, the Buyer sought to acquire all or substantially all of the assets of certain Tough Mudder subsidiaries through an alternative transaction.  *Id.* ¶ 16.  On December 23, 2019, Spartan Race Holdings, Inc. ("Spartan Race"), an affiliate of the Buyer, entered into an agreement (the "Call Option Deed") with Tough Mudder Events Ltd., Tough Mudder Ltd. and Tough Mudder GmbH (together, the "TM Subsidiaries"), wherein Spartan Race acquired the option to purchase all or substantially all of the TM Subsidiaries' assets, subject to the terms and conditions of the underlying Business Transfer Agreements (appended to the Call Option Deed) in respect of each TM Subsidiary.  *Id.*  The transactions contemplated by the Call Option Deed were intended to be consummated in Canada and the United Kingdom through certain administrative proceedings.  *Id.*  But shortly after the execution of the Call Option Deed, Dean appointed himself sole director of Tough Mudder Ltd. and all further action contemplated by the Call Option Deed stalled.  *Id.*

14.    In the wake of the failed Proposed Prepetition Transaction and Call Option Deed, the TM Group was at a global standstill.  *Id.* ¶ 17.  The TM Group ceased operating and selling tickets in the midst of a severe liquidity crisis.  *Id.*  The TM Group could no longer afford to pay its employees.  *Id.*  As a result, on December 20, 2019, all activity in the Debtors' headquarters effectively ceased.  *Id.*  Subsequently, the Petitioning Creditors filed the involuntary petitions commencing these Chapter 11 Cases.

15.    At or about the time of the Appointment Date, the Trustee received a term sheet from the Buyer proposing the Sale, by which the Buyer would acquire substantially all of the Debtors' assets through a section 363 sale.  After good faith and arm's-length negotiations, the Parties entered into the Sale Agreement on February 7, 2020.

16.    The Debtors are no longer operating and cannot meet their commitments to customers who registered for races, unless their assets are sold and the events and contracts are assumed immediately.  Indeed, the Debtors' first scheduled event in the United States for calendar year 2020 is currently scheduled in March 2020, less than a month from the date hereof.  In addition, the Debtors' estates lack the necessary funds to pursue a lengthy sale process, especially considering the Debtors' extensive prepetition marketing process of the Acquired Assets generated no interest among prospective buyers other than an affiliate of the Buyer.

17.    Additionally, the events that form the core of the Debtors' business require many months of preplanning and commitments from third party sites, sponsors, vendors, and other parties, as well as extensive marketing to obtain advance customer registrations.  A central component of the value of the Sale is the ability to maintain scheduled events.  But with each day and week that passes with the Debtors not operating, the ability to maintain scheduled events diminishes.  Indeed, as of the filing of the Sale Motion, the Trustee understands that, as a result of

the Debtors ceasing operations, the events scheduled for the first three quarters of 2020 are no longer salvageable and will need to be canceled.  Unless the Sale is approved and closes on the timeframe required by the Sale Agreement, the same fate will befall the remaining 2020 events.  This would represent a significant further deterioration in value to the Buyer or any purchaser.  Due to the above factors, the Buyer requires that the Sale close no later than February 28, 2020.

## BASIS FOR RELIEF REQUESTED

### A.    Cause exists to shorten notice of the Sale Motion.

18.    Section 102(1) of the Bankruptcy Code provides that the phrase "after notice and a hearing" requires only such notice and opportunity for a hearing as may be appropriate under the circumstances.  11 U.S.C. § 102(1) (2018).  Section 105(a) of the Bankruptcy Code further provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  11 U.S.C. § 105(a) (2018).

19.    Under Bankruptcy Rule 9006, the Court may order time periods set by the Bankruptcy Rules to be reduced "for cause shown."  Fed. R. Bankr. P. 9006(c)(1).

