**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| TOUGH MUDDER INCORPORATED; and TOUGH MUDDER EVENT PRODUCTION INCORPORATED, | Case No. 20-10036 (CSS) Case No. 20-10037 (CSS) |
| Debtors. | **RE: D.I. 30** |
| | **[Requested] Objection Deadline: February 20, 2020, at 4:00 p.m. (ET)** |
| | **[Requested] Hearing Date: February 25, 2020, at 1:00 p.m. (ET)** |

**NOTICE OF ASSUMPTION AND ASSIGNMENT OF CERTAIN
EVENTS AND EXECUTORY CONTRACTS AND PROPOSED CURE AMOUNTS**

**PLEASE TAKE NOTICE** that on January 21, 2020, an order for relief [D.I. 19] under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") was entered with respect to the above-captioned debtors (the "Debtors") by the United States Bankruptcy Court for the District of Delaware (the "Court").

**PLEASE TAKE FURTHER NOTICE** that on January 30, 2020, the Court entered an order appointing Derek C. Abbott, Esq., as the chapter 11 trustee of the Debtors' estates [D.I. 24].

**PLEASE TAKE FURTHER NOTICE** that on February 7, 2020, the Trustee filed the *Chapter 11 Trustee's Motion for Entry of an Order (I) Approving Entry Into and Performance Under Asset Purchase Agreement by and Among Spartan Race, Inc., and Debtors' Chapter 11 Trustee, (II) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Approving the Assumption and Assignment of Certain Contracts and Related Procedures, (IV) Approving the Bid Protections, and (V) Granting Related Relief* [D.I. 30] (the "Sale Motion").[1]

By the Sale Motion, the Trustee seeks to sell (the "Sale"), subject to higher or otherwise better offers, substantially all of the Debtors' assets to Spartan Race, Inc., or its designee (the "Buyer"), pursuant to an Asset Purchase Agreement, dated as of February 7, 2020, by and among the Buyer and the Trustee for the benefit of the Debtors (the "Sale Agreement"), free and clear of all liens, claims, encumbrances, and interests, and to assume and assign the Assumed Events (as defined in the Sale Agreement) and the Assumed Contracts (as defined in

---

[1] Capitalized terms not defined herein are used as in the Sale Motion.

the Sale Agreement).  A copy of the Sale Agreement is attached as Exhibit B to the Sale Motion. Copies of the Sale Motion and other documents filed in the Debtors' chapter 11 cases may be obtained upon reasonable request to the undersigned counsel, inspected at the offices of the Clerk of the Court during normal business hours, or downloaded from the Court's electronic docket at ecf.deb.uscourts.gov.  Please note that prior registration with the PACER service center and payment of a fee may be required to access such documents.  Parties in interest may sign up for a PACER account by visiting the PACER website at pacer.psc.uscourts.gov or by calling (800) 676-6856.

PLEASE TAKE FURTHER NOTICE that a hearing to approve the Sale (the "Sale Hearing"), including the assumption and assignment of the Assumed Events and Contracts, has been requested for **February 25, 2020, at 1:00 p.m. (Eastern Standard Time)** before Chief United States Bankruptcy Judge Christopher S. Sontchi in the United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, 5th Floor, Courtroom #6, Wilmington, Delaware 19801.

PLEASE TAKE FURTHER NOTICE that the cure amount (the "Cure Amount"), if any, the Trustee believes is required to satisfy all amounts and obligations due and owing by the Debtors under each: (i) Assumed Event, including any monetary defaults and compensation for pecuniary losses, is listed on **Exhibit A** (the "Event Cure Schedule") attached hereto; and (ii) Assumed Contract, including any monetary defaults and compensation for pecuniary losses, is listed on **Exhibit B** (the "Contract Cure Schedule") attached hereto.

