**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| TOUGH MUDDER INC., *et al.*[1] | Case No. 20-10036 (CSS) |
| Debtors. | Joint Administration Requested |
| | **Objection Deadline:**<br>**February 18, 2020, at 4:00 p.m. (EST)** |
| | **Hearing Date:**<br>**February 25, 2020, at 1:00 p.m. (EST)** |

**CHAPTER 11 TRUSTEE'S MOTION FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 1007(c) EXTENDING THE TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

Derek C. Abbott, Esq., the chapter 11 trustee (the "Trustee") for Tough Mudder Inc. ("Tough Mudder") and Tough Mudder Event Production Inc. ("TM Events" and, together with Tough Mudder, the "Debtors"), in the above-captioned chapter 11 cases (the "Chapter 11 Cases") hereby respectfully moves (the "Motion") as follows:

**RELIEF REQUESTED**

1.    The Trustee requests entry of an order (the "Extension Order"), substantially in the form attached hereto as **Exhibit A**, pursuant to sections 105(a), 521, and 1106 of title 11 of the United States Code (the "Bankruptcy Code") and rules 1007(c) and 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), extending the time within which the Debtors must file schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules and Statements") through and including 30 days from the entry of the Extension Order.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tough Mudder Inc. (2576) and Tough Mudder Event Production Inc. (6845).  The Debtors' address is 15 MetroTech Center, Brooklyn, NY 12201.

## JURISDICTION AND VENUE

2.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended *Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

3.      This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Trustee consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4.      Venue of the Chapter 11 Cases and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

5.      On January 7, 2020 (the "Petition Date"), Valley Builders LLC, Trademarc Associates, Inc., and David Watkins Homes Inc., filed involuntary petitions under chapter 11 of the Bankruptcy Code against Tough Mudder and TM Events.

6.      On January 21, 2020, the Court entered the *Order Directing the Appointment of a Chapter 11 Trustee* [D.I. 18] and the *Order for Relief in Involuntary Case* [D.I. 19] (the "Order for Relief").  The Court entered an order approving the appointment of the Trustee on January 30, 2020 [D.I. 24] (the "Appointment Date"), and the Trustee accepted his appointment on January 31, 2020 [D.I. 25].  Since that time, the Trustee has managed the Debtors' affairs pursuant to section 1106 of the Bankruptcy Code.  No official committee has been appointed in the Chapter 11 Cases.

7.      A more detailed description of the Debtors' business and the facts and circumstances leading to the Chapter 11 Cases is set forth in the *Declaration of Kyle McLaughlin in*

Support of *Chapter 11 Trustee's Motion for Entry of an Order (I) Approving Entry Into and Performance Under Asset Purchase Agreement by and Among Spartan Race, Inc., and Debtors' Chapter 11 Trustee, (II)* Authorizing *the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Approving the Assumption and Assignment of Certain Contracts and Related Procedures, (IV) Approving the Bid Protections, and (V) Granting Related Relief* (the "McLaughlin Declaration").[2]  This Motion incorporates by reference the facts set forth in the McLaughlin Declaration as if fully set forth herein.

## BASIS FOR RELIEF

8.    Under section 1106 of the Bankruptcy Code, the trustee is required to, "if the debtor has not done so, file" the debtor's schedules of assets and liabilities and statements of financial affairs.  11 U.S.C. § 1106(a)(2).  Pursuant to Bankruptcy Rule 1007(c), in an involuntary case, schedules and statements shall be filed within 14 days after entry of the order for relief. Bankruptcy Rule 1007 further provides that an extension of time for filing of schedules and statements of assets and liabilities may be granted "on a motion for cause shown."

9.    The Trustee submits that under the circumstances, good and sufficient cause exists to extend the deadline to file the Schedules and Statements as requested herein.  The Petitioning Creditors filed this case on January 7, 2020.  On January 21, 2020, the Court entered the Order for Relief when the Debtors' consented to the bankruptcy and the appointment of a chapter 11 trustee.  *See* D.I. 15.  Accordingly, under Bankruptcy Rule 1007, the Schedules and Statements were required to be filed 14 days thereafter, or February 4, 2020.

---

[2]    The McLaughlin Declaration is attached as Exhibit C to the *Chapter 11 Trustee's Motion for Entry of an Order (I) Approving Entry Into and Performance Under Asset Purchase Agreement by and Among Spartan Race, Inc., and Debtors' Chapter 11 Trustee, (II) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Approving the Assumption and Assignment of Certain Contracts and Related Procedures, (IV) Approving the Bid Protections, and (V) Granting Related Relief* [D.I. 30].

10.     The Trustee was appointed on January 30, 2020, and did not accept his appointment until January 31, 2020.  The Trustee was therefore provided with only five (5) calendar days to complete and file the Schedules at Statements.

11.     To prepare the Schedules and Statements, the Trustee and his advisors must gather information from books, records, and thousands of documents relating to the Debtors' businesses.  Collecting the information necessary to complete the Schedules and Statements requires substantial time and effort on the part of the Trustee and his advisors.  Although the Trustee is, with the assistance of his advisors, in the process of gathering the necessary information to prepare and file the Schedules and Statements, it was not feasible for the Trustee to complete the documents in only five days with the numerous other issues that required his immediate attention on and after the Appointment Date.  Indeed, the Trustee has been dedicating material time and resources to the pending sale to Spartan Race, Inc. (or its designee), and has only just recently been able to focus on administrative tasks relating to these Chapter 11 Cases.

12.     In anticipation of the filing of this Motion, the Trustee contacted the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") and indicated that the Trustee would be requesting an extension of the deadline to file the Schedules and Statements.  The U.S. Trustee indicated that he does not object to extending the deadline to file Schedules and Statements.

13.     Based upon the short time between the Appointment Date and the required deadline to file the Schedules the Statements under Bankruptcy Rule 1007(c) and the competing demands of these Chapter 11 Cases, and with the consent of the U.S. Trustee, the Trustee believes the relief requested in this Motion is in the best interest of the Debtors' estates and is not prejudicial to the rights of any party in interest in these Chapter 11 Cases.  Accordingly, the Trustee requests

that the deadline to file the Schedules and Statements be extended to 30 days after the entry of the Extension Order.

## **NOTICE**

14.     A copy of this Motion will be served via hand delivery, first-class mail, and/or electronic mail, where available and as applicable, upon: (a) the U.S. Trustee; (b) the Debtors' 20 largest unsecured creditors on a consolidated basis; and (c) any other party that has requested notice pursuant to Local Rule 2002-1(b).

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Trustee respectfully requests that the Court enter the Extension

Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein

and such other and further relief as the Court deems just and proper.


Dated: February 11, 2020
        Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Joseph C. Barsalona II*
Curtis S. Miller (No. 4583)
Matthew B. Harvey (No. 5186)
Joseph C. Barsalona II (No. 6102)
Matthew O. Talmo (No. 6333)
Brett S. Turlington (No. 6705)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Email: cmiller@mnat.com
        mharvey@mnat.com
        jbarsalona@mnat.com
        mtalmo@mnat.com
        bturlington@mnat.com

*Proposed Counsel for Derek C. Abbott, Esq., as*
*Chapter 11 Trustee to Tough Mudder Inc. and*
*Tough Mudder Event Production Incorporated*