**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>TOUGH MUDDER INCORPORATED,<br><br>Debtor. | Chapter 11<br><br>Case No. 20-10036 (CSS)<br><br>Rel. Dkt. No. 30<br>Hearing Date: February 25, 2020 at 1:00 PM (EST) |

**STATEMENT OF CREDITOR ACTIVE NETWORK LLC IN SUPPORT OF CHAPTER 11 TRUSTEE'S MOTION FOR ENTRY OF AN ORDER (I) APPROVING ENTRY INTO AND PERFORMANCE UNDER ASSET PURCHASE AGREEMENT BY AND AMONG SPARTAN RACE INC. AND DEBTORS' CHAPTER 11 TRUSTEE, (II) AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, (III) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS AND RELATED PROCEDURES, (IV) APPROVING THE BID PROTECTIONS, AND (V) GRANTING RELATED RELIEF**

Creditor Active Network LLC ("Active"), by and through its undersigned counsel, hereby files this Statement expressing its support for the Chapter 11 Trustee's Motion for Entry of an Order (I) Approving Entry Into and Performance Under Asset Purchase Agreement By And Among Spartan Race Inc. and Debtors' Chapter 11 Trustee, (II) Authorizing The Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Approving The Assumption And Assignment Of Certain Contracts And Related Procedures, (IV) Approving The Bid Protections, And (V) Granting Related Relief [Docket No. 30] (the "Sale Motion"), and joins the Chapter 11 Trustee in respectfully requesting that the Sale Motion be granted. In support of its Statement, Active advises the Court as follows:

**Factual Background**

1. Prior to the Petition Date in these cases, and pursuant to a comprehensive Master Services Agreement between the parties, Active was both the primary source of business funding

14668848v1

to Debtor Tough Mudder Incorporated ("TMI"), and the provider of the proprietary software platform and related products and services, including processing of credit and debit card transactions, over which TMI registered and sold tickets to participants in its obstacle course and endurance race events held worldwide.

2.     As a result of its pre-petition relationship with TMI, Active believes that it is the largest unsecured creditor in these cases. As of the Petition Date, TMI was indebted to Active on unpaid funding obligations totaling approximately $25 Million.

3.     In addition to that liquidated claim, Active has a contingent pre-petition claim against TMI by virtue of having been the provider of credit and debit card processing services in connection with sales of registrations and tickets for "Tough Mudder" race events, including some $2.2 Million in tickets sold pre-petition for events to be held in the United States alone, that TMI scheduled to occur in 2020, but that now may never be held. Among the remedies available to, and most commonly exercised by, holders of tickets to events that end up being cancelled, if the original purchase was made by credit card, is the ability to file a request for a chargeback with their respective credit card issuers, resulting in refunds of the ticket purchase price to the cardholders. With TMI now in bankruptcy proceedings, no longer operating, and having no resources available to fund refunds to pre-petition ticketholders, Active may be contractually obligated to fund those chargebacks, resulting in additional claims by Active against TMI's Chapter 11 estate and a corresponding increase in the aggregate volume of unsecured creditor claims in these cases.

### Active's Statement of Support for the Sale Motion

4.     In advance of the hearing scheduled for February 25, 2020, Active wishes expressly to state its support for the Sale Motion, and agrees with the Chapter 11 Trustee's assessment that

14668848v1

the proposed sale of the Debtors' assets to Spartan Race Holdings, Inc. ("Spartan") presents the estate with the best possible opportunity, under the dire and extremely time-sensitive circumstances now presented, to realize the most aggregate value for the assets, to mitigate additional claims against the estate to the greatest extent possible, and to maximize the eventual return to the estate's creditors.

5. In addition to the cash component of the proposed purchase price ($700,000.00), the value of which is self-evident, two particular aspects of Spartan's offer for the assets are aimed specifically at reducing the aggregate volume of additional claims that will eventually be asserted against the Chapter 11 estates, and thus provide tangible, meaningful value to the entire, existing creditor body.

6. First, the offer from Spartan provides that Spartan will assume various contractual and other pre-petition liabilities of the Debtors, including payment of all cure amounts due on assumed and assigned executory contracts, estimated to amount to in excess of $7.5 Million in value. While Active's executory contract with TMI is not among those contracts to be assumed, assigned and cured in connection with the proposed sale, the proposed assumption of these liabilities by Spartan provides value to Active, and to all existing creditors of the Chapter 11 estates, because each of those assumed liabilities will not result in an additional pre-petition claim against the estate, further diluting the existing creditor pool.

7. Second, and of more direct relevance to Active, the offer from Spartan includes the opportunity for pre-petition purchasers of tickets or season passes to scheduled 2020 Tough Mudder events to exchange those tickets or passes, *on a two-for-one basis,* for comparable tickets or passes to any events that Spartan will produce before December 31, 2021. Perhaps among other objectives, this provision of Spartan's offer is specifically calculated to provide pre-petition

purchasers of tickets to U.S. "Tough Mudder" events that end up not being held with an attractive alternative to simply requesting a chargeback with their credit card issuers and seeking a refund of the original ticket purchase.  Every ticketholder who takes advantage of that offer, in lieu of requesting a chargeback and obtaining a refund that Active may be required to fund, will enable Active to avoid a further pre-petition loss to that extent, will mitigate the volume of additional claims that Active eventually asserts against the Chapter 11 estates, and will benefit the entire body of existing estate creditors by minimizing the ultimate, aggregate volume of such claims.

8. Finally, Active submits that an acquisition of the Debtors' assets by Spartan will provide Active and other former trade vendors to the Debtors with additional value, simply by virtue of Spartan's prominence and reputation in the obstacle course and endurance racing industry.  Spartan has been a key competitor of the Debtors, and is an established and highly respected international operator of comparable events that appeal to the same types of competitors, sponsors and other participants.  Spartan also is not an insider of the Debtors, had no involvement in the mishandling of opportunities to sell the Debtors' assets on substantially more favorable terms prior to the bankruptcy filing (*see* Sale Motion at ¶¶ 8-13), and is not an operator with which Active would have any apprehension or misgivings about doing business in the future.  To the contrary, acquisition of the Debtors assets' by Spartan is intended specifically to result in a continuation of at least some of the Debtors' former business activities and production of racing events in the United States, and by a purchaser uniquely situated and able to do so with the required level of experience and expertise, and keeping cancellations of previously scheduled events to a minimum.  This circumstance likely presents Active and other former vendors to the Debtors with attractive opportunities to cultivate valuable, productive business relationships with Spartan on a going forward basis.

9.      For all of these reasons, Active supports the Sale Motion, and joins the Chapter 11 Trustee in respectfully requesting that the relief requested therein be granted.

Dated:  February 19, 2020                                             SMITH, KATZENSTEIN & JENKINS LLP

*/s/ Kathleen M. Miller*
Kathleen M. Miller (No. 2898)
1000 West Street, Suite 1501
P.O. Box 410
Wilmington, DE  19899 [Courier 19801]
Telephone: (302) 652-8400
Facsimile: (302) 652-8405
Email: kmiller@skjlaw.com

and

ARNALL GOLDEN GREGORY LLP
Frank N. White
171 17th Street NW, Suite 2100
Atlanta, Georgia  30363-1031
Telephone:  404.873.7012
Fax:  404.873.7013
frank.white@agg.com
sean.kulka@agg.com

*Attorneys for Active Network LLC*

14668848v1