# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Tough Mudder Incorporated aka Tough Mudder, LLC, | Case No. 20-10036-CSS |
| Debtor. | Hearing – 02/25/2020 at 1:00 p.m. |

## OPPOSITION TO CHAPTER 11 TRUSTEE MOTIONS TO SELL ASSETS FREE AND CLEAR AND APPROVE ASSUMPTION OF CERTAIN CONTRACTS

Navy Federal Credit Union ("Creditor") hereby opposes the Chapter 11 Trustee Motion to Sell Assets Free and Clear and to Approve Assumption of Contracts docketed as 30 (collectively "Motion") as follows:

### PRELIMINARY STATEMENT

On January 30, 2019, Creditor and Debtor entered into a sponsorship contract (the "Contract") whereby Debtor was obligated to provide publicity and allow the marketing materials from Creditor at the covered events during 2019 and 2020. As consideration, the Creditor was to provide the marketing materials and personnel at covered events and make a payment of $250,000.00 for each year of events. The second installment of $250,000.00 was paid by Creditor at the beginning of 2020 and covered the entire year of sponsorship in certain locations and races during which the marketing materials and publicity were still required to be provided.

On January 7, 2020, before Debtor could perform on the obligations for 2020, Debtor was forced into an involuntary Chapter 11 bankruptcy. A Trustee was thereafter appointed. Creditor filed its Proof of Claim as claim 6. Judicial Notice is requested under FRE 201. The

1

Trustee filed the Motion seeking Court approval to allow certain assets to be sold to Spartan Race, Inc. ("Spartan"), including some specified contracts and events.

In the Motion, in Schedule 1.1.10, all assumed contracts were listed. The Contract with Creditor was among them. The Trustee also filed a Notice of Assumption at docket 33-2 which also assumed the Contract. The day prior to the deadline to oppose the Motion, Creditor was notified, though its counsel, by email from Spartan's counsel, that the Contract was not being assumed after all. As a result, Creditor was forced to expedite an opposition out of abundance of caution given the result this could have on the unsecured class of creditors. At this time, there is no filing with this Court indicating that the assumption of the Contract has been withdrawn.

**ARGUMENT**

Section 365 of the Bankruptcy Code allows the Trustee to reject "any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). The Bankruptcy Code does not define "executory contract," but the accepted definition is that of Professor Countryman: "An executory contract is a contract under which the obligation of both the bankrupt and the other party to the contract are so far underperformed that the failure of either to complete performance would constitute a material breach excusing the performance of the other." In re Columbia Gas Sys. Inc., 50 F.3d 233, 239 (3d Cir. 1995) (citing Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp., 872 F. 2d 36, 39 (3d Cir. 1989)). The time for determining if a contract is executory is when the bankruptcy petition is filed. Columbia Gas, *supra* at 240 (citations omitted).

The standard to be applied in considering the rejection of an executory contract is the business judgment test. In re Federal Mogul Global, Inc., 293 B.R. 124, 125 (D. Del. 2003); Group of Inst. Investors v. Chicago, Milwaukee, St. Paul, and Pac. R.R. Co., 318 U.S. 523, 550 (1943). Under the business judgment standard, the sole issue is whether the rejection benefits the

estate. N.L.R.B. v. Bildisco (In re Bildisco), 682 F.2d 72, 79 (3d Cir. 1982). An executory contract may only be rejected if the proponent satisfies the business judgment test. In re Chi-Feng Huang, 23 B.R. 798, 800 (Bankr. 9th Cir. 1982).

The primary issue is whether the rejection of the contract would benefit general unsecured creditors. E.g., In re Orion Pictures Corp., 4 F.3d 1095, 1098 (2d Cir. 1993), cert. dismissed, 114 S. Ct. 1418 (1994); In re Kong, 162 B.R. 86, 94 (Bankr. E.D.N.Y. 1993); In re Lawson, 146 B.R. 663, 664-65 (Bankr. E.D. Va. 1992); In re Audra-John Corp., 140 B.R. 752, 755 (Bankr. D. Minn. 1992). However, other factors courts may consider include whether (a) the contract burdens the estate financially; (b) rejection would result in a large claim against the estate; (c) the debtor showed real economic benefit resulting from the rejection; and (d) upon balancing the equities, rejection will do more harm to the other party to the contract than to the debtor if not rejected. In re G Survivor Corp., 171 B.R. 755, 757-58 (Bankr. S.D.N.Y. 1994).

In this case, if the proposed purchaser is only willing to proceed with a sale based on the rejection of the Contract, it would not benefit the estate or the unsecured creditors. On the contrary, the rejection would result in the large unsecured claim filed by Creditor being viable whereas assumption would result in the satisfaction of the claim with no funds owed and minimal effort since the events are being held anyway. This Court should not allow the sale of assets to a party that is not willing to assume the Contract.

There is no burden on a purchaser of assets to assume the Contract. The only thing left to do is allow the Creditor to proceed with its marketing efforts and allow those marketing efforts to be publicized. Since Creditor already paid the full amount owed under the Contract, rejecting the Contract would violate fundamental principles of fair dealing and give the estate a windfall with a net reduction in cash to pay the unsecured creditors.

## **CONCLUSION**

Creditor is unsure if its Contract is being assumed or not. The documents filed with this Court show intent to assume. This Court is respectfully requested to review the effect that approving the Motion would have on the unsecured creditor class in the event the Contract is rejected by a potential purchaser. There is no reason for the Contract to be rejected as it imposes no additional burden on the potential purchaser however, it would leave the unsecured creditor class at a significant disadvantage.

DATED: 2/20/2020                                    ALBA LAW GROUP, P.A.

                                                    BY: _/s/ *Margaret M. Manning*_____
                                                    MARGARET MANNING (BAR NO.:4183)
                                                    CHRISTOPHER ISAAC (BAR NO.:6291)
                                                    240 NORTH JAMES STREET, SUITE 100E
                                                    NEWPORT, DE 19804
                                                    (302)696-1942
                                                    Attorney for Navy Federal Credit Union
                                                    N.110-002