IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>TOUGH MUDDER INCORPORATED<br><br>and<br><br>TOUGH MUDDER EVENT PRODUCTION INCORPORATED,<br><br>Debtors. | Chapter 11<br>Case No. 20-10036 (CSS)<br>Case No. 20-10037 (CSS)<br><br>**Re: Docket No. 30, 33** |

## **LIMITED OBJECTION TO PROPOSED SALE AND ASSIGNMENT**

Old Bridge Township Raceway Park, Inc. ("Raceway Park"), by its attorney, hereby files this limited objection to the proposed "Cure Cost Schedule" set forth in Exhibit A to the Notice Of Assumption And Assignment Of Certain Events And Executory Contracts And Proposed Cure Amounts (Docket No. 33) (the "Proposed Cure Notice") filed by Derek C. Abbott (the "Trustee") as Chapter 11 trustee for the bankruptcy estates of the above-captioned debtors (the "Debtors") and therefore objects to the assumption and assignment of any and all executory contracts between or among Raceway Park and either or both of the Debtors in accordance with the Chapter 11 Trustee's Motion for Entry of an Order (1) Approving Entry Into and Performance Under Asset Purchase Agreement by and Among Spartan Race, Inc., and Debtors' Chapter 11 Trustee, (11) Authorizing the Sale of Substantially All of the

Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Approving the Assumption and Assignment of Certain Contracts and Related Procedures, (JV) Approving the Bid Protections, and (V) Granting Related Relief Docket No. 30) (the "Sale Motion"), as follows:

1. On January 7, 2020 (the "Petition Date"), Valley Builders LLC, Trademarc Associates, Inc., and David Watkins Homes Inc. (collectively, the "Petitioning Creditors") filed involuntary petitions under Chapter 11 of the Bankruptcy Code against the Debtors.

2. On January 21, 2020, the Court entered an order for relief under Chapter 11 of the Bankruptcy Code and an Order Directing the Appointment of a Chapter 11 Trustee. The Trustee was appointed to serve as Chapter 11 trustee over the Debtors' estates on January 30, 2020 and since that time has managed the Debtors' affairs pursuant to § 1106 of the Bankruptcy Code.

3. On February 7, 2020, the Trustee filed the Sale Motion seeking, among other things, to assume and assign certain executory contracts as part of a sale of substantially all of the Debtors' assets as a going concern. In conjunction with that proposed sale, the Trustee also filed and served the Proposed Cure Notice, by which the Trustee seeks to fix the cure amounts for the executory contracts that might be sold.

4. On or about November 1, 2018, Raceway Park and one of the Debtors entered into a Venue Agreement, which was amended by a certain Amendment Agreement dated September 26, 2019 (as amended, the "Agreement"). The Agreement, as amended, provides that Raceway Park will make its Englishtown venue available for three successive annual events, through December 31, 2022. For scheduling purposes, the parties agreed that the 2020 event will occur on Sept 12-13, 2020, although the dates of the successive annual events were not stated in the Agreement. The Agreement further provides that certain amounts are due as a deposit and other amounts are due as payments of the balance owed.

5. Raceway Park does not object to the proper assumption and assignment of its contract, but there are certain ambiguities about the Proposed Cure Notice and its reference to Raceway Park and the Agreement that must either be resolved prior to assumption and assignment or be preserved for future resolution:

a. <u>Bankruptcy Code permits assumption and assignment of executory contracts, not "Events."</u> Section 365 of the Bankruptcy Code refers to the assumption and assignment of executory contracts but the Proposed Cure Notice refers to the assumption and assignment of "Assumed Events." Neither this term nor the term "events" is defined in the Bankruptcy Code. In this instance, the only known executory contract between Raceway Park and either of the Debtors is the Agreement

(as amended), but if there are other agreements applicable to the "Assumed Event" with Raceway Park, Raceway Park objects to any attempt to limit its right to enforce any defaults under them.

        b.      <u>Ambiguity in Default Amount.</u> The line of the exhibit in the Proposed Cure Notice identifying Raceway Park's "Assumed Event" states that the Cure Amount is $110,000. Raceway Park requires confirmation that this amount reflects amounts already due and not paid, but does not include amounts that have not yet come due. Given that the Agreement provides for three successive annual events, it would be a devastating result for Raceway Park to be limited to the amount stated in the Proposed Cure Notice.

        c.      <u>No record date for the Proposed Cure Notice.</u> Similarly, the Proposed Cure Notice does not define a date as of which the proposed cure amounts would be effective. Raceway Park expects that that date would be the date of the notice (February 7, 2020) but objects to any later date without being given additional time to state additional amounts due.

        d.      <u>The correct cure amount for the Agreement is $108,181.12.</u> The correct cure amount for defaults under the Agreement as of February 7, 2020 is $108,181.12, calculated as follows:

| Invoice #7283 | $240.00 |
| --- | --- |
| Invoice #7220 | $52,500.00 |
| Invoice #7282 | $2,941.12 |
| Invoice #7288 | $52,500.00 |
|  | $108,181.12 |

As noted above, this does not include—and should not be interpreted to reflect limitations upon—amounts due under the Agreement after that date.

6. In addition, the Agreement contains the following provision:

> Venue shall not host or contract with any event organized by or otherwise affiliated with *Spartan Race,* Savage Race, Warrior Dash or any other Red Frog Events, or with any affiliate of any such companies during the term without the express written permission of Tough Mudder. Venue further agrees not to host any other obstacle course mud run of any distance the period thirty (30) days prior the Event(s) and the period twenty-one (21) days following the Event(s).

Agreement § 1.1 (emphasis added). Insofar as assumption and assignment of the Agreement to Spartan Race, Inc. would arguably put Raceway Park into immediate default of the Agreement, Raceway Park objects to assumption and assignment of the Agreement without believing relieved of this obligation.

7. Raceway Park reserves all rights with respect to adequate assurance of future performance of any other potential assignee of the Agreement.

Dated: February 20, 2020  
       Wilmington, Delaware

Respectfully submitted,

HILLER LAW, LLC

 /s/ **Adam Hiller**  
Adam Hiller (DE No. 4105)  
1500 North French Street  
Wilmington, Delaware 19801  
(302) 442-7677 telephone  
ahiller@adamhillerlaw.com

*Attorney for Raceway Park*