**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re ) | Chapter 11 |
| ) | |
| TOUGH MUDDER INCORPORATED, ) | Case No. 20-10036 (CSS) |
| ) | |
| Debtor. ) | **RE: D.I. 37** |
| ) | |
| Tax I.D. No. 46-5652576 ) | |
| | |
| In re ) | Chapter 11 |
| ) | |
| TOUGH MUDDER EVENT PRODUCTION ) INCORPORATED, ) | Case No. 20-10037 (CSS) |
| ) | **RE: D.I. 31** |
| Debtor. ) | |
| ) | |
| Tax I.D. No. 47-2406845 ) | |

**ORDER DIRECTING THE JOINT
<u>ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES</u>**

Upon the motion (the "<u>Motion</u>")[1] of Derek C. Abbott, Esq., the chapter 11 Trustee (the "<u>Trustee</u>") for Tough Mudder Inc. ("<u>Tough Mudder</u>") and Tough Mudder Event Production Inc. ("<u>TM Events</u>" and, together with Tough Mudder, the "<u>Debtors</u>"), for entry of this order ("<u>Order</u>") pursuant to Bankruptcy Code section 105(a), Bankruptcy Rule 1015(b), and Local Rule 1015-1, authorizing the joint administration of these Chapter 11 Cases for procedural purposes only as further described in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and consideration of the Motion and the relief

---

[1] Capitalized terms not otherwise defined herein are used as in the Motion.

requested therein being a core proceeding in accordance with 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and appropriate under the circumstances; and no notice of the Motion being required under the circumstances pursuant to Local Rule 1015-1; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED:

1. The Motion is granted to the extent provided herein.

2. The above-captioned cases are consolidated for procedural purposes only and shall be administered jointly under the case of Tough Mudder Inc., Case No. 20-10036 (CSS) in accordance with the provisions of Bankruptcy Rule 1015 and Local Rule 1015-1.

3. All pleadings filed in the Debtors' chapter 11 cases shall bear a consolidated caption in the following form:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| TOUGH MUDDER INC., *et al.*,[1] | ) | Case No. 20-10036 (CSS) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tough Mudder Inc. (2576) and Tough Mudder Event Production Inc. (6845). The Debtors' address is 15 MetroTech Center, Brooklyn, NY 12201.

4. The caption set forth above shall be deemed to satisfy any applicable requirements of Bankruptcy Code section 342(c)(1) and Bankruptcy Rule 1005.

5.  The Clerk of this Court shall make a docket entry in the chapter 11 case of TM Events, Case No. 20-10037 (CSS) substantially as follows:

> An order has been entered in this case consolidating this case with the case of Tough Mudder Inc., Case No. 20-10036 (CSS) for procedural purposes only and providing for its joint administration in accordance with the terms thereof. **The docket in the chapter 11 case of Tough Mudder Inc., Case No. 20-10036 (CSS), should be consulted for all matters concerning this case.**

6.  The Trustee shall maintain, and the Clerk shall keep, one consolidated docket, one file, and one consolidated service list for these Chapter 11 Cases.

7.  Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the Chapter 11 Cases and this Order shall be without prejudice to the rights of the Trustee to seek entry of an order substantively consolidating their respective cases.

8.  Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, this Order shall be immediately effective and enforceable upon its entry.

9.  The Trustee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

10. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

**Dated: February 21st, 2020**
**Wilmington, Delaware**

**CHRISTOPHER S. SONTCHI**
**UNITED STATES BANKRUPTCY JUDGE**