**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TOUGH MUDDER | ) | Case No. 20-10036 (CSS) |
| INCORPORATED[1], | ) | |
| | ) | Jointly Administered |
| | ) | **Objection Deadline: February 21, 2020 at 4:00 p.m. (ET)** |
| Debtors. | ) | **(extended by agreement)** |
| | ) | **Hearing Date: February 25, 2020 at 1:00 p.m. (ET)** |
| | ) | |
| | ) | **Re: Docket No. 30** |

**OPENFIT, LLC'S LIMITED OBJECTION TO MOTION FOR ENTRY OF
AN ORDER (I) APPROVING ENTRY INTO AND PERFORMANCE UNDER ASSET
PURCHASE AGREEMENT BY AND AMONG SPARTAN RACE, INC. AND DEBTORS'
CHAPTER 11 TRUSTEE, (II) AUTHORIZING THE SALE OF SUBSTANTIALLY
ALL OF THE DEBTORS' ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS,
ENCUMBRANCES, AND INTERESTS, (III) APPROVING THE ASSUMPTION AND
ASSIGNMENT OF CERTAIN CONTRACTS AND RELATED PROCEDURES, (IV)
APPROVING THE BID PROTECTIONS, AND (V) GRANTING RELATED RELIEF**

OpenFit, LLC ("OpenFit"), by and through its undersigned counsel, hereby objects on the limited basis set forth below to the *Chapter 11 Trustee's Motion for Entry of an Order (I) Approving Entry Into and Performance Under Asset Purchase Agreement By and Among Spartan Race, Inc. and Debtors' Chapter 11 Trustee, (II) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Approving the Assumption and Assignment of Certain Contracts and Related Procedures, (IV) Approving the Bid Protections, and (V) Granting Related Relief* [Docket No. 24] (the "Sale Motion"). In support of this Objection, OpenFit states and represents as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tough Mudder Inc. (2576) and Tough Mudder Event Production Inc. (6845). The Debtors' address is 15 MetroTech Center, Brooklyn, NY 12201.

LEGAL\45057061\1

## BACKGROUND

1.     The Debtor Tough Mudder Incorporated ("Tough Mudder") and OpenFit are parties to that certain Development, Distribution and Marketing Agreement dated August 17, 2018 (the "OpenFit Agreement"), pursuant to which Tough Mudder granted OpenFit a license to use certain trademarks, logos, images, video, and content (collectively, the "TM Marks") for use in a fitness and nutrition video content program.

2.     Both parties have material unperformed obligations and ongoing duties under the OpenFit Agreement, and such agreement constitutes an executory contract.

3.     Pursuant to the Sale Agreement,[2] the Trustee has agreed to sell, substantially all of the Debtors' assets (collectively, the "Acquired Assets"), including:

> all Intellectual Property[3] … and any physical embodiments thereof, together with all claims, demands, income, damages, royalties, payments, accounts, and accounts receivable now or hereafter due and payable, and rights to causes of action and remedies, related to any of the foregoing, including without limitation, all proceeds to infringement suits, the right to sue and prosecute for past, present, and future infringement, misappropriation, or other violation of rights related to any of the foregoing (collectively, the "Intellectual Property Assets")…

Motion, Exhibit B, § 2.1.6.

4.     Pursuant to the proposed order, the Buyer is to take title to the Acquired Assets "free and clear of any and all Encumbrances, which Encumbrances, if any, shall attach to the proceeds of the Sale, with the same validity, extent, and priority, and subject to the same defenses … as had attached … immediately prior to the sale." Motion, Exhibit A, ¶ 4.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings assigned to them in the Motion.

[3] "Intellectual Property," as defined in the Sale Agreement includes, but is not limited to:

> trademarks, service marks, trade dress, logos, slogans, trade names, service names, brand names, internet domain names, social media accounts, trademark applications … and all other source or business identifiers and general intangibles of a like nature, along with all applications, registrations, and renewals and extensions in connection therewith, and all goodwill associated with any of the foregoing…

*See* Motion, Exhibit B, § 1.1.38.

LEGAL\45057061\1

5. OpenFit does not object to the Trustee's sale of the Acquired Assets, except to the extent that such sale would deprive OpenFit of its lawful rights in and to the TM Marks. OpenFit therefore requests that the Court either deny the Motion or include language in the order to the effect that, notwithstanding any other provision, nothing in the order shall alter, impair, or otherwise affect any of OpenFit's rights under the OpenFit Agreement.[4]

**OBJECTION**

6. Section 363(f)[5] of the Bankruptcy Code provides as follows:

The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if--

   (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;

   (2) such entity consents;

   (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

   (4) such interest is in bona fide dispute; or

   (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C.A. § 363.

