**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re | ) | Chapter 11 |
| | ) | |
| TOUGH MUDDER INC., *et al.*,[1] | ) | Case No. 20-10036 (CSS) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Re: D.I. 30** |

**DECLARATION OF DEREK C. ABBOTT IN SUPPORT OF CHAPTER 11 TRUSTEE'S MOTION FOR ENTRY OF AN ORDER (I) APPROVING ENTRY INTO AND PERFORMANCE UNDER ASSET PURCHASE AGREEMENT BY AND AMONG SPARTAN RACE, INC., AND DEBTORS' CHAPTER 11 TRUSTEE, (II) AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, (III) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS AND RELATED PROCEDURES, (IV) APPROVING THE BID PROTECTIONS, AND (V) GRANTING RELATED RELIEF**

I, Derek C. Abbott, Esq., hereby declare as follows:

1.      I am over the age of 18 years and authorized to submit this declaration (the "Declaration") on behalf of Tough Mudder Inc. ("Tough Mudder") and Tough Mudder Event Production Inc. ("TM Events" and, together with Tough Mudder, the "Debtors"), whose affairs I currently manage as chapter 11 trustee (the "Trustee") under section 1106 of title 11 of the United States Code (the "Bankruptcy Code"). If I were called upon to testify, I could and would competently testify to the facts set forth herein.

2.      I was appointed Trustee in the above-captioned chapter 11 cases (the "Chapter 11 Cases") by order [D.I. 24] entered on January 30, 2020 (the "Appointment Date") by

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tough Mudder Inc. (2576) and Tough Mudder Event Production Inc. (6845). The Debtors' address is 15 MetroTech Center, Brooklyn, NY 12201.

the United States District Court for the District of Delaware (the "Court").  I accepted my

appointment on January 31, 2020 [D.I. 25].

3.      From my time spent as Trustee, and except as otherwise noted, I have

personal knowledge of the matters set forth herein and could and would testify truthfully to such

matters if called as a witness in the Chapter 11 Cases.

4.      I submit this Declaration in support of the *Chapter 11 Trustee's Motion for*

*Entry of an Order (I) Approving Entry Into and Performance Under Asset Purchase Agreement*

*by and Among Spartan Race, Inc., and Debtors' Chapter 11 Trustee, (II) Authorizing the Sale of*

*Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and*

*Interests, (III) Approving the Assumption and Assignment of Certain Contracts and Related*

*Procedures, (IV) Approving the Bid Protections, and (V) Granting Related Relief* [D.I. 30] (the

"Sale Motion").[2]

## BACKGROUND AND QUALIFICATIONS

5.      I am a partner at Morris, Nichols, Arsht & Tunnell LLP ("Morris

Nichols"), which maintains an office for the practice of law at 1201 North Market Street, 16th

Floor, Wilmington, Delaware 19801.  I am an attorney at law, duly admitted and in good standing

to practice in the state of Delaware, as well as in the United States District Court for the District of

Delaware and the United States Court of Appeals for the Third Circuit.

6.      I have nearly 25 years of experience practicing in Morris Nichols's

Business Reorganization and Restructuring Group, including in the areas of bankruptcy and

insolvency litigation, business and contract litigation, creditor representation, cross-border

insolvency, distressed enterprise representation, financings, and mergers, acquisitions, and

divestitures in a variety of industries.

---

[2]      Capitalized terms not otherwise defined herein are used as in the Sale Motion.

**GENERAL BACKGROUND**

7.      On January 7, 2020 (the "Petition Date"), Valley Builders LLC, Trademarc Associates, Inc., and David Watkins Homes Inc. filed involuntary petitions under chapter 11 of the Bankruptcy Code against the Debtors.

8.      On January 21, 2020, the Court entered the *Order Directing the Appointment of a Chapter 11 Trustee* [D.I. 18] and the *Order for Relief in Involuntary Case* [D.I. 19]. I was appointed Trustee on the Appointment Date and have since managed the Debtors' affairs, including winding down the Debtors' business, managing the process of monetizing the Debtors' assets, negotiating with the Debtors' creditors, and overseeing the Debtors' sale process.

