IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | ) Chapter 11 |
| TOUGH MUDDER INC., *et al.*,[1] | ) Case No. 20-10036 (CSS) |
| Debtors. | ) Jointly Administered |
|  | ) **Objection Deadline:** March 9, 2020, at 4:00 p.m. (EDT) |
|  | ) **Hearing Date:** March 23, 2020, at 2:00 p.m. (EDT) |

**CHAPTER 11 TRUSTEE'S MOTION FOR ENTRY OF AN ORDER (I)
EXTENDING THE TIME TO FILE RULE 2015.3 REPORTS AND (II)
GRANTING RELATED RELIEF**

Derek C. Abbott, Esq., the chapter 11 trustee (the "Trustee") for Tough Mudder Inc. ("Tough Mudder") and Tough Mudder Event Production Inc. ("TM Events" and, together with Tough Mudder, the "Debtors"), in the above-captioned chapter 11 cases (the "Chapter 11 Cases") hereby respectfully moves (the "Motion") as follows:

**RELIEF REQUESTED**

1.  The Trustee requests entry of an order (the "Proposed Order"), substantially in the form attached hereto as **Exhibit A**, pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2015.3 and 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (i) extending the time within which the Trustee must file the periodic reports of the value, operations,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tough Mudder Inc. (2576) and Tough Mudder Event Production Inc. (6845). The Debtors' address is 15 MetroTech Center, Brooklyn, NY 12201.

and profitability with respect to entities in which the Debtors' estates hold a substantial or controlling interest (the "Rule 2015.3 Reports") through and including 60 days from the entry of the Proposed Order and (ii) granting related relief.

## JURISDICTION AND VENUE

2. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

3. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and, pursuant to Local Rule 9013-1(f), the Trustee consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4. Venue of the Chapter 11 Cases and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

5. On January 7, 2020 (the "Petition Date"), Valley Builders LLC, Trademarc Associates, Inc., and David Watkins Homes Inc., filed involuntary petitions under chapter 11 of the Bankruptcy Code against Tough Mudder and TM Events.

6. On January 21, 2020, the Court entered the *Order Directing the Appointment of a Chapter 11 Trustee* [D.I. 18] and the *Order for Relief in Involuntary Case* [D.I. 19]. The Court entered an order approving the appointment of the Trustee on January 30, 2020 [D.I. 24] (the "Appointment Date"), and the Trustee accepted his appointment on January 31, 2020 [D.I. 25].

Since that time, the Trustee has managed the Debtors' affairs pursuant to section 1106 of the Bankruptcy Code. No official committee has been appointed in the Chapter 11 Cases.

7.  A more detailed description of the Debtors' business and the facts and circumstances leading to the Chapter 11 Cases is set forth in the *Declaration of Kyle McLaughlin in Support of Chapter 11 Trustee's Motion for Entry of an Order (I) Approving Entry Into and Performance Under Asset Purchase Agreement by and Among Spartan Race, Inc., and Debtors' Chapter 11 Trustee, (II)* Authorizing *the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Approving the Assumption and Assignment of Certain Contracts and Related Procedures, (IV) Approving the Bid Protections, and (V) Granting Related Relief* (the "McLaughlin Declaration").[2] This Motion incorporates by reference the facts set forth in the McLaughlin Declaration as if fully set forth herein.

## BASIS FOR RELIEF

8.  Pursuant to Bankruptcy Rule 2015.3, in a chapter 11 case, a trustee must file, no later than seven days before the date set for the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code (the "341 Meeting") and no less than every six months thereafter, periodic financial reports of the value, operations, and profitability of each entity that is not a publicly traded corporation or a debtor in a chapter 11 case, and in which the estate holds a substantial or controlling interest. Fed. R. Bankr. P. 2015.3(a)-(c). Bankruptcy Rule 2015.3(d) further provides that, after notice and a hearing, the Court may modify the reporting requirements of

---

[2] The McLaughlin Declaration is attached as Exhibit C to the *Chapter 11 Trustee's Motion for Entry of an Order (I) Approving Entry Into and Performance Under Asset Purchase Agreement by and Among Spartan Race, Inc., and Debtors' Chapter 11 Trustee, (II) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Approving the Assumption and Assignment of Certain Contracts and Related Procedures, (IV) Approving the Bid Protections, and (V) Granting Related Relief* [D.I. 30].

3

Bankruptcy Rule 2015.3 for cause, including the trustee's inability to comply with such requirements or the public existence of the information contained in the reports.

9. Bankruptcy Rule 9006(b)(1) provides the Court with authority to extend the period of time to file the Rule 2015.3 Reports "for cause." Fed. R. Bankr. P. 9006(b)(1). In addition, Local Rule 9006-2 automatically extends the expiration of a period prescribed by the Bankruptcy Rules without the need for a bridge order if a motion seeking such extension is filed prior to the expiration of such period. Del. Bankr. L.R. 9006-2.

