**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| _____ | ) |
| In re: | ) Chapter 11 |
| | ) |
| TOUGH MUDDER INCORPORATED *and* | ) Case Nos. 20-10036 (CSS) and |
| TOUGH MUDDER EVENT PRODUCTION | ) 20-10037 (CSS) |
| INCORPORATED, | ) |
| | ) |
| Debtors. | ) **Hearing Date: March 23, 2020 at 2:00 pm (ET)** |
| | ) **Objection Deadline: March 10, 2020 at 4:00 pm (ET)** |
| _____ | ) |

**MOTION OF WILLIAM BRUZZO FOR RELIEF FROM THE AUTOMATIC**
**STAY PURSUANT TO SECTION 362(d) OF THE BANKRUPTCY CODE**

William Bruzzo ("Movant"), by and through his undersigned counsel, hereby moves this Honorable Court (the "Motion"), pursuant to section 362(d) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Federal Rule of Bankruptcy Procedure 4001, and Local Rule 4001-1 for an order lifting the automatic stay imposed by section 362(a) of the Bankruptcy Code for the purpose of (i) pursuing his claims against Tough Mudder Incorporated, one of the above-captioned debtors and debtors-in-possession (the "Debtor"), and (ii) to proceed to collect any award against any available insurance proceeds under any applicable policy.  In support of this Motion, the Movant respectfully shows the Court as follows:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction of this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue in this judicial district is proper under 28 U.S.C. §§ 1408 and 1409.

2.     This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

3.     The statutory predicate for the relief requested herein is 11 U.S.C. §§ 362(d)(1) and 362(d)(2) and Bankruptcy Rule 4001.

**FACTS**

### I.  Chapter 11 Background

4.  On January 7, 2020 (the "Petition Date"), Valley Builders LLC, Trademarc Associates, Inc., and David Watkins Homes Inc. (collectively, the "Petitioning Creditors") filed involuntary petitions under chapter 11 of the Bankruptcy Code against Tough Mudder and TM Events.

5.  On January 21, 2020, the Court entered the Order Directing the Appointment of a Chapter 11 Trustee [D.I. 18].

6.  The Court entered an order approving the appointment of the Trustee on January 30, 2020 [D.I. 24] (the "Appointment Date"), and the Trustee accepted his appointment on January 31, 2020 [D.I. 25]. Since that time, the Trustee has managed the Debtors' affairs pursuant to section 1106 of the Bankruptcy Code.

### II.  Movant's Claims

7.  On or about April 7, 2019, Movant participated in the Tough Mudder Race in Glen Helen Regional Park (the "Race"), which is located on the Glen Helen Raceway, in the City of San Bernardino, County of San Bernardino, State of California. The Race consisted of a race through mud, water, and through numerous obstacles.

8.  The Race was designed, organized, and operated by the Debtor.

9.  Approximately at the last obstacle of the Race, Movant approached an obstacle (the "Obstacle"), a sand pit to climb through with a bale of hay as an obstacle and some low voltage electrified wires hanging down a few feet above the ground, for participants to climb under.

10.     The only warning participants received on race day regarding the low voltage electrical shocks which were inherent in the Obstacle was a small sign close to the Obstacle. This sign did not mention about the risk that the electrical voltage could malfunction and electrocute plaintiff to the point he became unconscious.

11.     After making it into the Obstacle, Movant was in between two wires, which electrocuted him so severely, they caused Movant to fall to the ground, hit his head on the ground, and lose consciousness.  Movant suffered neck fractures and neck pain sustained as a result of the improper amount of electoral shock endured at the Obstacle.

12.     On July 12, 2019, Movant filed his Complaint (the "Complaint") in the Superior Court Of California, County Of San Bernardino (the "State Court Action") seeking damages relating to his injuries.  A copy of the Complaint is attached hereto as **Exhibit A**. The Debtors answered the Complaint on January 5, 2020.

13.     The prosecution and liquidation of Movant's claim in a state court forum has been stayed with respect to the Debtors as a consequence of the automatic stay provisions set forth in 11 U.S.C. § 362(a).

14.     Upon information and belief, Debtor is covered by an insurance policy issued by Everest Insurance Company which is applicable to the Movant's claim.  For the avoidance of doubt, Movant will only seek to recover from any amounts obtained, whether through settlement or judgment, above any self-insured retention and will not seek to recover any other amounts from the Debtor's estate.

**RELIEF REQUESTED**

15.     Through this Motion, Movant seeks the entry of an order pursuant to section 362(d) of the Bankruptcy Code and 4001 of the Federal Rules of Bankruptcy Procedure, granting so that he may prosecute his claims against the Debtor to judgment and satisfy

any award or other resolution he may obtain against the Debtors from the proceeds of any

applicable insurance policies.

## BASIS FOR RELIEF REQUESTED

16.    Movant is entitled to relief from the automatic stay and/or discharge

injunction pursuant to 11 U.S.C. § 362(d)(1).

17.    The Bankruptcy Code provides:

> On request of a party in interest and after notice and a
> hearing, the court shall grant relief from the stay provided
> under subsection (a) of this section, such as by terminating,
> annulling, modifying, or conditioning such stay . . . (1) for
> cause, including the lack of adequate protection of an
> interesting property for such party interest

11 U.S.C. § 362(d)(1).  The term "cause" is not defined in the Code, but rather must be

determined on a case-by-case basis.  *In re Rexene Prods. Co.*, 141 B.R. 574, 576 (Bankr.

