## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re | ) | Chapter 11 |
|  | ) |  |
| TOUGH MUDDER INC., *et al.*,[1] | ) | Case No. 20-10036 (CSS) |
|  | ) |  |
|  | ) | Jointly Administered |
|  | ) |  |
|  | ) | **Objection Deadline:** |
|  | ) | **March 11, 2020, at 4:00 p.m. (EDT)** |
|  | ) |  |
|  | ) | **Hearing Date:** |
|  | ) | **March 23, 2020, at 2:00 p.m. (EDT)** |
|  | ) |  |
|  | ) |  |

## CHAPTER 11 TRUSTEE'S APPLICATION FOR ENTRY OF AN ORDER UNDER SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2014 AND 2016, AND LOCAL RULES 2014-1 AND 2016-1 AUTHORIZING RETENTION AND EMPLOYMENT OF MORRIS, NICHOLS, ARSHT & TUNNELL LLP AS COUNSEL FOR THE TRUSTEE *NUNC PRO TUNC* TO THE APPOINTMENT DATE

Derek C. Abbott, Esq., the chapter 11 trustee (the "Trustee") for Tough Mudder

Inc. ("Tough Mudder") and Tough Mudder Event Production Inc. ("TM Events" and, together

with Tough Mudder, the "Debtors"), in the above-captioned chapter 11 cases (the "Chapter 11

Cases") submits this application (the "Application") for entry of an order, substantially in the

form attached hereto as **Exhibit A**, pursuant to sections 327(a) and 328(a) of title 11 of the

United States Code (the "Bankruptcy Code"), rules 2014 and 2016 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1 and 2016-1 of the Local

Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

District of Delaware (the "Local Rules"), authorizing the retention and employment of Morris,

Nichols, Arsht & Tunnell LLP ("Morris Nichols") as counsel for the Trustee *nunc pro tunc* to

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tough Mudder Inc. (2576) and Tough Mudder Event Production Inc. (6845). The Debtors' address is 15 MetroTech Center, Brooklyn, NY 12201.

January 30, 2020 (the "Appointment Date").  In support of the Application, the Trustee relies upon and incorporates by reference the *Declaration of Matthew B. Harvey in Support of the Chapter 11 Trustee's Application for Entry of an Order Under Sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1 Authorizing Retention and Employment of Morris, Nichols, Arsht & Tunnell LLP as Counsel for the Trustee* Nunc Pro Tunc *to the Appointment Date* (the "Harvey Declaration"), attached hereto as **Exhibit B**.  In further support of the Application, the Trustee respectfully states as follows:

## JURISDICTION

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Pursuant to Local Rule 9013-1(f), the Trustee consents to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      The statutory bases for the relief requested herein are sections 327(a) and 328(a) of the Bankruptcy Code, as supplemented by Bankruptcy Rules 2014(a) and 2016 and Local Rules 2014-1 and 2016-1.

## BACKGROUND

4.      On January 7, 2020 (the "Petition Date"), Valley Builders LLC, Trademarc Associates, Inc., and David Watkins Homes Inc. (collectively, the "Petitioning

Creditors") filed involuntary petitions under chapter 11 of the Bankruptcy Code against Tough Mudder and TM Events.

5.      A more detailed description of the Debtors' business, corporate structure, prepetition indebtedness, and events leading to the bankruptcy filings is set forth in the *Declaration of Kyle McLaughlin in Support of Chapter 11 Trustee's Motion for Entry of an Order (I) Approving Entry Into and Performance Under Asset Purchase Agreement by and Among Spartan Race, Inc., and Debtors' Chapter 11 Trustee, (II) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Approving the Assumption and Assignment of Certain Contracts and Related Procedures, (IV) Approving the Bid Protections, and (V) Granting Related Relief* (the "McLaughlin Declaration").[2]  This Application incorporates by reference the facts set forth in the McLaughlin Declaration as if fully set forth herein.

6.      On January 21, 2020, the Court entered the *Order Directing the Appointment of a Chapter 11 Trustee* [D.I. 18] and the *Order for Relief in Involuntary Case* [D.I. 19].  The Court entered an order approving the appointment of the Trustee on the Appointment Date [D.I. 24], and the Trustee accepted his appointment on January 31, 2020 [D.I. 25].  Since that time, the Trustee has managed the Debtors' affairs pursuant to section 1106 of the Bankruptcy Code.  No official committee has been appointed in the Chapter 11 Cases.

