# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | Chapter 11 |
| TOUGH MUDDER INC., *et al.*,[1] | Case No. 20-10036 (CSS) |
| Debtors. | Jointly Administered |
|  | **Objection Deadline:**<br>March 13, 2020, at 4:00 p.m. (EDT) |
|  | **Hearing Date:**<br>March 23, 2020, at 2:00 p.m. (EDT) |

## CHAPTER 11 TRUSTEE'S MOTION FOR ENTRY OF AN ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR RETAINED PROFESSIONALS

Derek C. Abbott, Esq., the chapter 11 trustee (the "Trustee") for Tough Mudder Inc. ("Tough Mudder") and Tough Mudder Event Production Inc. ("TM Events" and, together with Tough Mudder, the "Debtors"), in the above-captioned chapter 11 cases (the "Chapter 11 Cases") hereby respectfully moves (the "Motion") as follows:

### RELIEF REQUESTED

1. By this Motion, pursuant to sections 105(a), 330(a), and 331 of title 11 of the United States Code (the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Trustee requests entry of an order (the "Proposed Order"), substantially in the form attached hereto as **Exhibit A**, establishing an orderly, regular process for the allowance and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tough Mudder Inc. (2576) and Tough Mudder Event Production Inc. (6845). The Debtors' address is 15 MetroTech Center, Brooklyn, NY 12201.

payment of compensation for professional services rendered and reimbursement of expenses incurred by Professionals (as defined below). Specifically, the Trustee proposes that the payment of fees and reimbursement of expenses of the Professionals retained in the Chapter 11 Cases be structured in accordance with the procedures annexed as **Exhibit 1** to the Proposed Order and incorporated herein by reference (the "Compensation Procedures").[2]

2. The Trustee requests that the Court limit service of the Applications to the Notice Parties (each as defined below). The Trustee further requests that all other parties that have filed a notice of appearance with the Clerk of the Court and requested notice of pleadings in the Chapter 11 Cases shall be entitled to receive only notice of hearings on the Applications (the "Hearing Notices"). Serving the Applications and the Hearing Notices in this manner will permit the parties most active in the Chapter 11 Cases to review and object to the Professionals' fees and expenses and will save unnecessary duplication and mailing expenses.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

4. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and, pursuant to Local Rule 9013-1(f), the Trustee consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

---

[2] Unless specifically set forth herein, and for the avoidance of doubt, the Trustee's proposed Compensation Procedures shall not override compensation procedures in any separate order of the Court approving the employment and retention of any Professional.

5. Venue of the Chapter 11 Cases and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

6. On January 7, 2020 (the "Petition Date"), Valley Builders LLC, Trademarc Associates, Inc., and David Watkins Homes Inc., filed involuntary petitions under chapter 11 of the Bankruptcy Code against Tough Mudder and TM Events.

7. On January 21, 2020, the Court entered the *Order Directing the Appointment of a Chapter 11 Trustee* [D.I. 18]. The Court entered an order approving the appointment of the Trustee on January 30, 2020 [D.I. 24] (the "Appointment Date"), and the Trustee accepted his appointment on January 31, 2020 [D.I. 25]. Since that time, the Trustee has managed the Debtors' affairs pursuant to section 1106 of the Bankruptcy Code. No official committee has been appointed in the Chapter 11 Cases.

8. A more detailed description of the Debtors' business and the facts and circumstances leading to the Chapter 11 Cases is set forth in the *Declaration of Kyle McLaughlin in Support of Chapter 11 Trustee's Motion for Entry of an Order (I) Approving Entry Into and Performance Under Asset Purchase Agreement by and Among Spartan Race, Inc., and Debtors' Chapter 11 Trustee, (II) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Approving the Assumption and Assignment of Certain Contracts and Related Procedures, (IV) Approving the Bid Protections, and (V) Granting Related Relief* (the "McLaughlin Declaration").[3] This Motion incorporates by reference the facts set forth in the McLaughlin Declaration as if fully set forth herein.

---

[3] The McLaughlin Declaration is attached as Exhibit C to the *Chapter 11 Trustee's Motion for Entry of an Order (I) Approving Entry Into and Performance Under Asset Purchase Agreement by and Among Spartan Race, Inc., and Debtors' Chapter 11 Trustee, (II) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and*

**RETENTION OF PROFESSIONALS IN THE CHAPTER 11 CASES**

9.  The Trustee has filed, or anticipates filing, applications to retain the following professionals in the Chapter 11 Cases: (a) Morris, Nichols, Arsht & Tunnell LLP as counsel; and (b) Verdolino & Lowey, P.C. as accountant and financial advisor (each a "Professional" and, collectively with any other subsequently retained professionals under section 327(a) and/or 1103 of the Bankruptcy Code, the "Professionals").  The Trustee may also retain other Professionals in the Chapter 11 Cases as the need arises, and any official committee appointed in the Chapter 11 Cases would also retain Professionals.

