## Exhibit A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re | ) | Chapter 11 |
| | ) | |
| TOUGH MUDDER INC., *et al.*,[1] | ) | Case No. 20-10036 (CSS) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **RE: D.I. __** |
| | ) | |

**ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR RETAINED PROFESSIONALS**

Upon the motion (the "Motion")[2] of Derek C. Abbott, Esq., the chapter 11 trustee

(the "Trustee") for Tough Mudder Inc. ("Tough Mudder") and Tough Mudder Event Production

Inc. ("TM Events" and, together with Tough Mudder, the "Debtors") for entry of an order (this

"Order"), pursuant to sections 105(a), 330(a) and 331 of the Bankruptcy Code, Bankruptcy Rule

2016, and Local Rule 2016-2, establishing procedures for interim compensation and

reimbursement of expenses for retained professionals; and the Court having jurisdiction to

consider the matters raised in the Motion pursuant to 28 U.S.C. § 1334 and the *Amended

Standing Order of Reference* from the United States District Court for the District of Delaware,

dated February 29, 2012; and the Court having authority to hear the matters raised in the Motion

pursuant to 28 U.S.C. § 157; and venue being proper before this Court pursuant to 28 U.S.C.

§§ 1408 and 1409; and consideration of the Motion and the requested relief being a core

proceeding that the Court can determine pursuant to 28 U.S.C. § 157(b)(2); and due and proper

notice of the Motion and opportunity for a hearing on the Motion having been given to the

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax
identification number, are: Tough Mudder Inc. (2576) and Tough Mudder Event Production Inc. (6845).
The Debtors' address is 15 MetroTech Center, Brooklyn, NY 12201.

[2]     Capitalized terms not otherwise defined herein are used as in the Motion.

parties listed therein, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion; and the Court having the opportunity to hold a hearing on the Motion (the "Hearing"), if necessary; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and the Court having found that the relief requested in the Motion being in the best interests of the Debtors, their creditors, their estates, and other parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.      The relief requested in the Motion is hereby granted as set forth herein.

2.      Except as otherwise provided in this Court's orders, all Professionals may seek interim compensation of fees and reimbursement of expenses in accordance with the procedures (the "Compensation Procedures") set out in **Exhibit 1** attached hereto.

3.      All Professionals who have been or are hereafter retained under sections 327 or 1103 of the Bankruptcy Code, except those that the Trustee retained in the ordinary course of business, shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Chapter 11 Cases in compliance with this Order, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Court's orders.

4.      The Professionals shall be required to serve the Applications only on the Notice Parties.  All other parties that have filed a notice of appearance shall be entitled to receive only Hearing Notices on the Applications, which shall contain information for accessing application(s) free of charge.

5.      The Trustee shall include in the Debtors' monthly operating reports all payments to Professionals.

6.      All periods referenced in this Order and the Compensation Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a).

7.      Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, this Order shall be effective immediately and enforceable upon its entry.

8.      The Trustee is authorized to take all actions necessary or appropriate to implement the terms of this Order.

9.      The Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to implementation, interpretation, and enforcement of this Order.

Dated: _____, 2020
            Wilmington, Delaware

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
CHIEF UNITED STATES BANKRUPTCY JUDGE

## Exhibit 1

**Compensation Procedures**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| TOUGH MUDDER INC., *et al.*,[1] | ) | Case No. 20-10036 (CSS) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## COMPENSATION PROCEDURES

Pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* (the "Order"),[2] the following compensation procedures (collectively, the "Compensation Procedures") shall apply with respect to the allowance and payment of compensation for professional services rendered and reimbursement of expenses incurred by attorneys and other professionals retained pursuant to sections 327 or 1103 of the Bankruptcy Code and are required to file applications pursuant to sections 330 and 331 of the Bankruptcy Code on terms that satisfy the requirements of Bankruptcy Rule 2016 and Local Rule 2016-2 (each a "Professional" and collectively, the "Professionals").  Specifically, the Compensation Procedures are as follows:

a.  Each month following the month or months for which compensation is sought, each Professional seeking interim allowance of its fees and expenses may file an application, which will include the relevant time entry and description and expense detail, with the Court for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month or months (a "Monthly Fee Application").

b.  Each Professional may submit its first Monthly Fee Application no earlier than entry of the Order.  The initial

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tough Mudder Inc. (2576) and Tough Mudder Event Production Inc. (6845). The Debtors' address is 15 MetroTech Center, Brooklyn, NY 12201.

[2]    Capitalized terms not otherwise defined herein are used as in the Order.

