## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| TOUGH MUDDER INC., *et al.*,[1] | ) Case No. 20-10036 (CSS) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) **Objection Deadline:** |
| | ) **March 13, 2020, at 4:00 p.m. (EDT)** |
| | ) |
| | ) **Hearing Date:** |
| | ) **March 23, 2020, at 2:00 p.m. (EDT)** |
| | ) |
| | ) |

## CHAPTER 11 TRUSTEE'S FIRST OMNIBUS MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE CHAPTER 11 TRUSTEE TO (A) REJECT CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES *NUNC PRO TUNC* TO FEBRUARY 28, 2020 AND (B) ABANDON OR, IN THE ALTERNATIVE, SELL CERTAIN PERSONAL PROPERTY IN CONNECTION THEREWITH, AND (II) GRANTING RELATED RELIEF

> **PARTIES RECEIVING THIS MOTION SHOULD LOCATE THEIR NAMES AND THEIR CONTRACTS OR LEASES LISTED ON EXHIBIT 1 TO THE PROPOSED ORDER, ATTACHED HERETO AS EXHIBIT A.**

Derek C. Abbott, Esq., the chapter 11 trustee (the "Trustee") for Tough Mudder

Inc. ("Tough Mudder") and Tough Mudder Event Production Inc. ("TM Events" and, together

with Tough Mudder, the "Debtors"), in the above-captioned chapter 11 cases (the "Chapter 11

Cases") hereby moves (the "Motion"), pursuant to sections 105(a), 365, 554(a) and 363(b) of

title 11 of the United States Code (the "Bankruptcy Code") and rules 6006, 6004 and 9014 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order

substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"): (a) authorizing

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tough Mudder Inc. (2576) and Tough Mudder Event Production Inc. (6845). The Debtors' address is 15 MetroTech Center, Brooklyn, NY 12201.

the Trustee to (i) reject, as identified on **Exhibit 1** to the Proposed Order, the executory contracts (the "Executory Contracts") and unexpired leases (the "Unexpired Leases" and, together with the Executory Contracts, the "Specified Contracts and Leases"), effective as of February 28, 2020, and (ii) abandon or, in the alternative, sell certain personal property that remains at the Debtors' headquarters located at 15 MetroTech Center, Brooklyn, NY 12201 (the "Headquarters"): and (b) granting related relief.  In support of the Motion, the Trustee respectfully states as follows:

## JURISDICTION

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      Pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Trustee consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      The statutory bases for the relief requested herein are sections 105(a), 365, 554(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rules 6006, 6004 and 9014.

## GENERAL BACKGROUND

4.      On January 7, 2020 (the "Petition Date"), Valley Builders LLC, Trademarc Associates, Inc., and David Watkins Homes Inc. filed involuntary petitions under chapter 11 of the Bankruptcy Code against the Debtors.

5.      A more detailed description of the Debtors' business, corporate structure, prepetition indebtedness, and events leading to the bankruptcy filings is set forth in the *Declaration of Kyle McLaughlin in Support of Chapter 11 Trustee's Motion for Entry of an Order (I) Approving Entry Into and Performance Under Asset Purchase Agreement by and Among Spartan Race, Inc., and Debtors' Chapter 11 Trustee, (II) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Approving the Assumption and Assignment of Certain Contracts and Related Procedures, (IV) Approving the Bid Protections, and (V) Granting Related Relief* (the "McLaughlin Declaration").[2]  This Motion incorporates by reference the facts set forth in the McLaughlin Declaration as if fully set forth herein.

6.      On January 21, 2020, the Court entered the *Order Directing the Appointment of a Chapter 11 Trustee* [D.I. 18] and the *Order for Relief in Involuntary Case* [D.I. 19].  The Court entered an order approving the appointment of the Trustee on January 30, 2020 (the "Appointment Date") [D.I. 24], and the Trustee accepted his appointment on January 31, 2020 [D.I. 25].  Since that time, the Trustee has managed the Debtors' affairs pursuant to section 1106 of the Bankruptcy Code.  No official committee has been appointed in the Chapter 11 Cases.

