## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| TOUGH MUDDER INC., *et al.*,[1] | Case No. 20-10036 (CSS) |
| Debtors. | Jointly Administered |
| | **Objection Deadline:** March 16, 2020, at 4:00 p.m. (EDT) |
| | **Hearing Date:** March 23, 2020, at 2:00 p.m. (EDT) |

**CHAPTER 11 TRUSTEE'S APPLICATION FOR ENTRY OF AN ORDER UNDER SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2014 AND 2016, AND LOCAL RULE 2014-1 AUTHORIZING RETENTION AND EMPLOYMENT OF VERDOLINO & LOWEY, P.C. AS ACCOUNTANT AND FINANCIAL ADVISOR FOR THE TRUSTEE *NUNC PRO TUNC* TO FEBRUARY 2, 2020**

Derek C. Abbott, Esq., the chapter 11 trustee (the "Trustee") for Tough Mudder Inc. ("Tough Mudder") and Tough Mudder Event Production Inc. ("TM Events" and, together with Tough Mudder, the "Debtors"), in the above-captioned chapter 11 cases (the "Chapter 11 Cases") submits this application (the "Application") for entry of an order (the "Proposed Order"), substantially in the form attached hereto as **Exhibit A**, pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the retention and employment of Verdolino & Lowey, P.C. ("Verdolino"), as accountant and financial advisor for the Trustee *nunc pro tunc*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tough Mudder Inc. (2576) and Tough Mudder Event Production Inc. (6845). The Debtors' address is 15 MetroTech Center, Brooklyn, NY 12201.

to February 2, 2020.  In support of the Application, the Trustee relies upon and incorporates by reference the *Declaration of Craig R. Jalbert in Support of Chapter 11 Trustee's Application for Entry of an Order Under Sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1 Authorizing Retention and Employment of Verdolino & Lowey, P.C. as Accountant and Financial Advisor for the Trustee* Nunc Pro Tunc *to February 2, 2020* (the "Jalbert Declaration"), attached hereto as **Exhibit B**.  In further support of the Application, the Trustee respectfully states as follows:

### JURISDICTION

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.    Pursuant to Local Rule 9013-1(f), the Trustee consents to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.    The statutory bases for the relief requested herein are sections 327(a) and 328(a) of the Bankruptcy Code, as supplemented by Bankruptcy Rules 2014(a) and 2016 and Local Rule 2014-1.

### BACKGROUND

4.    On January 7, 2020 (the "Petition Date"), Valley Builders LLC, Trademarc Associates, Inc., and David Watkins Homes Inc. filed involuntary petitions under chapter 11 of the Bankruptcy Code against Tough Mudder and TM Events.

5.      A more detailed description of the Debtors' business, corporate structure, prepetition indebtedness, and events leading to the bankruptcy filings is set forth in the *Declaration of Kyle McLaughlin in Support of Chapter 11 Trustee's Motion for Entry of an Order (I) Approving Entry Into and Performance Under Asset Purchase Agreement by and Among Spartan Race, Inc., and Debtors' Chapter 11 Trustee, (II) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Approving the Assumption and Assignment of Certain Contracts and Related Procedures, (IV) Approving the Bid Protections, and (V) Granting Related Relief* (the "McLaughlin Declaration").[2]  This Application incorporates by reference the facts set forth in the McLaughlin Declaration as if fully set forth herein.

6.      On January 21, 2020, the Court entered the *Order Directing the Appointment of a Chapter 11 Trustee* [D.I. 18].  The Court entered an order approving the appointment of the Trustee on January 30, 2020 (the "Appointment Date") [D.I. 24], and the Trustee accepted his appointment on January 31, 2020 [D.I. 25].  Since that time, the Trustee has managed the Debtors' affairs pursuant to section 1106 of the Bankruptcy Code.  No official committee has been appointed in the Chapter 11 Cases.

## RELIEF REQUESTED

7.      By this Application, the Trustee respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1, authorizing the

---

[2]      The McLaughlin Declaration is attached as Exhibit C to the *Chapter 11 Trustee's Motion for Entry of an Order (I) Approving Entry Into and Performance Under Asset Purchase Agreement by and Among Spartan Race, Inc., and Debtors' Chapter 11 Trustee, (II) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Approving the Assumption and Assignment of Certain Contracts and Related Procedures, (IV) Approving the Bid Protections, and (V) Granting Related Relief* [D.I. 30].

Trustee to retain and employ Verdolino as accountant and financial advisor *nunc pro tunc* to February 2, 2020.

## BASIS FOR RELIEF

8.    Under section 327(a) of the Bankruptcy Code, a trustee may employ one or more accountants or other professionals to represent the trustee in carrying out the trustee's duties under the Bankruptcy Code, provided that such accountants or other professionals are disinterested persons and do not hold or represent an interest adverse to the estate.  11 U.S.C. § 327(a) (2018).  Section 101(14) of the Bankruptcy Code defines "disinterested person" as one who

> (A) is not a creditor, an equity security holder, or an insider;

> (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and

> (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

*Id.* § 101(14).

