## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | ) Chapter 11 |
|  | ) |
| TOUGH MUDDER INC., *et al.*,[1] | ) Case No. 20-10036 (CSS) |
|  | ) |
| Debtors. | ) Jointly Administered |
|  | ) |
|  | ) **Objection Deadline:** |
|  | ) **March 16, 2020, at 4:00 p.m. (EDT)** |
|  | ) |
|  | ) **Hearing Date:** |
|  | ) **March 23, 2020, at 2:00 p.m. (EDT)** |
|  | ) |
|  | ) |

### CHAPTER 11 TRUSTEE'S THIRD OMNIBUS MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE CHAPTER 11 TRUSTEE TO REJECT CERTAIN EXECUTORY CONTRACTS *NUNC PRO TUNC* TO MARCH 9, 2020, AND (II) GRANTING RELATED RELIEF

> **PARTIES RECEIVING THIS MOTION SHOULD LOCATE THEIR NAMES AND THEIR CONTRACTS LISTED ON EXHIBIT 1 TO THE PROPOSED ORDER, ATTACHED HERETO AS EXHIBIT A.**

Derek C. Abbott, Esq., the chapter 11 trustee (the "Trustee") for Tough Mudder Inc. ("Tough Mudder") and Tough Mudder Event Production Inc. ("TM Events" and, together with Tough Mudder, the "Debtors"), in the above-captioned chapter 11 cases (the "Chapter 11 Cases") hereby moves (the "Motion"), pursuant to sections 105(a) and 365 of title 11 of the United States Code (the "Bankruptcy Code") and rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"): (i) authorizing the Trustee to reject, as identified on **Exhibit 1** of the Proposed Order, the executory contracts (each, a "Specified

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tough Mudder Inc. (2576) and Tough Mudder Event Production Inc. (6845). The Debtors' address is 15 MetroTech Center, Brooklyn, NY 12201.

Contract" and collectively, the "Specified Contracts"), effective as of March 9, 2020, and (ii) granting related relief.  In support of the Motion, the Trustee respectfully states as follows:

## JURISDICTION

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      Pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Trustee consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      The statutory bases for the relief requested herein are sections 105(a) and 365 of the Bankruptcy Code and Bankruptcy Rules 6006 and 9014.

## GENERAL BACKGROUND

4.      On January 7, 2020 (the "Petition Date"), Valley Builders LLC, Trademarc Associates, Inc., and David Watkins Homes Inc. filed involuntary petitions under chapter 11 of the Bankruptcy Code against the Debtors.

5.      A more detailed description of the Debtors' business, corporate structure, prepetition indebtedness, and events leading to the bankruptcy filings is set forth in the *Declaration of Kyle McLaughlin in Support of Chapter 11 Trustee's Motion for Entry of an Order (I) Approving Entry Into and Performance Under Asset Purchase Agreement by and*

peptide

*Among Spartan Race, Inc., and Debtors' Chapter 11 Trustee, (II) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Approving the Assumption and Assignment of Certain Contracts and Related Procedures, (IV) Approving the Bid Protections, and (V) Granting Related Relief* (the "McLaughlin Declaration").[2]  This Motion incorporates by reference the facts set forth in the McLaughlin Declaration as if fully set forth herein.

6.     On January 21, 2020, the Court entered the *Order Directing the Appointment of a Chapter 11 Trustee* [D.I. 18].   The Court entered an order approving the appointment of the Trustee on January 30, 2020 (the "Appointment Date") [D.I. 24], and the Trustee accepted his appointment on January 31, 2020 [D.I. 25].  Since that time, the Trustee has managed the Debtors' affairs pursuant to section 1106 of the Bankruptcy Code.  No official committee has been appointed in the Chapter 11 Cases.

7.     On February 25, 2020, the Court entered the *Order (I) Approving the Asset Purchase Agreement by and Among Spartan Race, Inc., and Debtors' Chapter 11 Trustee, (II) Authorizing the Private Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Approving the Assumption and Assignment of Assume Events and Contracts, and (IV) Granting Related Relief* [D.I. 81] (the "Sale Order"). The Sale Order authorizes the Trustee to sell substantially all of the Debtors' assets (the "Sale") to Spartan Race, Inc. or its designee, which designee is OCR US Holdings, LLC (the "Buyer")

---

[2]     The McLaughlin Declaration is attached as Exhibit C to the *Chapter 11 Trustee's Motion for Entry of an Order (I) Approving Entry Into and Performance Under Asset Purchase Agreement by and Among Spartan Race, Inc., and Debtors' Chapter 11 Trustee, (II) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Approving the Assumption and Assignment of Certain Contracts and Related Procedures, (IV) Approving the Bid Protections, and (V) Granting Related Relief* [D.I. 30].

pursuant to the terms of the asset purchase agreement attached to the Sale Order as Exhibit A (the "Sale Agreement").  The Sale to the Buyer closed that same day.

