## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| TOUGH MUDDER INC. *et al.*[1] | ) | Case Nos. 20-10036 (CSS) |
| | ) | |
| | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | **Re: D.I. 83** and 97 |
| | ) | |

## ORDER GRANTING MOTION FOR RELIEF FROM
## THE AUTOMATIC STAY PROVISIONS OF 11 U.S.C. § 362(d)

AND NOW THIS _____ day of _____ 2020, upon consideration of the Motion Of William Bruzzo ("Movant") For Relief From The Automatic Stay Pursuant To Section 362(d) Of The Bankruptcy Code (the "Motion"),[2] the Court having determined that good and adequate cause exists for approval of the Motion, and the Court having determined that no further notice of the Motion is necessary,

IT IS ORDERED:

1. The Motion is GRANTED as set forth herein.

2. The automatic stay pursuant to 11 U.S.C. § 362(d) of the Bankruptcy Code (the "Automatic Stay") is hereby modified solely to the limited extent necessary to enable Movant to:

   a. Prosecute the State Court Action to final judgment or other resolution; and

   b. Collect solely from any available insurance policy proceeds ("Insurance Proceeds") on account of any judgment or other resolution; *provided*, *however*, that the Automatic Stay shall not be modified for purposes of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tough Mudder Inc. (2576) and Tough Mudder Event Production Inc. (6845). The Debtors' address is 15 MetroTech Center, Brooklyn, NY 12201.

[2] Capitalized terms not otherwise defined herein have the meaning ascribed to such terms in the Motion

permitting the Movant to recover on account of the State Court Action not covered by Insurance Proceeds.

3. The Movant waives any and all right to participate in any recovery from the assets of, or distributions from, the Debtors' estates, and to the extent that the Movant establishes a claim against the Debtor defendants in the State Court Action, the Movant's recovery is limited exclusively to that which may be had under Insurance Proceeds and from any non-Debtor third parties. The Movant waives any and all rights to file a proof of claim against any of the Debtors subsequent to the Court's entry of this Order and shall withdraw all proofs of claim previously filed, if any.

4. Nothing in this Order shall permit any party to take any other action without further order of this Court.

5. Notwithstanding Federal Rule of Bankruptcy Procedure 4001(a)(3), this order is effective immediately.

Dated: March 12th, 2020  
Wilmington, Delaware

CHRISTOPHER S. SONTCHI  
UNITED STATES BANKRUPTCY JUDGE