## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | Chapter 11 |
| TOUGH MUDDER INC., *et al.*,[1] | Case No. 20-10036 (CSS) |
| Debtors. | Jointly Administered |
|  | **Re: D.I. 106** |

### MOTION FOR AN ORDER SHORTENING NOTICE AND OBJECTION PERIODS FOR CHAPTER 11 TRUSTEE'S MOTION FOR ENTRY OF AN ORDER CONVERTING DEBTORS' CHAPTER 11 CASES TO CHAPTER 7 OF THE BANKRUPTCY CODE

Derek C. Abbott, Esq., the chapter 11 trustee (the "Trustee") for Tough Mudder Inc. ("Tough Mudder") and Tough Mudder Event Production Inc. ("TM Events" and, together with Tough Mudder, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), hereby respectfully moves (the "Motion to Shorten") as follows:

### RELIEF REQUESTED

1. Pursuant to sections 102 and 105 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2002 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9006-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Trustee seeks entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order" and, if entered, the "Order"), (a) shortening notice with respect to the *Chapter 11 Trustee's Motion for Entry of an Order Converting Debtors' Chapter 11 Cases to Chapter 7 of the Bankruptcy Code*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tough Mudder Inc. (2576) and Tough Mudder Event Production Inc. (6845). The Debtors' address is 15 MetroTech Center, Brooklyn, NY 12201.

(the "Motion to Convert"),[2] (b) scheduling the Motion to Convert to be heard on March 30, 2020, at

1:00 p.m. (EDT), (c) setting an objection deadline for the Motion to Convert as March 23, 2020, at

4:00 p.m. (EDT), which is seven days from the filing of this Motion to Shorten and the Motion to

Convert, and (d) granting related relief.

## AVERMENT PURSUANT TO LOCAL RULE 9006-1(E)

2.      In accordance with Local Rule 9006-1(e), the Trustee's undersigned counsel

states that the United States Trustee for the District of Delaware (the "U.S. Trustee") was notified of

the Trustee's intent to request that the Motion to Convert be heard on shortened notice as described

herein, and the U.S. Trustee does not object such relief.  Moreover, Active Networks, LLC

("Active"), the Debtors' largest unsecured creditor, and the Petitioning Creditors (as defined below)

also support shortening the notice on the Motion to Convert.  No statutory committees have been

appointed in these cases, and the Debtors do not have any secured creditors or a debtor-in-possession

financing lender that would require such notice in the Chapter 11 Cases.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this Motion to Shorten pursuant to 28 U.S.C.

§§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District

Court for the District of Delaware, dated February 29, 2012.

4.      This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2),

and, pursuant to Local Rule 9013-1(f), the Trustee consents to the entry of a final order by the Court

in connection with this Motion to Shorten to the extent that it is later determined that the Court,

absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the

United States Constitution.

---

[2]      Capitalized terms not otherwise defined herein are used as in the Motion to Convert.

5.      Venue of the Chapter 11 Cases and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## **PROCEDURAL BACKGROUND**

6.      On January 7, 2020 (the "Petition Date"), Valley Builders LLC, Trademarc Associates, Inc., and David Watkins Homes Inc. (the "Petitioning Creditors"), filed involuntary petitions under chapter 11 of the Bankruptcy Code against the Debtors.

7.      A more detailed description of the Debtors' business, corporate structure, prepetition indebtedness, and events leading to the bankruptcy filings is set forth in the *Declaration of Kyle McLaughlin in Support of Chapter 11 Trustee's Motion for Entry of an Order (I) Approving Entry Into and Performance Under Asset Purchase Agreement by and Among Spartan Race, Inc., and Debtors' Chapter 11 Trustee, (II) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Approving the Assumption and Assignment of Certain Contracts and Related Procedures, (IV) Approving the Bid Protections, and (V) Granting Related Relief* (the "McLaughlin Declaration").[3]  This Motion to Shorten incorporates by reference the facts set forth in the McLaughlin Declaration as if fully set forth herein.

8.      On January 21, 2020, the Court entered the *Order Directing the Appointment of a Chapter 11 Trustee* [D.I. 18].   The Court entered an order approving the appointment of the Trustee on January 30, 2020 (the "Appointment Date") [D.I. 24], and the Trustee accepted his appointment on January 31, 2020 [D.I. 25].  Since that time, the Trustee has managed the Debtors'

---

[3]      The McLaughlin Declaration is attached as Exhibit C to the *Chapter 11 Trustee's Motion for Entry of an Order (I) Approving Entry Into and Performance Under Asset Purchase Agreement by and Among Spartan Race, Inc., and Debtors' Chapter 11 Trustee, (II) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Approving the Assumption and Assignment of Certain Contracts and Related Procedures, (IV) Approving the Bid Protections, and (V) Granting Related Relief* [D.I. 30] (the "Sale Motion").

affairs pursuant to section 1106 of the Bankruptcy Code.  No official committee has been appointed in the Chapter 11 Cases.

