# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| TOUGH MUDDER INC., *et al.*,[1] | ) | Case No. 20-10036 (CSS) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Objection Deadline:** |
| | ) | **May 8, 2020, at 4:00 p.m. (EDT)** |
| | ) | |
| | ) | **Hearing Date:** |
| | ) | To be determined |

## SECOND MONTHLY (FOR THE PERIOD MARCH 1, 2020, THROUGH MARCH 25, 2020) AND FINAL APPLICATION OF MORRIS, NICHOLS, ARSHT & TUNNELL LLP, AS COUNSEL TO THE CHAPTER 11 TRUSTEE, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD JANUARY 30, 2020, THROUGH AND INCLUDING MARCH 25, 2020

| | |
|---|---|
| Name of Applicant: | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| Authorized to Provide Professional Services to: | Derek C. Abbott, Esq., as former Chapter 11 Trustee |
| Date of Retention: | March 12, 2020, *nunc pro tunc* to January 30, 2020 |
| Monthly Period for which Compensation and reimbursement is sought: | March 1, 2020, through March 25, 2020[2] |
| Amount of Monthly compensation | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tough Mudder Inc. (2576) and Tough Mudder Event Production Inc. (6845). The Debtors' address is 15 MetroTech Center, Brooklyn, NY 12201.

[2] This Application (as defined herein) includes de minimis fees and expenses incurred after March 25, 2020, related to the preparation of this Application and transitional work requested by the chapter 7 trustee and his counsel. To the extent Morris Nichols (as defined herein) incurs additional fees prior to the hearing on this Application, Morris Nichols will file a supplement hereto, as appropriate.

| | |
|---|---|
| sought as actual, reasonable and necessary: | $132,898.50 |
| Amount of Monthly reimbursement sought as actual, reasonable and necessary: | $3,861.39 |
| Final Period for which Compensation and reimbursement is sought: | January 30, 2020, through March 25, 2020 |
| Amount of Final compensation sought as actual, reasonable and necessary: | $430,977.00 |
| Amount of Final reimbursement sought as actual, reasonable and necessary: | $38,174.30 |

This is a _x_ monthly _x_ final application

The total time expended for fee application preparation is approximately 5.0 hours and the corresponding compensation requested is approximately $2,565.00.[3]

If this is not the first application filed, disclose the following for each prior application:

| DATE FILED | PERIOD COVERED | REQUESTED FEES/EXPENSES | APPROVED FEES/EXPENSES |
|---|---|---|---|
| 3/20/20 D.I. 118 | 1/30/20-2/29/20 | $298,078.50/$34,312.91 | $238,462.80/$34,312.91 |

---

[3] Allowance for compensation for such time is not requested in this application, but will be sought in a subsequent fee application.

**MONTHLY COMPENSATION BY PROFESSIONAL**
TOUGH MUDDER INC., *et al.*
(Case No. 20-10036 (CSS))
March 1, 2020, through March 25, 2020

| Name of Professional | Position of the Applicant, Area of Expertise, Number of Years in that Position, Year of Obtaining License to Practice | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Donna Culver | Partner/Bankruptcy. Partner since 2003. Joined firm as an associate in 1995. Member of the DE Bar since 1995. | 875 | 10.4 | 9,100.00 |
| Curtis Miller | Partner/Bankruptcy. Partner since 2003. Joined firm as an associate in 1995. Member of the DE Bar since 1995. | 850 | 11.2 | 9,520.00 |
| Matthew B. Harvey | Partner/Bankruptcy. Partner since 2020. Joined firm as associate from 2008 to Sept. 2013; rejoined the firm as an associate in Nov. 2014. Member of the DE Bar since 2008. | 750 | 0.4 | 300.00 |
| Joseph C. Barsalona II | Associate/Bankruptcy. Joined the firm as an associate in 2018. Member of the NJ Bar since 2012. Member of the NY Bar since 2013. Member of the DE Bar since 2015. | 665 | 93.0 | 61,845.00 |
| Matthew O. Talmo | Associate/Bankruptcy. Joined the firm as an associate in 2016. Member of the DE Bar since 2016. | 535 | 0.1 | 53.50 |
| Brett Turlington | Associate/Bankruptcy. Joined the firm as an associate in 2019. Member of the DE Bar since 2019. | 475 | 65.1 | 30,922.50 |
| Andrew Workman | Associate/Bankruptcy. Joined the firm as an associate in 2019. Member of the DE Bar since 2019. | 435 | 20.0 | 8,700.00 |
| Desiree M. Vale | Paralegal | 335 | 18.3 | 6,130.50 |
| Megan Leyh | Paralegal | 335 | 16.7 | 5,594.50 |
| Theresa M. Naimoli | Legal Assistant | 315 | 1.5 | 472.50 |
| Byron Poland | Litigation Support | 325 | 0.8 | 260.00 |
| Total | | 559.57 | 237.5 | $132,898.50 |
| **GRAND TOTAL: $132,898.50** | | | | |
| **BLENDED RATE: $559.57** | | | | |
| **ATTORNEY BLENDED RATE: $601.60** | | | | |