20.    Pursuant to Bankruptcy Rule 9006(c), "the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1). In exercising such discretion, the court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis."  *In re Phila. Newspapers, LLC*, 690 F.3d 161, 171–72 (3d Cir. 2012) (noting the commonality of such motions "[g]iven the accelerated time frame of bankruptcy proceedings").  Local Rule 9006-1(e) likewise provides for shortened notice "by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice."  Del. Bankr. L.R. 9006-1(e).

21.    Under Bankruptcy Rule 2002(a)(2) and Local Rule 9006-1, the hearing on the Sale Motion would ordinarily require at least 21 days' notice by mail, with the deadline for

objections at least 14 days following service of the Sale Motion.  The Trustee seeks to shorten these periods by 3 days and 1 day, respectively, and provide 18 days' notice of the hearing and 13 days' notice of the objection deadline for the Sale Motion.   The Trustee respectfully submits that, under the circumstances, cause exists to shorten notice of the Sale Motion as set forth herein.

22.     As set forth more fully in the Sale Motion, the Trustee is seeking entry of an order approving the Sale Agreement by and among the Buyer and the Trustee for the benefit of the Debtors' estates, authorizing and approving the Sale of the Acquired Assets to the Buyer, free and clear of all Encumbrances, approving the assumption and assignment of certain contracts to the Buyer in connection with the Sale and related procedures, approving the Bid Protections for the benefit of the Buyer, and granting related relief.

23.     Although the Trustee has only been appointed for a short time, it is apparent that the Debtors' business has deteriorated in value and is at substantial and imminent risk of a continued decline in value.  For example, the Debtors have ceased operating, and are thus not meeting their commitments to customers.  The Debtors' goodwill and intellectual property that embodies that goodwill—which collectively represent a substantial portion of the Debtors' value—is significantly impaired, and is at risk of further impairment the longer the Debtors continue in this state.  Furthermore, given the declining value of the Debtors' assets and the limited funds available, the Debtors' estates cannot afford pursuing a lengthy sale process.[3]  Therefore, the Trustee believes that consummating the Sale of the Debtors' business as soon as possible is necessary to preserve and maximize value.  Additionally, the Buyer requires that the Sale close no later than February 28, 2020, so any delay in approval of the Sale may result in the Buyer declining to close the Sale.

---

[3]     As a consequence, the Trustee proposes to proceed without bid procedures or a scheduled auction. Importantly, however, as noted in the Sale Motion, the Sale remains subject to higher or otherwise better offers, and the Sale Agreement contains a "fiduciary out" for the Trustee.

24.     Furthermore, the Debtors' business and assets have been subjected to an extensive marketing process, and the only party that made an offer for the Debtors' business or assets was an affiliate of the Buyer.[4]  Thus, the Trustee believes that a prolonged sale process is unlikely to result in significant additional interest or value.  Moreover, the Debtors' estates can ill afford such a process and are nearly certain to lose the current proposed Sale if such a process is required.

25.     Lastly, no creditor or party in interest will be prejudiced if the Court hears the Sale Motion on shortened notice.  As noted above, the U.S. Trustee does not object to the relief requested in the Sale Motion being heard on shortened notice and the shortened notice period is supported by the Petitioning Creditors and Active.  Furthermore, as also noted above, the Trustee seeks to shorten the relevant notice period for the hearing on the Sale Motion by only three days and the objection deadline by only one day.  The Trustee submits that no party will be materially prejudiced by such shortened notice.  In contrast, the Debtors' estates may suffer severe prejudice and potentially irreparable harm should the Sale Motion not proceed on the schedule requested herein, both in the potential loss of the Sale to the Buyer and through further deterioration of the value of the Debtors' assets.

26.     Accordingly, in light of the material benefits of hearing the Sale Motion on shortened notice, the support of the Petitioning Creditors and Active, the lack of objection of the U.S. Trustee, and the lack of material prejudice to other parties in interest, the Trustee respectfully

---

[4]     Since the Appointment Date, an entity backed by a former insider of the Debtors has expressed interest in the Debtors' assets.  A copy of this Motion or the Sale Motion will be served on this entity as well as any other entities known to the Trustee to have expressed interest in purchasing the Debtors or their business or assets.  As described herein, the Trustee may consider higher or otherwise better offers should this entity or any other entity make such an offer.

submits that cause exists to shorten the notice and objection periods for the Sale Motion as set forth herein.