PLEASE TAKE FURTHER NOTICE that the deadline to file an objection to the assumption and assignment of the Event(s) and/or Contract(s) or the proposed Cure Amount(s) for such Event(s) and/or Contract(s) (together, any "Cure Objections") has been requested for **February 20, 2020, at 4:00 p.m. (Eastern Standard Time) (the "Objection Deadline")**.  Cure Objections must filed with the Clerk of the Court, 824 Market N. Street, 3rd Floor, Wilmington, Delaware 19801, and served so as to be received by the Objection Deadline, on (collectively, the "Notice Parties"): (i) proposed counsel to the Trustee, Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, Wilmington, DE 19801, Attn: Curtis S. Miller (cmiller@mnat.com), Matthew B. Harvey (mharvey@mnat.com), Joseph C. Barsalona II (jbarsalona@mnat.com), and Brett S. Turlington (bturlington@mnat.com); (ii) counsel to the Buyer, (a) Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center, Boston, MA 02111, Attn: Adrienne K. Walker (awalker@mintz.com), and (b) Loizides, P.A., 1255 King Street, Suite 800, Wilmington, DE 19801, Attn: Christopher S. Loizides (loizides@loizies.com); and (iii) the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Jane Leamy, Esq. (jane.m.leamy@usdoj.gov).

PLEASE TAKE FURTHER NOTICE that the Cure Objection must state (i) the basis for the objection and (ii) if applicable, with specificity, what Cure Amount(s) the party to the Event(s) and/or Contract(s) believes is required (in all cases with appropriate documentation in support thereof).

**PLEASE TAKE FURTHER NOTICE** that any objection solely to the Cure Amount(s) may not prevent or delay the assumption and assignment of the Event(s) and/or Contract(s) by the Buyer.  If a non-Debtor counterparty (a "<u>Non-Debtor Counterparty</u>") objects solely to Cure Amount(s), the Trustee may, with the consent of the Buyer, hold the claimed Cure Amount(s) in reserve pending further order of the Court or mutual agreement of the parties.  So long as Cure Amount(s) are held in reserve, and there are no other unresolved objections to assumption and assignment of the applicable Assumed Event(s) and/or Assumed Contract(s), the Trustee can, without further delay, assume and assign such Assumed Event(s) and/or Assumed Contract(s) to the Buyer.  Under such circumstances, the objecting Non-Debtor Counterparty's recourse is limited to the funds held in reserve.

**PLEASE TAKE FURTHER NOTICE** that any objections to the adequate assurance of future performance by the Buyer under the applicable Assumed Event(s) and/or Assumed Contract(s) must be filed with the Court and served on the Notice Parties and the Buyer so that such objection is received on or before the Objection Deadline.

**PLEASE TAKE FURTHER NOTICE** that unless a Cure Objection or an objection to adequate assurance of future performance, as applicable, is filed and served by a Non-Debtor Counterparty to any Assumed Event and/or Assumed Contract by the Objection Deadline, such Non-Debtor Counterparty shall be (i) deemed to have waived and released any right to assert a Cure Objection and to have otherwise consented to the assignment of such Assumed Event and/or Assumed Contract, (ii) forever barred from objecting to the assumption and assignment of such Assumed Event and/or Assumed Contract or the failure to provide adequate assurance of future performance, and (iii) forever barred and estopped from asserting or claiming any Cure Amount, other than the Cure Amount listed on the Cure Schedule.

**PLEASE TAKE FURTHER NOTICE** that the hearing(s) with respect to Cure Objection(s) or objection(s) to the adequate assurance of future performance may be held (a) at the Sale Hearing, or (b) at such other date as the Court may designate at the request of the Trustee and the Buyer.

**IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE SALE MOTION, INCLUDING THE ASSUMPTION AND ASSIGNMENT OF ASSUMED EVENTS AND CONTRACTS, AND SETTING THE CURE AMOUNTS, WITHOUT FURTHER NOTICE OR HEARING.**

Dated: February 7, 2020
      Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Matthew B. Harvey*
Curtis S. Miller (No. 4583)
Matthew B. Harvey (No. 5186)
Joseph C. Barsalona II (No. 6102)
Matthew O. Talmo (No. 6333)
Brett S. Turlington (No. 6705)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Email: cmiller@mnat.com
       mharvey@mnat.com
       jbarsalona@mnat.com
       mtalmo@mnat.com
       bturlington@mnat.com

*Proposed Counsel for Derek C. Abbott, Esq., as Chapter 11 Trustee to Tough Mudder Inc. and Tough Mudder Event Production Incorporated*