7. Application of Section 363(f) to interests of licensees of intellectual property has occasioned some apparent disagreement among the courts. *See FutureSource LLC v. Reuters Ltd.*, 312 F.3d 281, 285 (7th Cir. 2002) ("The bankruptcy court's sale order, consistent with 11 U.S.C. § 363(f), extinguished all 'interests' in the assets acquired by Reuters, and this included an interest in the intellectual property that Reuters acquired from Bridge."); *In re Crumbs Bake Shop, Inc.*,

---

[4] While the OpenFit Agreement is an executory contract, it is not included in the Assumed Contracts. OpenFit takes no position regarding either the assumption or rejection of the OpenFit Agreement, and reserves all rights with respect thereto.

[5] All statutory references are to the United States Bankruptcy Code (11 U.S.C. § 101 *et seq.*).

3

LEGAL\45057061\1

522 B.R. 766, 774 (Bankr. D. N.J. 2014) ("[I]nterests held by Licensees were not extinguished by the sale because in the absence of consent, a sale under § 363(f) does not trump the rights granted to Licensees by § 365(n)."").[6]

8. Ultimately, the outcome in both *FutureSource* and *Crumbs Bake Shop* turned on a determination of whether the licensee had consented to the sale. The *FutureSource* court held that a party's failure to object could be deemed to be consent. *FutureSource*, 312 F.3d at 285. The *Crumbs Bake Shop* court held that, at least on the facts of that case, notice had not been sufficient for consent to be inferred from the failure to object. *Crumbs Bake Shop*, 522 B.R. at 766.

9. In the present case, because OpenFit is expressly objecting to a sale free and clear of its interest, there is no need to consider the notice question, and there is no dispute that OpenFit does not consent to the Sale.

10. Besides the anticipated consent of interested parties, either actual or implied, the Trustee has suggested that there are grounds to approve a sale free and clear because: (a) there do not appear to be any parties with liens or other interests in the Acquired Assets; (b) the holders of any interests could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interests; or (c) the Court may exercise its "equitable power to authorize sales free and clear of interests that are not specifically covered by section 363(f)." Motion, ¶ 25.

11. In support of the first of these alternatives, the Trustee points to the results of a UCC search, which showed that there were no recorded liens or security interests. Motion, fn. 8. Because OpenFit's interest in the TM Marks is not a security interest, however, it did not have to

---

[6] While the definition of "intellectual property" set forth in Section 101 does not include trademarks, *Crumbs Bake Shop* held that trademark licensees can be entitled to the same treatment afforded licensees of intellectual property under Section 365(n). The Supreme Court recently reached a similar result, although it did not base its holding on Section 365(n). *Mission Prod. Holdings, Inc. v. Tempnology, LLC*, 139 S. Ct. 1652, 1662–63, 203 L. Ed. 2d 876 (2019). For present purposes, the differing rationales are not material, as both decisions hold that licensees enjoy protections under Section 365, such that they cannot be divested of their rights by the debtor licensor's rejection of the license.

be the subject of a UCC filing. See Del. Code Ann. tit. 6, § 9-109 (Scope of Article 9 does not include licenses).

12. As to the second alternative, OpenFit is not aware of any legal or equitable process under which a trademark licensee might be compelled to accept a money satisfaction of its interest, and puts the Trustee to his burden of pointing to the specific sort of proceeding that would allow for such a result.

13. Finally, to the extent that a sale free and clear is ever justified in cases in which a trustee cannot satisfy any of the grounds under Section 363(f), this is not the sort of situation in which a court should exercise such equitable powers. As noted in one of the cases cited by the Trustee, "[t]he authority to sell free and clear is broad. It reflects a compelling policy to encourage bankruptcy sales *subject only to claims of a specific and recognized nature in the subject property*." *In Re Trans World Airlines, Inc*., No. 01-0056(PJW), 2001 WL 1820325, at *3 (Bankr. D. Del. Mar. 27, 2001) (emphasis added). In contrast to the interests based on successor liability claims at issue in that case, OpenFit's interest in the TM Marks is of a very "specific and recognized nature" in a particular portion of the Acquired Assets. This is simply not a case in which the Court should order a sale free and clear without requiring the Trustee to meet his burden under Section 363(f).

14. Based on the foregoing, OpenFit submits that the Trustee has not established, and cannot establish, grounds upon which he may be authorized to sell the TM Marks free and clear of OpenFit's interest.

WHEREFORE, OpenFit respectfully requests that this Court deny the Motion or, alternatively, grant the Motion on the condition that the Sale shall not alter any of OpenFit's rights under the OpenFit Agreement; and grant such other and further relief as is just and equitable.

Dated: February 21, 2020

COZEN O'CONNOR

By: */s/ Mark E. Felger*
Mark E. Felger (DE No. 3919)
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
Telephone: (302) 295-2000
Fax: (302) 295-2013
Email: mfelger@cozen.com

*Counsel for OpenFit, LLC*