**THE SALE PROCESS**

9.      At or about the time of the Appointment Date, I received a term sheet (the "Term Sheet") from Spartan Race, Inc. ("Spartan"), proposing the sale of the Acquired Assets to Spartan, free and clear of all liens, claims and encumbrances pursuant to section 363 of the Bankruptcy Code (the "Sale"). To my knowledge, Spartan is the only party to express interest in the Debtors' assets prepetition and is not an insider of the Debtors as that term is defined in the Bankruptcy Code.

10.     Following good-faith, arm's-length negotiations, I reached an agreement with Spartan for the Sale of the Acquired Assets on the terms and conditions set forth in that certain Asset Purchase Agreement, dated as of February 7, 2020, made by and among Spartan and the Trustee for the benefit of the Debtors' estates (the "Sale Agreement"). Under the terms of the Sale Agreement, Spartan will pay a purchase price of $700,000 in cash (the "Purchase Price") plus the assumption of the Assumed Liabilities in the amount of approximately $7.5-$10

million. Such Assumed Liabilities include, among other things, prepaid tickets for Assumed Events, the value of tickets purchased for an Excluded Event in exchange for future events, and all Cure Costs of Assumed Contracts and Assumed Events.

11. Since the Appointment Date, I have engaged in discussions with two (2) other potential bidders for substantially all the Debtors' assets. I have recently been informed by these potential bidders that they are no longer interested in purchasing the Acquired Assets. Nevertheless, under the terms of the Sale Agreement, I may still consider higher or otherwise better offers should these entities or any other entity make such an offer prior to Closing. *See* Sale Agreement § 10.2.1. Also, I had a full and fair opportunity to exercise my fiduciary out in the Sale Agreement and to negotiate with any potential purchasers in accordance with the Sale Agreement. Spartan did nothing to prevent or impede me or my professionals from exercising such rights and I am not aware of any collusion that would prevent Spartan from being a good faith purchaser under section 363(m) of the Bankruptcy Code.

12. I believe the Sale represents the highest and best offer for the Debtors' assets. The Purchase Price provides material value for the Acquired Assets and Spartan's assumption of the Assumed Liabilities, as well as the Assumed Events and Contracts, confers a material benefit to the Debtors' estates by removing claims against the estates. Every executory contract and event I do not assume and assign to Spartan will be rejected, so the assumption of the Assumed Events and Contracts will decrease the pool of unsecured claims and, as a result, increase any potential recovery to the Debtors' remaining creditors.

13. I believe the Sale must close promptly to preserve the value of the Acquired Assets and to minimize the ongoing deterioration in value of the Debtors' assets. First, timing is crucial as Tough Mudder events are scheduled to resume as early as March 2020 and

each week that passes threatens the ability to hold future events. Second, the Debtors' estates cannot afford to pursue a lengthy post-petition sale process. Although I did not engage in a substantial post-petition marketing process, and do not have the funding to do so, creditors and interested parties were aware of the fact that the Debtors' assets were for sale, as evidenced by the interest expressed by the other bidders discussed above. Additionally, considering the length of the Debtors' prepetition sale process, as further discussed in the McLaughlin Declaration in support of the Sale, I do not believe additional marketing and more time will increase the value of the Debtors' assets.

14.     I believe that entry into the Sale Agreement and consummation of the Sale constitutes a sound and reasonable exercise of my business judgment, consistent with my fiduciary duties, because, among other things: (i) the terms of the Sale Agreement embody the highest and best offer received during the bidding process, (ii) the Sale Agreement presents the best opportunity to maximize the value of the Acquired Assets, and (iii) the Sale will provide a greater recovery for the Debtors' estates than would any other available alternative.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated:  February 24, 2020

/s/ Derek C. Abbott
Derek C. Abbott
Chapter 11 Trustee