10. The Debtors directly and indirectly own certain domestic and foreign non-debtor subsidiaries for which the Trustee is required to file Rule 2015.3 Reports. The 341 Meeting in these Chapter 11 Cases is currently scheduled for March 2, 2020, meaning, pursuant to Bankruptcy Rule 2015.3(b), the initial Rule 2015.3 Reports must be filed no later than February 24, 2020. Accordingly, the Trustee filed this Motion on the date hereof to automatically extend the period under Local Rule 9006-2.

11. The Trustee submits that, under the circumstances, good and sufficient cause exists to extend the deadline to file the Rule 2015.3 Reports as requested herein. The Trustee was appointed on January 30, 2020, and did not accept his appointment until January 31, 2020. The Debtors are part of a large and complex company, with both domestic and foreign subsidiaries. Tough Mudder's foreign subsidiaries are headquartered in Germany, the United Kingdom and Canada. Tough Mudder Events Ltd. (based in Canada) and Tough Mudder Ltd. (based in the UK) are each subject to their own insolvency proceedings in their home countries.

12. Collecting the information necessary to complete the Rule 2015.3 Reports requires substantial time and effort on the part of the Trustee and his advisors. Although the Trustee is, with the assistance of his advisors, in the process of gathering the necessary information to

prepare and file the Rule 2015.3 Reports, it was not feasible for the Trustee to compile the information from its separately controlled, foreign subsidiaries, analyze such data and complete the reports in only 24 days, especially considering the numerous other issues that required his immediate attention on and after the Appointment Date. Most significantly, the Trustee has been focusing his time and resources to the pending sale of assets to Spartan Race, Inc., scheduled to be heard on February 26, 2020.

13. Extending the deadline to file the initial Rule 2015.3 Reports to 60 days from entry of the Proposed Order should provide the Trustee with the necessary time to examine the books and records of the Debtors' domestic and foreign non-debtor subsidiaries that are subject to Bankruptcy Rule 2015.3. The additional time will also enable the Trustee to work with the Debtors' financial advisor and the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") to determine the appropriate nature and scope of the Rule 2015.3 Reports and any proposed modifications to the reporting requirements established by Bankruptcy Rule 2015.3.[3]

14. Further, the relief requested herein will not prejudice any parties in interest. The Trustee intends to work cooperatively with the U.S. Trustee and other parties in interest to provide access to relevant information regarding the Debtors' organizational and financial affairs. Courts in this district regularly provide an extension of the time to file Rule 2015.3 Reports to debtors in complex chapter 11 cases. *See, e.g.*, *In re FTD Cos.*, No. 19-11240 (LSS) (Bankr. D. Del. July 2, 2019), D.I. 293 (order granting debtors an additional twenty-five (25) days from the petition

---

[3] As stated above, Tough Mudder Events Ltd. (based in Canada) and Tough Mudder Ltd. (based in the UK) are currently being administered by independent fiduciaries under the insolvency or restructuring laws of the jurisdictions in which they are organized or located. Balancing these entities' actual or likely insolvency, the fact they are being administered in foreign jurisdictions by independent foreign court-appointed or court-recognized fiduciaries, and the difficulty and cost of preparing Rule 2015.3 Reports for these entities on the one hand, against the de minimis benefit such reports would provide in the Chapter 11 Cases on the other hand, the Trustee and his advisors are evaluating whether to seek a waiver, or other relief, under Rule 2015.3(d). The Trustee reserves all rights available to him upon the expiration of the 60-day extension.

date to file Rule 2015.3 Reports); *In re Paragon Offshore PLC*, No. 16-10386 (CSS) (Bankr. D. Del. Apr. 5, 2016), D.I. 232 (order granting debtors an additional twenty-eight (28) days to file Rule 2015.3 Reports); *In re SFX Entm't, Inc.*, No. 16-10238 (MFW) (Bankr. D. Del. Feb. 1, 2016), D.I. 279 (order granting debtors an additional sixty (60) days to file Rule 2015.3 Reports).

15.     Based upon the short time between the Appointment Date and the required deadline to file the Rule 2015.3 Reports and the competing demands of the Chapter 11 Cases, the Trustee submits that the relief requested in this Motion is in the best interest of the Debtors' estates and is not prejudicial to the rights of any party in interest in the Chapter 11 Cases.  Accordingly, the Trustee requests that the deadline to file the initial Rule 2015.3 Reports be extended to 60 days after the entry of the Proposed Order.

## **NOTICE**

16.     A copy of this Motion will be served via hand delivery, first-class mail, and/or electronic mail, where available and as applicable, upon: (a) the U.S. Trustee; (b) the Debtors' 20 largest unsecured creditors on a consolidated basis; and (c) any other party that has requested notice pursuant to Local Rule 2002-1(b).

*[Remainder of Page Intentionally Left Blank]*

6

WHEREFORE, the Trustee respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: February 24, 2020
      Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Brett S. Turlington*
Curtis S. Miller (No. 4583)
Joseph C. Barsalona II (No. 6102)
Brett S. Turlington (No. 6705)
1201 N. Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Email: cmiller@mnat.com
      jbarsalona@mnat.com
      bturlington@mnat.com

*Proposed Counsel for Derek C. Abbott, Esq., as Chapter 11 Trustee to Tough Mudder Inc. and Tough Mudder Event Production Inc.*