D. Del. 1992) (internal citations and quotations omitted).  "Cause is a flexible concept and

courts often . . . examin[e] the totality of the circumstances to determine whether sufficient

cause exists to lift the stay."  *In re SCO Group, Inc.*, 395 B.R. 852, 856 (Bankr. D. Del.

2007).

18.    At a hearing for relief from automatic stay under Section 362(d), the party

opposing stay relief bears the burden of proof on all issues with the exception of the debtor's

equity in property.  *See In re Domestic Fuel Corp.*, 70 B.R. 455, 462-463 (Bankr. S.D.N.Y.

1987); 11 U.S.C. § 362(g).  If a creditor seeking relief from the automatic stay makes a

prima facie case of "cause" for listing the stay, the burden of going forward shifts to the

trustee pursuant to Bankruptcy Code Section 362(g).  *See In Re 234-6 West 22nd Street*

*Corp.*, 214 B.R. 751, 756 (Bankr. S.D.N.Y. 1997).

19.     Courts often follow the logic of the intent behind § 362(d) which is that it is often appropriate to allow litigation to proceed in a non-bankruptcy forum, if there is no prejudice to the estate, "in order to leave the parties to their chosen forum and to relieve the bankruptcy court from duties that may be handled elsewhere." *In re Tribune Co.*, 418 B.R. 116, 126 (Bankr. D. Del. 2009) (quoting legislative history of § 362(d)) (internal citations omitted).

20.     Courts in this District rely upon a three-pronged balancing test in determining whether "cause" exists for granting relief from the automatic stay to continue litigation:

> (1) Whether prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit;
>
> (2) Whether the hardship to the non-bankrupt party by maintenance of the stay outweighs the debtor's hardship; and
>
> (3) the creditor's probability of success on the merits.

*See In re Tribune Co.*, 418 B.R. at 126.

21.     Here, the facts weigh in Movant's favor on each of these three prongs. First, the Debtor will not suffer prejudice should the stay be lifted because the Movant's claims must eventually be liquidated before Movant can recover from the bankruptcy estate. To the extent Movant's claims involve personal injury, they must be liquidated in a forum outside the Bankruptcy Court. U.S.C. § 157(b)(5) ("personal injury tort . . . claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claims arose . . . .").

22.     Furthermore, to the extent that the Debtor's liability to the Movant is covered by insurance policies, any recovery by Movant will not affect the Debtor's estate.

5

*See In re 15375 Memorial Corp.*, 382 B.R. 652, 687 (Bankr. D. Del. 2008), *rev'd on other grounds*, 400 B.R. 420 (D. Del. 2009) ("when a payment by an insurer cannot inure to the debtor's pecuniary interest, then that payment should neither enhance nor decrease the bankruptcy estate" (quoting *In re Edgeworth*, 993 F.2d 51, 55-56 (5th Cir. 1993)); *see also In re Allied Digital Tech Corp.*, 306 B.R. 505, 510 (Bankr. D. Del. 2004) (ownership by a bankruptcy estate is not necessarily determinative of the ownership of the proceeds of that policy). "[W]hen the debtor has no legally cognizable claim to the insurance proceeds, those proceeds are not property of the estate." *In re Edgeworth*, 993 F.2d 51, 55-56 (5th Cir. 1993).

23.    Second, the Movant will face substantial hardship if the stay is not lifted. The Movant is a resident of California and the events which form the basis of Movant's claim occurred exclusively in California. If the Movant is forced to litigate his claims in Delaware, he would incur the increased expense of bringing attorneys, witnesses, and physical evidence to Delaware. "[O]ne of the primary purposes in granting relief from the stay to permit claim liquidation is to economize judicial resources." *In re Peterson*, 116 B.R. 247, 250 (D. Colo. 1990). Here judicial economy would be served by lifting the automatic stay and allowing Movant's claims to be liquidated in the forum where they are presently postured to be adjudicated quickly.

24.    The Debtor will not suffer any hardship if the Movant's claims are allowed to proceed. Movant's claims are garden variety personal injury claims which do not present any factual or legal issues which will impact or distract the Debtor from its reorganization process.

25.     Lastly, the likelihood of success on the merits prong is satisfied by "even a slight probability of success on the merits may be sufficient to support lifting an automatic stay." *In re Continental Airlines, Inc.*, 152 B.R. 420, 426 (D. Del. 1993). This prong also weighs in Movant's favor. No defenses, much less strong defenses, appear to exist here. "Only strong defenses to state court proceedings can prevent a bankruptcy court from granting relief from the stay in cases where ... the decision-making process should be relegated to bodies other than [the bankruptcy] court." *In re Fonseca v. Philadelphia Housing Authority*, 110 B.R. 191, 196 (Bankr. E.D. Pa. 1990).

26.     When weighing the above factors, the Court should lift the automatic stay to permit Movant to prosecute his claims against the Debtor to judgment in the State Court Action and satisfy any award or other resolution he may obtain against the Debtor from the proceeds of any applicable insurance policies.

## CONCLUSION

WHEREFORE, William Bruzzo respectfully requests that the Court enter an Order, substantially in the form attached hereto as **Exhibit B**, and for such further additional relief as may be just and proper under the circumstances.

Date:    February 25, 2020                Respectfully submitted,

GELLERT SCALI BUSENKELL & BROWN, LLC

*/s/ Michael Busenkell*
Michael Busenkell (DE 3933)
1201 N. Orange Street, 3rd Floor
Wilmington, DE 19801
Telephone: (302) 425- 5800
Fax: (302) 425-5814 Facsimile
Email: mbusenkell@gsbblaw.com

*Attorneys for William Bruzzo*