---

[2]      The McLaughlin Declaration is attached as Exhibit C to the *Chapter 11 Trustee's Motion for Entry of an Order (I) Approving Entry Into and Performance Under Asset Purchase Agreement by and Among Spartan Race, Inc., and Debtors' Chapter 11 Trustee, (II) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Approving the Assumption and Assignment of Certain Contracts and Related Procedures, (IV) Approving the Bid Protections, and (V) Granting Related Relief* [D.I. 30].

## RELIEF REQUESTED

7.      The Trustee desires to retain and employ Morris Nichols as his counsel. By this Application, the Trustee respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, authorizing the Trustee to retain and employ Morris Nichols as his counsel *nunc pro tunc* to the Appointment Date to represent the Trustee in all phases of the Chapter 11 Cases.

## BASIS FOR RELIEF

8.      Under section 327(a) of the Bankruptcy Code, a trustee may employ one or more attorneys to represent the trustee in carrying out the trustee's duties under the Bankruptcy Code, provided that such attorneys are disinterested persons and do not hold or represent an interest adverse to the estate.  11 U.S.C. § 327(a) (2018).  Section 101(14) of the Bankruptcy Code defines "disinterested person" as one who

> (A) is not a creditor, an equity security holder, or an insider;

> (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and

> (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

*Id.* § 101(14).

9.      The Trustee has engaged Morris Nichols as his counsel in connection with his appointment and, subject to the entry of an order approving the retention of Morris Nichols, the prosecution of the Chapter 11 Cases.

10.     The Trustee seeks to retain and employ Morris Nichols because the firm's attorneys have extensive experience representing clients in chapter 11 cases before this Court, including debtors in possession and trustees in chapter 11 cases.  The firm's attorneys are familiar with many of the potential legal issues which may arise in the context of the Chapter 11 Cases.  Further, Morris Nichols assisted the Trustee by quickly analyzing the various legal issues involved in the Chapter 11 Cases and advising the Trustee on his duties and responsibilities under the Bankruptcy Code.  For these reasons, Morris Nichols is well qualified to represent the Trustee as counsel.

11.     The Trustee requests approval of the employment of Morris Nichols *nunc pro tunc* to the Appointment Date.  *Nunc pro tunc* relief is warranted in these cases.  The Third Circuit has identified "time pressure to begin service" and absence of prejudice as factors favoring *nunc pro tunc* retention.  *See In re Arkansas Co.*, 798 F.2d 645, 650 (3d Cir. 1986); *see also Indian River Homes, Inc. v. Sussex Tr. Co.*, 108 B.R. 46, 52 (D. Del. 1989).  Given the size and complexity of the Chapter 11 Cases, and the immediate need to seek an order approving a sale of the Debtors' assets, the Trustee was not able to seek approval of Morris Nichols's retention before Morris Nichols began work.  Nonetheless, the Trustee and Morris Nichols have filed this Application as soon as practically possible.  Under these circumstances, no party will be prejudiced and *nunc pro tunc* retention should be approved.

## SERVICES TO BE PROVIDED BY MORRIS NICHOLS

12.     The Trustee believes that the services of Morris Nichols are necessary to enable him to faithfully execute his duties as chapter 11 trustee.  Subject to further order of this Court, Morris Nichols will perform the following professional services for or on behalf of the Trustee in the Chapter 11 Cases:

a.    perform all necessary services as the Trustee's counsel, including, without limitation, providing the Trustee with advice, representing the Trustee, and preparing necessary documents on behalf of the Trustee in the areas of restructuring and bankruptcy;

b.    take all necessary actions to protect and preserve the Debtors' estates during the Chapter 11 Cases, including the prosecution of actions by the Trustee, the defense of any actions commenced against the Trustee, negotiations concerning litigation in which the Debtors and/or the Trustee is involved, and objecting to claims filed against the estates;

c.    prepare or coordinate preparation on behalf of the Trustee any necessary motions, applications, answers, orders, reports, and papers in connection with the administration of the Chapter 11 Cases;

d.    counsel the Trustee with regard to his rights and obligations as chapter 11 trustee;

e.    coordinate with the Trustee's other professionals in representing the Trustee in connection with these cases; and

f.    perform all other necessary or requested legal services.

13.    Morris Nichols will work with the Trustee's other professionals to avoid unnecessary duplication of efforts and to represent the Trustee in an efficient and cost-effective manner.