**THE PROPOSED COMPENSATION PROCEDURES**

10.  As detailed in **Exhibit 1** to the Proposed Order, the Compensation Procedures will establish a streamlined process for the payment of retained Professionals during the Chapter 11 Cases.  Pursuant to the Compensation Procedures, the Professionals will file and serve monthly applications (the "Monthly Fee Applications") with the Court for approval of 80% of their fees and 100% of expenses, upon notice to key parties, including (a) proposed counsel to the Trustee, (b) the Debtors' 20 largest unsecured creditors on a consolidated basis, and (c) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee," and together with the other parties in (a) and (b), collectively, the "Notice Parties").  Every three months, the Professionals may file and serve interim fee applications (the "Interim Fee Applications") with the Court for approval of the 20% holdback of their fees.  At the conclusion of the Chapter 11 Cases, the Professionals will file and serve final fee applications (the "Final Fee Applications" and, collectively with the Monthly Fee Applications and Interim Fee Applications, the "Applications") for final approval of 100% of their fees and 100% of their expenses.

---

*Interests, (III) Approving the Assumption and Assignment of Certain Contracts and Related Procedures, (IV) Approving the Bid Protections, and (V) Granting Related Relief* [D.I. 30].

11. The Trustee believes that the proposed Compensation Procedures will enable the Trustee to: (a) closely monitor the costs of administering the Chapter 11 Cases, (b) maintain an appropriate level of liquidity so as to ensure the Debtors' estates' continued ability to satisfy such costs, and (c) forecast level cash flows that account for the amount and timing of such costs. Moreover, the proposed Compensation Procedures will streamline the administration of the Chapter 11 Cases and otherwise expedite the bankruptcy process for the Court, the U.S. Trustee, and parties in interest.

## BASIS FOR RELIEF

12. Section 330 of the Bankruptcy Code provides, in relevant part, that:

> After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to . . . a professional person employed under section 327 or 1103—
> (A) reasonable compensation for actual, necessary services rendered . . . and
> (B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1) (2018).

13. Section 331 of the Bankruptcy Code provides, in relevant part, that:

> [A] debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days . . . or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

*Id.* § 331. Under section 331 of the Bankruptcy Code, professionals are limited to seeking payment of fees and expenses to no more than three times per year. However, section 331 also expressly allows a court to permit the more frequent filing of such applications.

14. Further, section 105(a) of the Bankruptcy Code authorizes a court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions

-5-

of [the Bankruptcy Code]," thereby codifying the bankruptcy court's inherent equitable powers. *Id.* § 105(a).

15. Interim compensation procedures are necessary to avoid having professionals fund the bankruptcy cases. *See In re Mariner Post-Acute Network, Inc.*, 257 B.R. 723, 727–28 (Bankr. D. Del. 2000) (approving entry of such an order and explaining that more frequent payment avoids "'impos[ing] an intolerable burden on [the professionals] and . . . plac[ing] them at a significant economic disadvantage'" while also permitting the debtors to "better manage their cash flow" (quoting S. Elizabeth Gibson, *A Guide to the Judicial Management of Bankruptcy Mega–Cases*, 18 (1992)). Factors to consider in deciding whether to establish interim compensation procedures include the size of the case, the complexity of the issues involved, and the time required on the part of the professionals for the debtor in providing services necessary to achieve a successful reorganization. *See id.* at 730 (citing *U.S. Trustee v. Knudsen Corp.* (*In re Knudsen Corp.*), 84 B.R. 668, 672–73 (B.A.P. 9th Cir. 1988)).

16. Here, implementation of the proposed Compensation Procedures is justified and in the best interest of the Debtors' estates and their creditors. The proposed Compensation Procedures will (a) enable the Trustee and parties in interest to closely monitor costs of administration relating to the Chapter 11 Cases, (b) allow the Court and parties in interest to ensure the reasonableness and necessity of the compensation and reimbursement of expenses, (c) substantially reduce the burden imposed on the Court by avoiding the need for immediate review of Monthly Fee Applications, and (d) eliminate undue financial burdens on the Professionals. Moreover, absent streamlined compensation procedures, the professional fee application and review process could impose an unnecessary burden on the Trustee, the Court, the Professionals, and other parties in interest. The proposed Compensation Procedures will

greatly simplify the process and preempt unnecessary Court involvement and expenditure of judicial resources. Accordingly, the Trustee submits the relief requested herein is necessary, appropriate, and in the best interests of the Debtors, their estates, and their creditors, and as such should be granted.

## **NOTICE**

17.    Notice of this Motion will be provided to the following parties or, in lieu thereof, their counsel, if known: (a) the U.S. Trustee; (b) the Debtors' 20 largest unsecured creditors on a consolidated basis; and (c) any other party that has requested notice pursuant to Local Rule 2002-1(b).  Based on the nature of the relief requested herein, the Trustee respectfully submits that no further notice is required.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Trustee respectfully requests that the Court enter the Proposed Order, substantially in the form attached as **Exhibit A**, granting the relief requested herein and such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: February 28, 2020<br>Wilmington, Delaware | **MORRIS, NICHOLS, ARSHT & TUNNELL LLP**<br><br>*/s/ Brett S. Turlington*<br>Curtis S. Miller (No. 4583)<br>Matthew B. Harvey (No. 5186)<br>Joseph C. Barsalona II (No. 6102)<br>Brett S. Turlington (No. 6705)<br>1201 N. Market Street, 16th Floor<br>P.O. Box 1347<br>Wilmington, Delaware 19899-1347<br>Telephone: (302) 658-9200<br>Facsimile: (302) 658-3989<br>Email: cmiller@mnat.com<br>          mharvey@mnat.com<br>          jbarsalona@mnat.com<br>          bturlington@mnat.com<br><br>*Proposed Counsel for Derek C. Abbott, Esq., as Chapter 11 Trustee to Tough Mudder Inc. and Tough Mudder Event Production Inc.* |