Monthly Fee Application will cover the period from the Appointment Date through February 29, 2020. Thereafter, the Professionals may submit Monthly Fee Applications in the manner described above.

c.    Each such Professional shall serve such Monthly Fee Application by first-class mail on the following parties: (i) proposed counsel for the Trustee, Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 16th Floor, P.O. Box 1347, Wilmington, DE 19899, Attn: Curtis S. Miller (cmiller@mnat.com), Matthew B. Harvey (mharvey@mnat.com), Joseph C. Barsalona II (jbarsalona@mnat.com), and Brett S. Turlington (bturlington@mnat.com); (ii) the Debtors' 20 largest unsecured creditors on a consolidated basis; and (iii) the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Jane Leamy, Esq. (jane.m.leamy@usdoj.gov) (each a "<u>Notice Party</u>" and collectively, the "<u>Notice Parties</u>").

d.    Any Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application that includes a request for compensation earned or expenses incurred during previous months. All Monthly Fee Applications shall comply with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and applicable nonbankruptcy law.

e.    Parties in interest have 14 days after the service of a Monthly Fee Application (the "<u>Objection Deadline</u>") to object to the requested fees and expenses in accordance with the procedures described in subparagraph (f) below. After expiration of the Objection Deadline, each Professional may file with the Court a certificate of no objection ("<u>CNO</u>") with respect to the unopposed portion of the fees and expenses requested in its Monthly Fee Application. After a CNO is filed, the Trustee is authorized to pay the Professional an amount (the "<u>Actual Monthly Payment</u>") equal to the lesser of (i) 80% of the fees and 100% of the expenses requested in the Monthly Fee Application (the "<u>Maximum Monthly Payment</u>") or (ii) 80% of the fees and 100% of the expenses not subject to an objection pursuant to subparagraph (f) below.

2

f.      If any party in interest wishes to object to a Professional's Monthly Fee Application, it must (i) file a written objection (each, an "<u>Objection</u>") with the Court on or before the Objection Deadline and (ii) serve the Objection on the affected Professional and each of the other Notice Parties so that it is **actually received** by the other Notice Parties on or before the Objection Deadline. Any such Objection shall identify, with specificity, the objectionable fees and/or expenses, including the amount of such objected to fees and/or expenses and the basis for such Objection. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution of the Objection within 14 days after service of the Objection, the affected Professional may either (i) file a request with the Court for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment made to the affected Professional (the "<u>Incremental Amount</u>") or (ii) forgo payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and rule on the Objection if requested by the parties. Payment of the Incremental Amount will be allowed upon the Court's disposal of the Objection.

g.      At three-month intervals or such other intervals convenient to the Court (the "<u>Interim Fee Period</u>"), each Professional may file with the Court and serve upon the Notice Parties a request (an "<u>Interim Fee Application</u>") for interim Court approval and allowance of the compensation and reimbursement of expenses sought by such Professional in its Monthly Fee Applications, including any holdbacks filed during the Interim Fee Period, pursuant to section 331 of the Bankruptcy Code. The Interim Fee Application must include a brief summary identifying the following:

(i)     the Monthly Fee Applications that are the subject of the request;

(ii)    the amount of fees and expenses requested;

(iii)   the amount of fees and expenses approved to date or subject to an Objection; and

(iv)    any other information requested by the Court or required by the Bankruptcy Rules or Local Rules,

including Bankruptcy Rule 2016(a) and Local Rule
2016-2.

Each Professional shall file its first Interim Fee Application
no earlier than April 2020, and the first Interim Fee
Application shall cover the period from the Appointment
Date through March 31, 2020.    Thereafter, each
Professional must file its Interim Fee Application after the
end of the applicable Interim Fee Period.

h.    The Trustee will request that the Court schedule a hearing
on Interim Fee Applications at least once every three
months or at such other intervals as the Court deems
appropriate.  Parties in interest will have 14 days after the
service of an Interim Fee Application to file an Objection.
The Court, in its discretion, may approve an uncontested
Interim Fee Application without the need for a hearing,
upon the Professional's filing of a CNO.  Upon allowance
by the Court of a Professional's Interim Fee Application,
the Trustee will be authorized to promptly pay such
Professional all allowed fees (including the 20% holdback)
and expenses not previously paid.

i.    The pendency of an Objection to payment of compensation
or reimbursement of expenses shall not disqualify a
Professional from the future payment of compensation or
reimbursement of expenses pursuant to the Compensation
Procedures. Any Professional that fails to file an Interim
Fee Application when permitted will be ineligible to
receive further interim payments of fees or expenses under
the Compensation Procedures until such time as an Interim
Fee Application is submitted by the Professional.

j.    Professionals will each file a final application for
compensation and reimbursement (the "Final Fee
Application") on or before the deadline set in a confirmed
chapter 11 plan or an order of the Court.  Each Final Fee
Application must comply with the Bankruptcy Code, the
Bankruptcy Rules, the Local Rules, and this Court's orders.