7.      On February 25, 2020, the Court entered the *Order (I) Approving the Asset Purchase Agreement by and Among Spartan Race, Inc., and Debtors' Chapter 11 Trustee, (II) Authorizing the Private Sale of Substantially All of the Debtors' Assets Free and Clear of All*

---

[2]      The McLaughlin Declaration is attached as Exhibit C to the *Chapter 11 Trustee's Motion for Entry of an Order (I) Approving Entry Into and Performance Under Asset Purchase Agreement by and Among Spartan Race, Inc., and Debtors' Chapter 11 Trustee, (II) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Approving the Assumption and Assignment of Certain Contracts and Related Procedures, (IV) Approving the Bid Protections, and (V) Granting Related Relief* [D.I. 30].

3

*Liens, Claims, Encumbrances, and Interests, (III) Approving the Assumption and Assignment of Assume Events and Contracts, and (IV) Granting Related Relief* [D.I. 81] (the "Sale Order"). The Sale Order authorizes the Trustee to sell substantially all of the Debtors' assets (the "Sale") to Spartan Race, Inc. or its designee, which designee is OCR US Holdings, LLC (the "Buyer") pursuant to the terms of the asset purchase agreement attached to the Sale Order as Exhibit A (the "Sale Agreement"). The Sale to the Buyer closed that same day.

8.      The Debtors are party to a significant number of prepetition executory contracts and unexpired leases. Certain of the Debtors' executory contracts were assumed by the Buyer under the Sale Order and the terms of the Sale Agreement. In the Trustee's exercise of his business judgment, he believes the unexpired leases and the majority of the Debtors' remaining executory contracts that were not assumed by the Buyer are no longer necessary to the administration of the Debtors' estates and provide no meaningful value to the Debtors or their estates. In particular, the Debtors no longer have any business use for, and therefore seek to reject, the Specified Contracts and Leases that are the subject of this Motion.

9.      In addition, among the Specified Contracts and Leases listed on **Exhibit 1** to **Exhibit A** is that certain Unexpired Lease for the Headquarters (the "Headquarters Lease"). Under the terms of the Sale Agreement, the Buyer did not purchase certain de minimis personal property located at the Headquarters, including furniture, televisions, equipment, and other items (collectively, the "De Minimis Assets"). Knowing that he would need to reject the Headquarters Lease as of the date hereof in order to avoid paying rent for the month of March 2020, but understanding that the De Minimis Assets may hold some liquidation value, the Trustee engaged in discussions with the Debtors' landlord, Wellpoint Holding Corp. ("Wellpoint"), and certain of the Debtors' subtenants on the potential sale of the De Minimis Assets.

4

10.     As of the date hereof, the Trustee remains in discussions with those parties but a deal has not yet been reached.  Accordingly, by this Motion, in addition to the rejection of the Specified Contracts and Leases, the Trustee seeks to abandon the De Minimis Assets under section 554(a) of the Bankruptcy Code upon the entry of an order or, in the alternative, sell the De Minimis Assets pursuant to section 363(b) of the Bankruptcy Code to a buyer.

## RELIEF REQUESTED

11.     By this Motion, the Trustee respectfully requests entry of an order, substantially in the form of the Proposed Order attached hereto as **Exhibit A**: (a) authorizing the Trustee to (i) reject the Specified Contracts and Leases *nunc pro tunc* to February 28, 2020 and (b) abandon or, in the alternative, sell the De Minimis Assets; and (b) granting related relief.