9.    The Trustee has engaged Verdolino as accountant and financial advisor in connection with his appointment.

10.    The Trustee seeks to retain and employ Verdolino because Verdolino and its professionals have extensive experience and an excellent reputation for providing high-quality accounting and financial advisory services to various parties in large and complex chapter 11 cases, including trustees, debtors, and unsecured creditor committees.  Verdolino possesses and will continue to develop knowledge of the Debtors' financial history and business operations and

is well-suited to provide the Trustee with the services contemplated herein.  Further, the services described below are necessary in the Chapter 11 Cases.  For these reasons, Verdolino is well-qualified to represent the Trustee as accountant and financial advisor.

11.    The Trustee requests approval of the employment of Verdolino *nunc pro tunc* to February 2, 2020, which is the day the Trustee retained Verdolino.  *Nunc pro tunc* relief is warranted in these cases.  The Third Circuit has identified "time pressure to begin service" and absence of prejudice as factors favoring *nunc pro tunc* retention.  *See In re Arkansas Co.*, 798 F.2d 645, 650 (3d Cir. 1986); *see also Indian River Homes, Inc. v. Sussex Tr. Co.*, 108 B.R. 46, 52 (D. Del. 1989).

## VERDOLINO'S QUALIFICATIONS

12.    Verdolino is a leading full-service accounting firm headquartered in Foxboro, Massachusetts, offering services related to, without limitation, bankruptcy and insolvency, forensic accounting and computing, tax compliance, and financial management. Verdolino and its principals have been involved in over 7,500 cases, including over 500 chapter 11 cases.  The Trustee seeks to retain Verdolino because of its professionals' significant experience in providing accounting, tax, and financial advisory services on behalf of parties involved in chapter 11 cases throughout the United States.

13.    As set forth more fully in the Jalbert Declaration, Verdolino was engaged on February 2, 2020, to provide accounting, tax, and financial advisory services to the Trustee. As a result of conversations with the Trustee and his proposed counsel, and having assisted in the Chapter 11 Cases since February 2, 2020, Verdolino has become familiar with the Debtors' business and is well-suited to provide the Trustee with the services contemplated by the Application and Proposed Order.

## SERVICES TO BE PROVIDED BY VERDOLINO

14.    The Trustee believes that the services of Verdolino are necessary to enable him to faithfully execute his duties as chapter 11 trustee.  Subject to further order of this Court, and consistent with the terms of the Application and Proposed Order, Verdolino will perform the following professional services, as the Trustee deems appropriate, for or on behalf of the Trustee in the Chapter 11 Cases:

    a.    Prepare federal, state, and local income, sales and use and payroll and other tax returns and related documentation for all currently unfiled returns as well as returns that become due during the Trustee's appointment;

    b.    Perform any accounting and bookkeeping services necessary for the preparation of tax returns and other case requirements such as the Office of the United States Trustee's required Monthly Operating Reports;

    c.    Assist in preparing the Debtors' Statements of Financial Affairs and Schedules;

    d.    Assist with preparation and/or review of cash flow and related budget projections and including advising as to post-filing financing;

    e.    Assist the Trustee in reviewing and analyzing prospective sale proposals and related services;

    f.    Assist with review and analysis of the Debtors' business and their operations;

    g.    Assist with regard to accounting and accounting system matters;

    h.    Assist in reviewing, reconciling, analyzing and, if necessary, objecting to proofs of claim;

    i.    Assist in reviewing the Debtors' books and records for possible avoidable transactions such as preference and fraudulent transfer claims including, but not limited to, under Bankruptcy Code Sections 547 and 548;

    j.    Assist in valuation and insolvency analyses and other litigation issues and, if necessary, expert report preparation and testimony;

k.      Assist with plan development and preparation, if any, including feasibility;

l.      Assist with employee benefit plan issues, including 401k plans;

m.     Assist in obtaining and retaining and preserving electronic and paper records necessary for the administration of the cases;

n.      Provide general financial advisory services and consulting and assistance with other related matters as may be directed by the Trustee, Trustee's proposed counsel, or the Court; and

o.      Provide testimony in court on behalf of the Trustee with respect to any of the foregoing, if necessary.

15.     Verdolino will work with the Trustee's other professionals to avoid unnecessary duplication of efforts and to represent the Trustee in an efficient and cost-effective manner.

16.     Verdolino's services are necessary for the Trustee to perform his duties in this matter.  The Trustee requires qualified professionals to render these essential professional services.  As noted above, Verdolino has substantial expertise in all areas for which it is proposed to be retained.  Accordingly, the Trustee believes that Verdolino is well-qualified to perform these services in the Chapter 11 Cases.

17.     The Trustee believes that Verdolino's employment is in the best interests of the Debtors, their estates, and their creditors.

18.     Subject to this Court's approval of the Application, Verdolino is willing to serve as the Trustee's accountant and financial advisor and to perform the services described above.

**VERDOLINO'S DISINTERESTEDNESS**

19.     To the best of the Trustee's knowledge, information, and belief, and except as otherwise set forth herein and in the Jalbert Declaration: (i) Verdolino is a

"disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code and does not hold or represent any interest adverse to the Debtors' estates; and (ii) Verdolino has no connection to the Debtors, their creditors, or related parties, except as may be disclosed in the Jalbert Declaration.