8.    The Debtors are party to a significant number of prepetition executory contracts.  Certain of the Debtors' executory contracts were assumed by the Buyer under the Sale Order and the terms of the Sale Agreement.  In the Trustee's exercise of his business judgment, he believes that certain of the Debtors' remaining executory contracts that were not assumed by the Buyer, i.e. the Specified Contracts, are no longer necessary to the administration of the Debtors' estates and provide no meaningful value to the Debtors or their estates.  In particular, the Debtors no longer have any business use for, and therefore seek to reject, the Specified Contracts that are the subject of this Motion.

## RELIEF REQUESTED

9.    By this Motion, the Trustee respectfully requests entry of an order, substantially in the form of the Proposed Order attached hereto as **Exhibit A**: (i) authorizing the Trustee to reject the Specified Contracts *nunc pro tunc* to March 9, 2020, and (ii) granting related relief.

## BASIS FOR RELIEF

**I.    Rejection of the Specified Contracts reflects a sound exercise of the Trustee's business judgment and should be authorized.**

10.    Section 365(a) of the Bankruptcy Code provides that a trustee may, with court approval, assume or reject an executory contract.  11 U.S.C. § 365(a) (2018).  In determining whether to approve a debtor's request to assume or reject an executory contract, courts generally defer to the trustee's business judgment.  *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984) (stating that the traditional standard applied by courts to authorize the rejection of an executory contract is that of "business judgment"); *see also Delightful Music Ltd. v. Taylor*

(*In re Taylor*), 913 F.2d 102 (3d Cir. 1990); *Glenstone Lodge, Inc. v. Buckhead Am. Corp.* (*In re Buckhead Am. Corp.*), 180 B.R. 83 (D. Del. 1995).

        11.    Courts generally will not second-guess a trustee's business judgment concerning rejection of an executory contract. *See In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001) ("A . . . decision to reject an executory contract must be summarily affirmed unless it is the product of 'bad faith, or whim or caprice.'" (quoting *Wheeling-Pittsburgh Steel Corp. v. W. Penn Power Co. (In re Wheeling-Pittsburgh Steel Corp.)*, 72 B.R. 845, 849–50 (Bankr. W.D. Pa. 1987))). The "business judgment" test is not a strict standard; it merely requires a showing that either assumption or rejection of the executory contract will benefit the debtor's estate. *NLRB v. Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982) (noting that the "usual test for rejection of an executory contract is simply whether rejection would benefit the estate") *aff'd*, 465 U.S. 513 (1984). "Section 365 enables the trustee to maximize the value of the debtor's estate by assuming executory contracts that benefit the estate and rejecting those that do not." *L.R.S.C. Co. v. Rickel Home Ctrs., Inc. (In re Rickel Home Ctrs., Inc.)*, 209 F.3d 291, 298 (3d Cir. 2000); *see also Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (holding that section 365 of the Bankruptcy Code "'allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed'" (quoting *Phoenix Expl., Inc. v. Yaquinto (In re Murexco Petroleum, Inc.)*, 15 F.3d 60, 62 (5th Cir. 1994))).

        12.    Under the circumstances, the rejection of the Specified Contracts is an appropriate exercise of the Trustee's business judgment that will reduce financial, administrative, and other burdens on the Debtors' estates. The Trustee has been winding down the Debtors' affairs since the Appointment Date. The Debtors are not operating as a going concern, and

therefore the Specified Contracts are no longer necessary to the Debtors' business or otherwise in connection with the administration of the Debtors' estates.  Further, the Specified Contracts are agreements that, in many instances, the Trustee has determined are financially burdensome to the Debtors and that appear to have no marketable value that could be generated through assumption and assignment.    Accordingly, the Debtors' continued performance under the Specified Contracts would constitute an unnecessary depletion of value of the Debtors' estates.