## FACTUAL BACKGROUND RELEVANT TO THIS MOTION

9.      As discussed in the Motion to Convert, on February 7, 2020, the Trustee filed the Sale Motion, seeking, among other relief, approval of a sale of substantially all of the Debtors' assets free and clear of all liens, claims, encumbrances, and other interests pursuant to section 363(f) of the Bankruptcy Code (the "Sale").

10.     On February 25, 2020, the Court entered the *Order (I) Approving the Asset Purchase Agreement by and Among Spartan Race, Inc., and Debtors' Chapter 11 Trustee, (II) Authorizing the Private Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Approving the Assumption and Assignment of Assume Events and Contracts, and (IV) Granting Related Relief* [D.I. 81] (the "Sale Order").  The Sale Order authorized the Sale to Spartan Race, Inc. or its designee, which designee is OCR US Holdings, LLC (the "Buyer") pursuant to the terms of the asset purchase agreement attached to the Sale Order as Exhibit A (the "Sale Agreement").  The Sale to the Buyer closed that same day.

11.     As a result, the Trustee has now sold all of the Debtors' operational assets of any meaningful value and has taken several steps since closing the Sale to wind up the Debtors' estates.  With basically only causes of action remaining in the estates, it would be more beneficial for creditors to liquidate the remaining assets of the estates under chapter 7 rather than confirm a chapter 11 plan of reorganization.  Drawing out the chapter 11 process will only result in additional administrative expenses with little or no benefit to the Debtors' estates.

## BASIS FOR RELIEF REQUESTED

### A.    Cause exists to shorten notice of the Motion to Convert.

12.    Section 102(1) of the Bankruptcy Code provides that the phrase "after notice and a hearing" requires only such notice and opportunity for a hearing as may be appropriate under the circumstances.  11 U.S.C. § 102(1) (2018).  Section 105(a) of the Bankruptcy Code further provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  11 U.S.C. § 105(a) (2018).

13.    Under Bankruptcy Rule 9006, the Court may order time periods set by the Bankruptcy Rules to be reduced "for cause shown."  Fed. R. Bankr. P. 9006(c)(1).

14.    Pursuant to Bankruptcy Rule 9006(c), "the court for cause shown may in its discretion with or without motion or notice order the period reduced."  Fed. R. Bankr. P. 9006(c)(1).  In exercising such discretion, the court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis."  *In re Phila. Newspapers, LLC*, 690 F.3d 161, 171–72 (3d Cir. 2012) (noting the commonality of such motions "[g]iven the accelerated time frame of bankruptcy proceedings").  Local Rule 9006-1(e) likewise provides for shortened notice "by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice."  Del. Bankr. L.R. 9006-1(e).

15.    Under Bankruptcy Rule 2002(a)(4) and Local Rule 9006-1, the hearing on the Motion to Convert would ordinarily require at least 21 days' notice by mail, with the deadline for objections at least 14 days following service of the Motion to Convert.  The Trustee seeks to shorten these periods by 7 days, respectively, and provide 14 days' notice of the hearing and 7 days' notice of the objection deadline for the Motion to Convert.  The Trustee respectfully submits that, under the circumstances, cause exists to shorten notice of the Motion to Convert as set forth herein.

16.    As set forth more fully in the Motion to Convert, the Trustee is seeking entry of an order converting the Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code.

17.    The Trustee believes that he has no choice but to request conversion and to seek such relief in the most expeditious way possible.  As set forth more fully in the Motion to Convert, the Trustee filed the Motion to Convert because of, among other reasons, the limited assets remaining in the Debtors' estates and lack of funds to make funding a chapter 11 plan process a worthwhile endeavor.

18.    No creditor or party in interest will be prejudiced if the Court hears the Motion to Convert on shortened notice.  Indeed, as noted above, the other major parties in interest in the Chapter 11 Cases, the U.S. Trustee, Active, and the Petitioning Creditors, each consent to the Motion to Convert being heard on shortened notice.

19.    Accordingly, the Trustee respectfully submits that cause exists to shorten the notice and objection periods for the Motion to Convert as set forth herein.

## NOTICE

20.    A copy of this Motion to Shorten and the Motion to Convert will be served via hand delivery, first-class mail, and/or electronic mail, where available and as applicable, upon:  (a) the U.S. Trustee; (b) the Debtors' 20 largest unsecured creditors on a consolidated basis; and (c) any other party that has requested notice pursuant to Local Rule 2002-1(b).

*[Remainder of Page Intentionally Left Blank]*

**WHEREFORE**, the Trustee requests entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>**, granting the relief requested herein and such other and further relief as is appropriate under the circumstances.

Dated:  March 16, 2020
Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/  Brett S. Turlington*
Curtis S. Miller (No. 4583)
Joseph C. Barsalona II (No. 6102)
Brett S. Turlington (No. 6705)
1201 N. Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Email: cmiller@mnat.com
      jbarsalona@mnat.com
      bturlington@mnat.com

*Counsel for Derek C. Abbott, Esq., as Chapter 11 Trustee to Tough Mudder Inc. and Tough Mudder Event Production Inc.*