**MONTHLY COMPENSATION BY PROJECT CATEGORY**
TOUGH MUDDER INC., *et al.*
(Case No. 20-10036 (CSS))
March 1, 2020, through March 25, 2020

| Category Description | Total Hours | Total Fees |
|---|---:|---:|
| Case Administration | 8.2 | $3,963.00 |
| Asset Analysis and Recovery | 1.8 | 1,197.00 |
| Asset Dispositions/363 Sales | 4.3 | 2,859.50 |
| Automatic Stay Matters | 2.4 | 1,651.00 |
| Creditor Communications and Meetings | 11.4 | 7,901.50 |
| Fee Applications (MNAT - Filing) | 34.9 | 15,375.00 |
| Fee Applications (Others - Filing) | 2.1 | 1,149.00 |
| Fee Applications (MNAT - Objections) | 2.1 | 1,018.50 |
| Avoidance Actions | 1.8 | 1,197.00 |
| Executory Contracts/Unexpired Leases | 19.9 | 11,844.00 |
| Other Contested Matters | 4.3 | 1,708.50 |
| Employee Matters | 2.2 | 1,463.00 |
| Financing Matters/Cash Collateral | 7.9 | 5,420.00 |
| Tax Matters | 0.6 | 454.50 |
| Insurance Matters | 1.8 | 1,308.00 |
| Vendor/Supplier Matters | 0.8 | 532.00 |
| Court Hearings | 10.3 | 4,482.50 |
| Claims Objections and Administration | 10.4 | 5,625.50 |
| Plan and Disclosure Statement | 0.3 | 199.50 |
| Litigation/Adversary Proceedings | 36.2 | 21,454.00 |
| Professional Retention (MNAT - Filing) | 0.5 | 275.50 |
| Professional Retention (MNAT - Objections) | 1.2 | 505.00 |
| Professional Retention (Others - Filing) | 3.4 | 1,767.00 |
| Professional Retention (Others - Objections) | 1.6 | 836.00 |
| General Corporate Matters (including Corporate Governance) | 0.9 | 598.50 |
| General Case Strategy | 41.7 | 23,447.00 |
| Schedules/SOFA/U.S. Trustee Reports | 24.5 | 14,666.50 |
| **TOTAL** | **237.5** | **$132,898.50** |

**MONTHLY EXPENSE SUMMARY**
TOUGH MUDDER INC., *et al.*
(Case No. 20-10036 (CSS))
March 1, 2020, through March 25, 2020

| **Expense Category** | **Total Expenses** |
|---|---:|
| Pacer | $210.30 |
| In-House Printing - black & white | 192.00 |
| Computer Research - Westlaw | 992.78 |
| Secretarial Overtime | 136.45 |
| In-House Printing - color | 29.60 |
| Courier/Delivery Service | 257.64 |
| Conference Calls | 29.15 |
| Miscellaneous | 1,362.37 |
| Court Costs | 362.00 |
| In-House Duplicating | 154.80 |
| Postage | 134.30 |
| **TOTAL** | **$3,861.39** |