**B.      Cause exists to limited notice of the Sale Motion.**

27.    The Trustee also respectfully submits that cause exists to limit notice of the Sale Motion as set forth herein.

28.    Ordinarily, Local Rule 2002-1(b) would require notice of the Sale Motion upon: (i) counsel for the debtor; (ii) the twenty (20) largest unsecured creditors in the case in lieu of the creditors' committee (where, as here, no creditors committee has been appointed; (iii) the U.S. Trustee; (iv) parties who file a request for service of notices under Bankruptcy Rule 2002(i); and (v) all parties whose rights are affected by the Sale Motion.[5] *See* Del. Bankr. L.R. 2002-1(b).

29.    The Trustee intends to serve the Sale Motion on as many creditors and other relevant parties in interest as possible under the circumstances.  However, within the eight days between the Appointment Date and the date hereof, the Trustee has not had the opportunity to ascertain all of the Debtors' creditors prior to filing the Sale Motion.  As described in the Sale Motion, all activity at the Debtors' headquarters ceased on December 20, 2019, and all employees were furloughed at that time.  Therefore, as of the date hereof, the Trustee only has possession of a list of accounts payable as of November 30, 2019, which is the last date on which the Debtors reconciled such data.  Accordingly, there may be entities with claims against the Debtors that became due and payable on or after December 1, 2019, of whom the Trustee is unaware. Nonetheless, the Trustee intends to serve the Sale Motion on approximately 180 known creditors, as well as additional parties in interest contemplated by Local Rule 2002-1(b).

---

[5]    Local Rule 2002-1(b) overrides the requirement in Bankruptcy Rule 2002(a)(2) that a sale motion be served on all creditors.

30.     Specifically, the Trustee intends to serve the following creditors and parties in interest: (a) the U.S. Trustee; (b) counsel to the Buyer; (c) counsel to the Debtors; (d) any other party asserting an interest (as that term is used in section 363(f) of the Bankruptcy Code) in the Acquired Assets to the extent any such interest is known to the Trustee; (e) local, state, and federal authorities and agencies that have regulatory authority with respect to the Acquired Assets; (f) any party solicited, or that indicated an interest, in connection with the prepetition marketing process, to the extent known to the Trustee; (g) all creditors known to the Trustee (as noted above, there are approximately 180 creditors known to the Trustee presently); (h) any other party that has requested notice pursuant to Local Rule 2002-1(b); and (i) any party to an executory contract with the Debtors known to the Trustee (collectively, the "Notice Parties").

31.     Additionally, the Trustee intends to publish notice of the Sale Motion in a national publication as soon as practicable.  The Trustee also will serve copies of the Sale Motion on any additional creditors or other parties in interest promptly after becoming aware of them.

32.     The Trustee submits that the foregoing notice is appropriate under the circumstances.

## **NOTICE**

33.     A copy of this Motion and the Sale Motion will be served via hand delivery, first-class mail, and/or electronic mail, where available and as applicable, upon the Notice Parties.

*[Remainder of Page Intentionally Left Blank]*

**WHEREFORE**, the Trustee requests entry of an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as is appropriate under the circumstances.

Dated: February 7, 2020
Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Matthew B. Harvey*
Curtis S. Miller (No. 4583)
Matthew B. Harvey (No. 5186)
Joseph C. Barsalona II (No. 6102)
Matthew O. Talmo (No. 6333)
Brett S. Turlington (No. 6705)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Email: cmiller@mnat.com
mharvey@mnat.com
jbarsalona@mnat.com
mtalmo@mnat.com
bturlington@mnat.com

*Proposed Counsel for Derek C. Abbott, Esq., as Chapter 11 Trustee to Tough Mudder Inc. and Tough Mudder Event Production Incorporated*