14.    The Trustee believes that Morris Nichols's employment is in the best interests of the Debtors, their estates, and their creditors.

15.    Subject to this Court's approval of the Application, Morris Nichols is willing to serve as the Trustee's counsel and to perform the services described above.

**DISINTERESTEDNESS OF MORRIS NICHOLS**

16.    To the best of the Trustee's knowledge, information, and belief, and except as otherwise set forth herein and in the Harvey Declaration, no Morris Nichols partners,

counsel, or associates hold or represent any interest adverse to the Debtors' estates or their creditors, and Morris Nichols is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code.

17.     Morris Nichols does not, and has not, represented any entities, other than the Trustee, in matters related to the Chapter 11 Cases, except to the extent otherwise indicated in the Harvey Declaration.  Morris Nichols may represent, or may have represented in the past, certain parties with interests in the Debtors' cases on matters unrelated to their Chapter 11 Cases. As set forth in the Harvey Declaration, Morris Nichols has conducted, and continues to conduct, research into its relations with the Debtors, their substantial creditors and equity security holders, and other parties interested in these cases.  As part of this inquiry, Morris Nichols obtained the names of individuals or entities that may be parties in interest in the Chapter 11 Cases (the "Potential Parties in Interest," attached to the Harvey Declaration as **Schedule 1**).  Morris Nichols then entered the names of Potential Parties in Interest into a computer database containing the names of all clients and conflict information concerning the clients of Morris Nichols.

18.     From the results of this inquiry, Morris Nichols compiled a list (the "Client Match List") of Potential Parties in Interest that are current or former Morris Nichols clients.  The Client Match List is divided into two schedules of current and former clients, respectively.  Current clients are listed on **Schedule 2** attached to the Harvey Declaration and former clients are listed on **Schedule 3** attached to the Harvey Declaration.  Through additional inquiry, Morris Nichols has determined its representations of clients on the Client Match List concern matters unrelated to the Debtors and the chapter 11 cases, except to the extent otherwise indicated in the Harvey Declaration.  Further, although Morris Nichols values all of its clients,

the entities listed on the Client Match List do not represent significant financial revenues for Morris Nichols.

19.     Although Morris Nichols has undertaken, and continues to undertake, efforts to identify connections with the Trustee, the Debtors, and other parties in interest, it is possible that connections with some parties in interest have not yet been identified.  Should Morris Nichols discover additional connections of the nature described above, Morris Nichols will promptly supplement the disclosures in the Harvey Declaration.

## PROFESSIONAL COMPENSATION

20.     As set forth in the Harvey Declaration, the Trustee retained Morris Nichols on January 30, 2020.

21.     Except as set forth in the Harvey Declaration, Morris Nichols has not been paid any other compensation by the Trustee in connection with the Chapter 11 Cases, and Morris Nichols is not a creditor of the Debtors.

22.     In addition, compensation will be based upon the hours actually expended by each assigned professional at each professional's hourly billing rate, as detailed further in the Harvey Declaration.  Subject to Court approval in accordance with Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Rules, and the orders of this Court, the Trustee proposes to compensate Morris Nichols for professional services rendered at its normal and customary hourly rates in effect from time to time as set forth in the Harvey Declaration.

23.     Morris Nichols will also seek reimbursement for reasonable and necessary expenses incurred, which shall include travel, photocopying, delivery service, postage, vendor charges, and other out-of-pocket expenses incurred in providing professional services, charged at cost.

24.     Morris Nichols intends to apply to the Court for the allowance of compensation for professional services rendered and reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any relevant orders of the Court.

## NOTICE

25.     No creditors' committee or examiner has been appointed in the Chapter 11 Cases.  A copy of this Application will be served via hand delivery, first-class mail, and/or electronic mail, where available and as applicable, upon: (a) the Office of the United States Trustee for the District of Delaware; (b) the Debtors' 20 largest unsecured creditors on a consolidated basis; and (c) any other party that has requested notice pursuant to Local Rule 2002-1(b).  The Trustee submits that, in light of the nature of the relief requested, no other or further notice need be provided.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court: (i) grant this Application and the relief requested herein; (ii) enter the proposed order attached hereto as **Exhibit A**; and (iii) grant such other and further relief as it deems just and proper.

Dated: February 26, 2020

/s/ Derek C. Abbott
Derek C. Abbott
Chapter 11 Trustee for Tough Mudder Inc. and Tough
Mudder Event Production Inc.