## BASIS FOR RELIEF

I.     **Rejection of the Specified Contracts and Leases reflects a sound exercise of the Trustee's business judgment and should be authorized.**

12.     Section 365(a) of the Bankruptcy Code provides that a trustee may, with court approval, assume or reject an executory contract or unexpired lease.  11 U.S.C. § 365(a) (2018).  In determining whether to approve a debtor's request to assume or reject an executory contract or unexpired lease, courts generally defer to the trustee's business judgment.  *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984) (stating that the traditional standard applied by courts to authorize the rejection of an executory contract is that of "business judgment"); *see also Delightful Music Ltd. v. Taylor (In re Taylor)*, 913 F.2d 102 (3d Cir. 1990); *Glenstone Lodge, Inc. v. Buckhead Am. Corp.* (*In re Buckhead Am. Corp.*), 180 B.R. 83 (D. Del. 1995).

13.     Courts generally will not second-guess a trustee's business judgment concerning rejection of an executory contract or unexpired lease.  *See In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001) ("A . . . decision to reject an executory

contract must be summarily affirmed unless it is the product of 'bad faith, or whim or caprice.'" (quoting *Wheeling-Pittsburgh Steel Corp. v. W. Penn Power Co. (In re Wheeling-Pittsburgh Steel Corp.)*, 72 B.R. 845, 849–50 (Bankr. W.D. Pa. 1987))). The "business judgment" test is not a strict standard; it merely requires a showing that either assumption or rejection of the executory contract or unexpired lease will benefit the debtor's estate. *NLRB v. Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982) (noting that the "usual test for rejection of an executory contract is simply whether rejection would benefit the estate") *aff'd*, 465 U.S. 513 (1984). "Section 365 enables the trustee to maximize the value of the debtor's estate by assuming executory contracts and unexpired leases that benefit the estate and rejecting those that do not." *L.R.S.C. Co. v. Rickel Home Ctrs., Inc. (In re Rickel Home Ctrs., Inc.)*, 209 F.3d 291, 298 (3d Cir. 2000); *see also Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (holding that section 365 of the Bankruptcy Code "'allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed'" (quoting *Phoenix Expl., Inc. v. Yaquinto (In re Murexco Petroleum, Inc.)*, 15 F.3d 60, 62 (5th Cir. 1994))).

14.     Under the circumstances, the rejection of the Specified Contracts and Leases is an appropriate exercise of the Trustee's business judgment that will reduce financial, administrative, and other burdens on the Debtors' estates. The Trustee has been winding down the Debtors' affairs since the Appointment Date. The Debtors are not operating as a going concern, and therefore the Specified Contracts and Leases are no longer necessary to the Debtors' business or otherwise in connection with the administration of the Debtors' estates. Further, the Specified Contracts and Leases are agreements that, in many instances, the Trustee has determined are financially burdensome to the Debtors and that appear to have no marketable

value that could be generated through assumption and assignment.  Accordingly, the Debtors'
continued performance under the Specified Contracts and Leases would constitute an
unnecessary depletion of value of the Debtors' estates.

15.    For these reasons, the Court should authorize the Trustee to reject the
Specified Contracts and Leases.

## II.    Rejection of the Specified Contracts and Leases *nunc pro tunc* to February 28, 2020, is warranted.

16.    The Court should authorize rejection of the Specified Contracts and
Leases *nunc pro tunc* to February 28, 2020, because the Trustee stated unequivocally his
intention to reject the Specified Contracts and Leases by filing the Motion.  Courts in this district
and elsewhere recognize that *nunc pro tunc* rejection is appropriate where the balance of the
equities favors such relief.  *See SCS Co. v. Peter J. Schmitt Co.*, No. 94CV125, 1995 WL
1772010, at *2 (D. Del. May 15, 1995) (noting that a bankruptcy court has authority to select a
retroactive date for the effective date of a lease's rejection); *In re Chi-Chi's, Inc.*, 305 B.R. 396,
399 (Bankr. D. Del. 2004) (acknowledging that a bankruptcy court may approve a rejection
retroactive to the date the motion is filed after balancing the equities in the particular case); *In re
Fleming Cos.*, 304 B.R. 85, 96 (Bankr. D. Del. 2003) (stating that rejection has been allowed
*nunc pro tunc* to the date of the motion or the date the premises were surrendered); *see also
Thinking Machs. Corp. v. Mellon Fin. Servs. Corp. #1 (In re Thinking Machs. Corp.)*, 67 F.3d
1021, 1028 (1st Cir. 1995) (finding that, in the context of rejections of executory contracts,
"bankruptcy courts may enter retroactive orders of approval, and should do so when the balance
of equities preponderates in favor of such remediation").