20.     Verdolino will review its files against any updated Potential Interested Parties List (as defined in the Jalbert Declaration) received from the Trustee from time to time during the pendency of the Chapter 11 Cases pursuant to the procedures described in the Jalbert Declaration.  If any new relevant facts or relationships are discovered or arise in such review, Verdolino will use reasonable efforts to identify such further developments and will file promptly a supplemental declaration where appropriate.

21.     Verdolino provided no services prior to the Appointment Date, as such Verdolino is not a creditor of the Debtors' bankruptcy estates as of the Petition Date.

22.     Further, as stated in the Jalbert Declaration, Verdolino is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Trustee or the Debtors' estates and has no connection to the Trustee, the Debtors, their creditors, or related parties except as may be disclosed in the Jalbert Declaration.

## PROFESSIONAL COMPENSATION

23.     As set forth in the Jalbert Declaration, the Trustee retained Verdolino on February 2, 2020.

24.     Except as set forth in the Jalbert Declaration, Verdolino has not been paid any other compensation by the Trustee, the Debtors, or the Debtors' estates in connection with the Chapter 11 Cases, and Verdolino is not a creditor of the Debtors.

25.     Subject to this Court's approval, the Trustee and Verdolino have agreed that Verdolino will bill at its standard hourly rates in consideration for the services to be rendered and the expenses to be incurred, as set forth below, by Verdolino in the Chapter 11 Cases (the "Fee and Expense Structure").

26.     Craig R. Jalbert, whose standard hourly rate is $485.00, will have primary responsibility for the services to be provided by Verdolino in the Chapter 11 Cases.  Donald M. Swanson will be directing the day-to-day services Verdolino will provide to the Trustee and his standard hourly rate is $375.00.  Both Mr. Jalbert and Mr. Swanson have over 30 years of similar experience.  The standard hourly rates of other Verdolino professionals range from $225.00 to $425.00 per hour.  Verdolino reviews and adjusts its hourly rates in September of each year.

27.     The Trustee has agreed to reimburse Verdolino for all necessary out-of-pocket expenses, including, but not limited to, travel, telecommunications, photocopying, postage, and delivery expenses.  In addition, with notice given to the Office of the United States Trustee and at the request of the Trustee, Verdolino is advancing up to $40,000 of costs related to retaining, as independent contractors, the services of former employees of the Debtors to assist the Trustee.  The invaluable institutional knowledge provided by the services of these former employees will significantly reduce the overall cost of the Chapter 11 Cases.

28.     Verdolino's professionals maintain time records of services performed, detailing the amount of time spent, the work performed, and the total amount charged.

29.     The Fee and Expense Structure described above is comparable to compensation generally charged by financial advisors, accountants, and tax services providers for similar engagements, both in and out of court.  The Fee and Expense Structure is also consistent with Verdolino's normal and customary billing practices for cases of this size and

complexity that require the level and scope of services outlined.  Verdolino and the Trustee believe that the Fee and Expense Structure is reasonable and at favorable market rates.

30.    Verdolino has not shared or agreed to share any compensation to be paid by the Trustee with any other person, other than other principals and employees of Verdolino, in accordance with section 504 of the Bankruptcy Code.

31.    Verdolino intends to apply to the Court for allowance of compensation and reimbursement of expenses consistent with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of the Court.

32.    The Trustee requests that Verdolino be permitted to submit monthly invoices or fee application as the Court shall determine.

33.    The Trustee believes that the Fee and Expense Structure is reasonable and should be approved by the Court under section 328(a) of the Bankruptcy Code in light of: (a) the nature of services to be provided by Verdolino; (b) Verdolino's substantial experience with respect to  services delivered in the bankruptcy context; (c) fee and expenses provisions typically utilized by Verdolino and other similar accountants; and (d) the complexity and scope of work anticipated to be performed by Verdolino in connection with the Chapter 11 Cases.

## **INDEMNIFICATION**

34.    The Trustee and Verdolino have not agreed to any indemnification provisions.

## **NOTICE**

35.    No creditors' committee or examiner has been appointed in the Chapter 11 Cases.  A copy of this Application will be served via hand delivery, first-class mail, and/or electronic mail, where available and as applicable, upon: (a) the Office of the United States

Trustee for the District of Delaware; (b) the Debtors' 20 largest unsecured creditors on a consolidated basis; and (c) any other party that has requested notice pursuant to Local Rule 2002-1(b).  The Trustee submits that, in light of the nature of the relief requested, no other or further notice need be provided.

WHEREFORE, the Trustee respectfully requests that the Court: (i) grant this Application and the relief requested herein; (ii) enter the Proposed Order attached hereto as **Exhibit A**; and (iii) grant such other and further relief as it deems just and proper.

Dated: March 2, 2020

/s/ Derek C. Abbott

Derek C. Abbott
Chapter 11 Trustee for Tough Mudder Inc. and
Tough Mudder Event Production Inc.