13.    For these reasons, the Court should authorize the Trustee to reject the Specified Contracts.

## II.    Rejection of the Specified Contracts *nunc pro tunc* to March 9, 2020, is warranted.

14.    The Court should authorize rejection of the Specified Contracts *nunc pro tunc* to March 9, 2020, because the Trustee stated unequivocally his intention to reject the Specified Contracts by filing the Motion.  Courts in this district and elsewhere recognize that *nunc pro tunc* rejection is appropriate where the balance of the equities favors such relief.  *See SCS Co. v. Peter J. Schmitt Co.*, No. 94CV125, 1995 WL 1772010, at *2 (D. Del. May 15, 1995) (noting that a bankruptcy court has authority to select a retroactive date for the effective date of a lease's rejection); *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) (acknowledging that a bankruptcy court may approve a rejection retroactive to the date the motion is filed after balancing the equities in the particular case); *In re Fleming Cos.*, 304 B.R. 85, 96 (Bankr. D. Del. 2003) (stating that rejection has been allowed *nunc pro tunc* to the date of the motion or the date the premises were surrendered); *see also Thinking Machs. Corp. v. Mellon Fin. Servs. Corp. #1 (In re Thinking Machs. Corp.)*, 67 F.3d 1021, 1028 (1st Cir. 1995) (finding that, in the context of rejections of executory contracts, "bankruptcy courts may enter retroactive orders of approval, and should do so when the balance of equities preponderates in favor of such remediation").

6

15.     The balance of equities favors the relief requested herein. Without a retroactive date of rejection, contractual counterparties may attempt to assert additional administrative expenses under the Specified Contracts.  As stated above, the Trustee no longer has use for such Specified Contracts, and maintaining the Specified Contracts would impose an unnecessary burden on the Debtors' estates.  Therefore, the Trustee respectfully submits that it is fair and equitable for the Court to order that the Specified Contracts be rejected retroactively as of March 9, 2020.

### III.     The Motion complies with Bankruptcy Rule 6006(f).

16.     Bankruptcy Rule 6006(f) establishes requirements for a motion to reject multiple executory contracts or unexpired leases that are not each between the same parties. Bankruptcy Rule 6006(f) states, in relevant part, that such a motion shall:

> (1) state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;
> (2) list parties alphabetically and identify the corresponding contract or lease;
> (3) specify the terms, including the curing of defaults, for each requested assumption or assignment;
> (4) specify the terms, including the identity of each assignee and the adequate assurance of future performance by each assignee, for each requested assignment;
> (5) be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases; and
> (6) be limited to no more than 100 executory contracts or unexpired leases.

Fed. R. Bankr. P. 6006(f)(1)–(6).

17.     The Trustee respectfully submits that this Motion complies with the requirements of Bankruptcy Rule 6006(f) applicable to this Motion.

**IV.     The Trustee requests immediate relief and a waiver of the 14-day stay under Bankruptcy Rule 6004(h).**

18.     Pursuant to Bankruptcy Rule 6004(h), the Trustee seeks a waiver of any stay of the effectiveness of the Proposed Order, to the extent that it applies to the relief requested in the Motion.  Bankruptcy Rule 6004(h) provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."  Fed. R. Bankr. P. 6004(h).  The relief requested herein is essential to avoid the potential accrual of unnecessary administrative expenses. Accordingly, the Trustee submits that, to the extent Bankruptcy Rule 6004(h) applies, ample cause exists to justify a waiver of the 14-day stay.

<u>**RESERVATION OF RIGHTS**</u>

19.     Nothing contained herein is intended or shall be construed as: (i) an admission as to the validity, amount or priority of any claim against the Debtors; (ii) a waiver of the Trustee's rights to dispute any claim; (iii) a promise or requirement to pay any claim; (iv) a waiver of any claim or cause of action of the Trustee that exists against any entity; (v) a ratification or assumption of any agreement, contract, or lease under section 365 of the Bankruptcy Code; (vi) a waiver of limitation of the Trustee's rights under the Bankruptcy Code, any other applicable law, or any agreement; or (vii) an admission or concession by the Trustee that any lien is valid, and the Trustee expressly reserves and preserves his rights to contest the extent, validity, or perfection, or seek avoidance of, any lien.

<u>**NOTICE**</u>

20.     A copy of this Motion will be served via hand delivery, first-class mail, and/or electronic mail, where available and as applicable, upon: (a) the Office of the United States Trustee for the District of Delaware; (b) the Debtors' 20 largest unsecured creditors on a

consolidated basis; (c) all counterparties to a Specified Contract; and (d) any other party that has

requested notice pursuant to Local Rule 2002-1(b).  The Trustee submits that, in light of the

nature of the relief requested, no other or further notice need be provided.

**CONCLUSION**

WHEREFORE, the Trustee respectfully requests that the Court enter an order

substantially in the form of the Proposed Order attached hereto as **Exhibit A** and grant such

other relief as is just and proper under the circumstances.

Dated:  March 9, 2020
Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/  Brett S. Turlington*
Curtis S. Miller (No. 4583)
Joseph C. Barsalona II (No. 6102)
Brett S. Turlington (No. 6705)
1201 N. Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Email: cmiller@mnat.com
         jbarsalona@mnat.com
         bturlington@mnat.com

*Proposed Counsel for Derek C. Abbott, Esq., as Chapter 11 Trustee to Tough Mudder Inc. and Tough Mudder Event Production Inc.*