**FINAL COMPENSATION BY PROFESSIONAL**
TOUGH MUDDER INC., *et al.*
(Case No. 20-10036 (CSS))
January 30, 2020, through March 25, 2020

| Name of Professional | Position of the Applicant, Area of Expertise, Number of Years in that Position, Year of Obtaining License to Practice | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Robert J. Dehney | Partner/Bankruptcy. Partner since 1999. Joined firm as an associate in 1996. Member of the DE Bar since 1997. | 1,200 | 0.1 | 120.00 |
| David A. Harris | Partner/Commercial. Partner since 2005. Joined firm as an associate in 1996. Member of the DE Bar since 1997. | 925 | 0.3 | 277.50 |
| Donna Culver | Partner/Bankruptcy. Partner since 2003. Joined firm as an associate in 1995. Member of the DE Bar since 1995. | 875 | 20.7 | 18,112.50 |
| Curtis Miller | Partner/Bankruptcy. Partner since 2003. Joined firm as an associate in 1995. Member of the DE Bar since 1995. | 850 | 36.2 | 30,770.00 |
| Tarik J. Haskins | Partner/Corporate Litigation. Partner since 2012. Joined firm as an associate in 2006. Member of the DE Bar since 2003. | 850 | 1.8 | 1,530.00 |
| Jason Russell | Partner/Commercial. Partner since 2016. Joined firm as an associate in 2007. Member of the DE Bar since 2007. | 825 | 29.0 | 23,925.00 |
| Matthew B. Harvey | Partner/Bankruptcy. Partner since 2020. Joined firm as associate from 2008 to Sept. 2013; rejoined the firm as an associate in Nov. 2014. Member of the DE Bar since 2008. | 750 | 62.5 | 46,875.00 |
| Daniel B. Butz | Special Counsel/Bankruptcy. Joined the firm as an associate in 2002. Member of the DE Bar since 2002. | 725 | 1.0 | 725.00 |
| Joseph C. Barsalona II | Associate/Bankruptcy. Joined the firm as an associate in 2018. Member of the NJ Bar since 2012. Member of the NY Bar since 2013. Member of the DE Bar since 2015. | 665 | 236.6 | 157,339.00 |
|  |  | 332.5 | 6.6 | 2,194.50 |

6

| Name of Professional | Position of the Applicant, Area of Expertise, Number of Years in that Position, Year of Obtaining License to Practice | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Eric Moats | Associate/Bankruptcy. Joined the firm as an associate in 2017. Member of the DE Bar since 2017. | 535 | 1.5 | 802.50 |
| Sean Sullivan | Associate/Commercial. Joined the firm as an associate in 2016. Member of the DE Bar since 2016. | 535 | 8.4 | 4,494.00 |
| Matthew O. Talmo | Associate/Bankruptcy. Joined the firm as an associate in 2016. Member of the DE Bar since 2016. | 535 | 14.3 | 7,650.50 |
| Brett Turlington | Associate/Bankruptcy. Joined the firm as an associate in 2019. Member of the DE Bar since 2019. | 475 | 221.1 | 105,022.50 |
| Andrew Workman | Associate/Bankruptcy. Joined the firm as an associate in 2019. Member of the DE Bar since 2019. | 435 | 22.1 | 9,613.50 |
| Desiree M. Vale | Paralegal | 335 | 21.3 | 7,135.50 |
| Glenn W. Reimann | Paralegal | 335 | 5.6 | 1,876.00 |
| Megan Leyh | Paralegal | 335 | 24.9 | 8,341.50 |
| Emily Malafronti | Paralegal | 335 | 0.5 | 167.50 |
| Theresa M. Naimoli | Legal Assistant | 315 | 6.6 | 2,079.00 |
| Alyson D. Poppiti | Paralegal | 285 | 0.4 | 114.00 |
| Byron Poland | Litigation Support | 325 | 4.8 | 1,560.00 |
| Cherie Hare | Legal Assistant | 315 | 0.8 | 252.00 |
| **Total** | | **592.73** | **727.1** | **$430,977.00** |
| **GRAND TOTAL: $430,977.00** | | | | |
| **BLENDED RATE: $592.73** | | | | |
| **ATTORNEY BLENDED RATE: $618.32** | | | | |

**FINAL COMPENSATION BY PROJECT CATEGORY**
TOUGH MUDDER INC., *et al.*
(Case No. 20-10036 (CSS))
January 30, 2020, through March 25, 2020