17.    The balance of equities favors the relief requested herein. Without a
retroactive date of rejection, contractual counterparties may attempt to assert additional

administrative expenses under the Specified Contracts and Leases.  As stated above, the Trustee no longer has use for such Specified Contracts and Leases, and maintaining the contracts and leases would impose an unnecessary burden on the Debtors' estates.  Therefore, the Trustee respectfully submits that it is fair and equitable for the Court to order that the Specified Contracts and Leases be rejected retroactively as of February 28, 2020.

### III.    The Motion complies with Bankruptcy Rule 6006(f).

18.    Bankruptcy Rule 6006(f) establishes requirements for a motion to reject multiple executory contracts or unexpired leases that are not each between the same parties. Bankruptcy Rule 6006(f) states, in relevant part, that such a motion shall:

> (1) state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;
> (2) list parties alphabetically and identify the corresponding contract or lease;
> (3) specify the terms, including the curing of defaults, for each requested assumption or assignment;
> (4) specify the terms, including the identity of each assignee and the adequate assurance of future performance by each assignee, for each requested assignment;
> (5) be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases; and
> (6) be limited to no more than 100 executory contracts or unexpired leases.

Fed. R. Bankr. P. 6006(f)(1)–(6).

19.    The Trustee respectfully submits that this Motion complies with the requirements of Bankruptcy Rule 6006(f) applicable to this Motion.

**IV.     The abandonment, or in the alternative, sale of the de minimis personal property at the Leased Premises is appropriate.**

20.     In addition to the rejection of the Specified Contracts and Leases, the Trustee seeks to abandon, or in the alternative, sell the De Minimis Assets to a potential purchaser for the benefit of the Debtors' estates and creditors.

21.     The abandonment of the De Minimis Assets is appropriate and authorized by the Bankruptcy Code. *See* 11 U.S.C. § 554(a). Section 554(a) provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." *Id.* Courts generally give a trustee great deference to its decision to abandon property. *See*, *e.g.*, *In re Vel Rey Props., Inc.*, 174 B.R. 859, 867 (Bankr. D.D.C. 1994) ("Clearly, the court should give deference to the trustee's judgment in such matters."). Unless certain property is harmful to the public, once a trustee has shown that it is burdensome or of inconsequential value to the estate, a court should approve the abandonment. *Id.* The Trustee understands that the cost to transport and store the De Minimis Assets exceeds any potential liquidation value. Therefore, unless a sale transpires, the De Minimis Assets will be burdensome to the estates and the Trustee should be permitted to abandon the property to avoid further expense.

22.     In the alternative, the Trustee should be authorized to sell the De Minimis Assets if a deal materializes between the date hereof and the entry of the Proposed Order for the benefit of the estates and the Debtors' creditors. Section 363(b) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b) (2018). Although section 363 of the Bankruptcy Code does not specify a standard for determining when it is appropriate for a court to authorize the use, sale, or lease of property of a debtor's estate, courts

have approved the authorization of a sale of a debtor's assets if such sale is based upon the sound business judgment of the trustee. *See, e.g., Myers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996) (citing *In re Schipper*, 933 F.2d 513 (7th Cir. 1991)) (requiring "some articulated business justification" for the sale of the debtor's assets out of the ordinary course); *In re Chateaugay Corp.*, 973 F.2d 141, 143 (2d Cir. 1992); *Stephen Indus., Inc. v. McClung*, 789 F.2d 386 (6th Cir. 1986); *Committee of Equity Security Holders v. Lionel Corp.* (*In re Lionel Corp.*), 722 F.2d 1063, 1071 (2d Cir. 1983).