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Case Administration | 50.1 | $24,165.00 |
| Asset Analysis and Recovery | 8.3 | 4,372.00 |
| Asset Dispositions/363 Sales | 232.1 | 147,477.50 |
| Automatic Stay Matters | 6.5 | 4,394.50 |
| Creditor Communications and Meetings | 23.0 | 14,858.00 |
| Fee Applications (MNAT - Filing) | 35.8 | 15,718.50 |
| Fee Applications (Others - Filing) | 6.8 | 3,662.50 |
| Fee Applications (MNAT - Objections) | 2.1 | 1,018.50 |
| Avoidance Actions | 2.1 | 1,396.50 |
| Executory Contracts/Unexpired Leases | 58.4 | 34,541.50 |
| Other Contested Matters | 12.6 | 6,087.00 |
| Non-Working Travel | 6.6 | 2,194.50 |
| Employee Matters | 14.8 | 9,593.00 |
| Financing Matters/Cash Collateral | 23.5 | 14,590.00 |
| Tax Matters | 0.7 | 521.00 |
| Insurance Matters | 3.3 | 2,266.50 |
| Vendor/Supplier Matters | 2.8 | 1,862.00 |
| Court Hearings | 41.8 | 24,522.50 |
| Claims Objections and Administration | 11.3 | 6,205.00 |
| Plan and Disclosure Statement | 0.6 | 294.00 |
| Litigation/Adversary Proceedings | 47.8 | 31,390.50 |
| Professional Retention (MNAT - Filing) | 13.4 | 6,919.50 |
| Professional Retention (MNAT - Objections) | 1.2 | 505.00 |
| Professional Retention (Others - Filing) | 11.4 | 6,304.00 |
| Professional Retention (Others - Objections) | 1.6 | 836.00 |
| General Corporate Matters (including Corporate Governance) | 4.2 | 3,241.00 |
| General Case Strategy | 66.6 | 39,732.00 |
| Schedules/SOFA/U.S. Trustee Reports | 37.7 | 22,309.00 |
| **TOTAL** | **727.1** | **$430,977.00** |

**FINAL EXPENSE SUMMARY**
TOUGH MUDDER INC., *et al.*
(Case No. 20-10036 (CSS))
January 30, 2020, through March 25, 2020

| Expense Category | Service Provider (if applicable) | Total Expense |
| --- | --- | --- |
| Pacer | | $429.90 |
| In-House Printing - black & white | | 1,084.00 |
| In-House Printing - color | | 465.60 |
| Legal Assistants Overtime | | 8.86 |
| Postage | | 342.04 |
| Secretarial Overtime | | 267.19 |
| Messenger Service | | 5.00 |
| Support Staff Overtime | | 50.38 |
| Secretary of State Fees | | 5,022.80 |
| Photos/Art/Spec Duplicating-Out of Office | | 23,603.83 |
| Conference Calls | | 132.17 |
| Meals | | 133.69 |
| Articles, Patents, File Wrappers | | 2,711.90 |
| Courier/Delivery Service | | 402.39 |
| Travel | | 428.10 |
| In-House Duplicating | | 369.30 |
| Computer Research - Westlaw | | 992.78 |
| Court Costs | | 362.00 |
| Miscellaneous | | 1,362.37 |
| **Grand Total Expense** | | **$38,174.30** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| TOUGH MUDDER INC., *et al.*,[1] | ) | Case No. 20-10036 (CSS) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Objection Deadline:** |
| | ) | **May 8, 2020, at 4:00 p.m. (EDT)** |
| | ) | |
| | ) | **Hearing Date:** |
| | ) | **To be determined** |
| | ) | |

**SECOND MONTHLY (FOR THE PERIOD MARCH 1, 2020, THROUGH MARCH 25, 2020) AND FINAL APPLICATION OF MORRIS, NICHOLS, ARSHT & TUNNELL LLP, AS COUNSEL TO THE CHAPTER 11 TRUSTEE, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD JANUARY 30, 2020, THROUGH AND INCLUDING MARCH 25, 2020**

Morris, Nichols, Arsht & Tunnell LLP ("Morris Nichols"), counsel to Derek C. Abbott, Esq., in his capacity as the former Chapter 11 Trustee (the "Trustee") for Tough Mudder Inc. ("Tough Mudder") and Tough Mudder Event Production Inc. ("TM Events" and, together with Tough Mudder, the "Debtors") in the above-captioned cases, submits this application (the "Application") for (i) monthly allowance of compensation for professional services rendered by Morris Nichols to the Trustee for the period of March 1, 2020, through March 25, 2020 (the "Application Period"); (ii) reimbursement of actual and necessary expenses incurred by Morris Nichols during the Monthly Application Period in rendering professional services to the Trustee; (iii) final allowance of reasonable compensation for professional services rendered by Morris Nichols to the Trustee for the period January 30, 2020, through March 25, 2020 (the "Final

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tough Mudder Inc. (2576) and Tough Mudder Event Production Inc. (6845). The Debtors' address is 15 MetroTech Center, Brooklyn, NY 12201.