23.     Sound business reasons exist for the Trustee to sell the De Minimis Assets if the opportunity arises.  The Trustee is seeking rejection of the Unexpired Lease of the Headquarters *nunc pro tunc* to today.  To do so, the Trustee has surrendered possession of the Headquarters to Wellpoint by vacating the premises and returning the keys to them.  However, with Wellpoint's knowledge, certain personal property, including the De Minimis Assets, remain on the premises and are subject to later disposition by the Trustee.  Under ordinary circumstances, the Trustee would merely abandon the property to Wellpoint without obtaining any value so as to avoid any administrative burden of transportation and storage.  Here, however, the Trustee has been presented with a unique opportunity in the last couple of days to sell the De Minimis Assets to either Wellpoint or a subtenant of the Debtors, parties that occupy the space with the Debtors.  As a result, there would be no further administrative burden on the estates to sell the De Minimis Assets to these prospective buyers.  The alternative relief requested here gives the Trustee the flexibility to dispose of the De Minimis Assets promptly and realize additional value for the estates.

24.     If the De Minimis Assets are sold, the Trustee will provide a list of the items sold and the aggregate price in an exhibit to a revised form of the Proposed Order.  Thus, all parties in interest will have full knowledge of any potential sale.

25.     For these reasons, the Trustee respectfully requests the authority to abandon or, in the alternative, sell the De Minimis Assets.

**V.     The Trustee requests immediate relief and a waiver of the 14-day stay under Bankruptcy Rule 6004(h).**

26.     Pursuant to Bankruptcy Rule 6004(h), the Trustee seeks a waiver of any stay of the effectiveness of the Proposed Order, to the extent that it applies to the relief requested in the Motion.  Bankruptcy Rule 6004(h) provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."  Fed. R. Bankr. P. 6004(h).  The relief requested herein is essential to avoid the potential accrual of unnecessary administrative expenses and to potentially provide value to the estates if the Trustee is successful in selling the De Minimis Assets.  Accordingly, the Trustee submits that, to the extent Bankruptcy Rule 6004(h) applies, ample cause exists to justify a waiver of the 14-day stay.

<u>RESERVATION OF RIGHTS</u>

27.     Nothing contained herein is intended or shall be construed as: (i) an admission as to the validity, amount or priority of any claim against the Debtors; (ii) a waiver of the Trustee's rights to dispute any claim; (iii) a promise or requirement to pay any claim; (iv) a waiver of any claim or cause of action of the Trustee that exists against any entity; (v) a ratification or assumption of any agreement, contract, or lease under section 365 of the Bankruptcy Code; (vi) a waiver of limitation of the Trustee's rights under the Bankruptcy Code, any other applicable law, or any agreement; or (vii) an admission or concession by the Trustee

that any lien is valid, and the Trustee expressly reserves and preserves his rights to contest the extent, validity, or perfection, or seek avoidance of, any lien.

## NOTICE

28.    A copy of this Motion will be served via hand delivery, first-class mail, and/or electronic mail, where available and as applicable, upon: (a) the Office of the United States Trustee for the District of Delaware; (b) the Debtors' 20 largest unsecured creditors on a consolidated basis; (c) all counterparties to a Specified Contract or Lease; and (d) any other party that has requested notice pursuant to Local Rule 2002-1(b).  The Trustee submits that, in light of the nature of the relief requested, no other or further notice need be provided.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court enter an order substantially in the form of the Proposed Order attached hereto as **Exhibit A** and grant such other relief as is just and proper under the circumstances.

Dated:  February 28, 2020
Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/  Joseph C. Barsalona II*
Curtis S. Miller (No. 4583)
Joseph C. Barsalona II (No. 6102)
Brett S. Turlington (No. 6705)
1201 N. Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Email: cmiller@mnat.com
          jbarsalona@mnat.com
          bturlington@mnat.com

*Proposed Counsel for Derek C. Abbott, Esq., as Chapter 11 Trustee to Tough Mudder Inc. and Tough Mudder Event Production Inc.*