Application Period"); and (iv) final reimbursement of actual and necessary expenses and disbursements incurred by Morris Nichols in rendering professional services to the Trustee during the Final Application Period pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court of the District of Delaware (the "Local Rules"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [D.I. 103] (the "Interim Compensation Procedures Order").[2] In support of this Application, Morris Nichols represents as follows:

## JURISDICTION

1.　　This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.　　On January 7, 2020, Valley Builders LLC, Trademarc Associates, Inc., and David Watkins Homes Inc. filed involuntary petitions under chapter 11 of the Bankruptcy Code against Tough Mudder and TM Events.

3.　　On January 21, 2020, the Court entered the *Order Directing the Appointment of a Chapter 11 Trustee* [D.I. 18] and the *Order for Relief in Involuntary Case* [D.I. 19]. The Court entered an order approving the appointment of the Trustee on January 30, 2020 (the "Appointment Date") [D.I. 24], and the Trustee accepted his appointment on January 31, 2020 [D.I. 25]. Beginning on the Appointment Date, the Trustee managed the Debtors' affairs

---

[2]　Terms used but not otherwise defined herein have the meanings ascribed to them in the Interim Compensation Procedures Order.

2

pursuant to section 1106 of the Bankruptcy Code, and no official committee was appointed in the chapter 11 cases. On March 25, 2020, the Court entered the *Order Converting Debtors' Chapter 11 Cases to Chapter 7 of the Bankruptcy Code* [D.I. 124], converting these cases to ones under chapter 7 of the Bankruptcy Code.

4. A more detailed description of the Debtors' business, corporate structure, prepetition indebtedness, and events leading to the bankruptcy filings is set forth in the *Declaration of Kyle McLaughlin in Support of Chapter 11 Trustee's Motion for Entry of an Order (I) Approving Entry Into and Performance Under Asset Purchase Agreement by and Among Spartan Race, Inc., and Debtors' Chapter 11 Trustee, (II) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Approving the Assumption and Assignment of Certain Contracts and Related Procedures, (IV) Approving the Bid Protections, and (V) Granting Related Relief* (the "<u>McLaughlin Declaration</u>").[3] This Application incorporates by reference the facts set forth in the McLaughlin Declaration as if fully set forth herein.

## MORRIS NICHOLS' RETENTION

5. The Trustee engaged Morris Nichols as counsel to the Trustee in connection with these bankruptcy cases. On March 12, 2020, this Court entered the *Order Under Sections 327(a) and 328(a) of the Bankruptcy Code, Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure, and Local Rules 2014-1 and 2016-1 Authorizing Retention and*

---

[3] The McLaughlin Declaration is attached as Exhibit C to the *Chapter 11 Trustee's Motion for Entry of an Order (I) Approving Entry Into and Performance Under Asset Purchase Agreement by and Among Spartan Race, Inc., and Debtors' Chapter 11 Trustee, (II) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (III) Approving the Assumption and Assignment of Certain Contracts and Related Procedures, (IV) Approving the Bid Protections, and (V) Granting Related Relief* [D.I. 30].

3

*Employment of Morris, Nichols, Arsht & Tunnell LLP as Counsel for the Trustee* Nunc Pro Tunc *to the Appointment Date* [D.I. 100].

## INTERIM COMPENSATION PROCEDURES ORDER

6. On March 16, 2020, the Court entered the Interim Compensation Procedures Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.

7. In particular, the entry of Interim Compensation Procedures Order provides that a professional may file and serve a Monthly Fee Application with the Court each month following the month or months for which compensation is sought. Provided that there are no objections to such Monthly Fee Application filed within 14 days after the service of a Monthly Fee Application, the professional may file a certificate of no objection with the Court, after which the Trustee is authorized to pay such professional 80 percent of the fees and 100 percent of the expenses requested in such Monthly Fee Application. If a partial objection to the Monthly Fee Application is filed, then the Trustee is authorized to pay 80 percent of the fees and 100 percent of the expenses not subject to an objection.

8. Each Professional was allowed to submit its first monthly Fee Application no earlier than entry of the Order. The Monthly Fee Application will cover the period from the Appointment Date through February 29, 2020. Thereafter, the Professionals may submit Monthly Fee Applications in the manner described above.

## RELIEF REQUESTED

9. Morris Nichols submits this Application (a) for monthly and final allowance of reasonable compensation for the actual, reasonable, and necessary professional services that it has rendered as counsel for the Trustee in these cases for the Monthly and Final Application Periods and (b) for monthly and final reimbursement of actual, reasonable, and

necessary expenses incurred in representing the Trustee during the Monthly and Final Application Periods.

## MONTHLY APPLICATION PERIOD

10. During the period covered by this Application, Morris Nichols incurred fees in the amount of $132,898.50. For the same period, Morris Nichols incurred actual, reasonable, and necessary expenses totaling $3,861.39. With respect to these amounts, as of the date of this Application, Morris Nichols has received no payments. Morris Nichols' fees for the Compensation Period are based on the customary compensation charged by comparably skilled professionals in cases other than cases under title 11.

11. Set forth in the foregoing "Compensation by Project Category" is a summary by subject matter categories of the time expended by timekeepers billing time to these cases.

12. **Exhibit A** attached hereto contains logs, sorted by case project category, which show the time recorded by professionals, paraprofessionals, and other support staff and descriptions of the services provided.

13. **Exhibit B** attached hereto contains a breakdown of disbursements incurred by Morris Nichols during the Application Period.

14. Morris Nichols charges $0.10 per page for black-and-white photocopying and $0.80 per page for color photocopying.

15. In accordance with Local Rule 2016-2, Morris Nichols has reduced its request for compensation for non-working travel to 50% of its normal rate.

16. Morris Nichols has endeavored to represent the Trustee in the most expeditious and economical manner possible. Tasks have been assigned to attorneys, paralegals,

and other support staff at Morris Nichols so that work has been performed by those most familiar with the particular matter or task and, where attorney or paralegal involvement was required, by the lowest hourly rate professional appropriate for a particular matter.  Moreover, Morris Nichols has endeavored to coordinate with the other professionals involved in this case so as to minimize any duplication of effort and to minimize attorneys' fees and expenses to the Trustee.  Morris Nichols believes it has been successful in this regard.

17. No agreement or understanding exists between Morris Nichols and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

18. The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies, to the best of the undersigned's information, knowledge, and belief that this Application complies with that Rule.

## THE FINAL APPLICATION PERIOD

20. Morris Nichols seeks allowance of $430,977.00, for actual, reasonable, and necessary legal services rendered to the Trustee during the Final Application Period and $38,174.30 as reimbursement of actual, reasonable, and necessary expenses incurred in connection with the rendition of such services during the Final Application Period.  Detailed descriptions of the services rendered and expenses incurred by Morris Nichols during the Final Application Period are set forth on **Exhibit A** and **Exhibit B**, respectively, of the monthly fee applications filed by Morris Nichols in these cases.  Morris Nichols requests that this Court authorize payment to Morris Nichols in an amount equal to the sum of the allowed compensation and expense reimbursement during the Final Application Period.

WHEREFORE, Morris Nichols respectfully requests that this Court: (a) allow Morris Nichols (i) monthly compensation in the amount of $132,898.50 for actual, reasonable, and necessary professional services rendered on behalf of the Trustee during the period March 1, 2020, through March 25, 2020, and (ii) monthly reimbursement in the amount of $3,861.39 for actual, reasonable, and necessary expenses incurred during the same period; and (b) allow Morris Nichols (i) final compensation in the amount of $430,977.00, for actual, reasonable, and necessary services rendered to or on behalf of the Trustee during the Final Application Period, (ii) final reimbursement of $38,174.30 for actual, reasonable, and necessary expenses incurred during the Final Application Period, (c) authorize and direct the Trustee to pay Morris Nichols an amount equal to the sum of such allowed compensation and reimbursement; and (iii) grant such other further relief as the Court deems just and proper.

Dated: April 24, 2020
Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Brett S. Turlington*
Curtis S. Miller (No. 4583)
Joseph C. Barsalona II (No. 6102)
Brett S. Turlington (No. 6705)
1201 N. Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Email: cmiller@mnat.com
         jbarsalona@mnat.com
         bturlington@mnat.com

*Counsel for Derek C. Abbott, Esq., as former Chapter 11 Trustee to Tough Mudder Inc. and Tough Mudder Event Production Inc.*