# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TOUGH MUDDER INC., *et al.,*[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 20-10036 (CSS)<br>Jointly Administered<br><br>**Hearing Date: September 16, 2020 at 10:15 a.m.**<br>**Objection Deadline: August 14, 2020 at 4:00 p.m.** |

### CHAPTER 7 TRUSTEE'S MOTION FOR APPROVAL TO ABANDON
### AND DESTROY CERTAIN RECORDS AND DOCUMENTS

Derek C. Abbott, the chapter 7 trustee (the "Trustee") of the estates of the above-captioned debtors (the "Debtors"), by and through his undersigned counsel, hereby moves this Court (the "Motion") for entry of an order, substantially in the form attached hereto, pursuant to sections 105 and 554 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 6007 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") for approval to abandon and destroy certain of the Debtors' records and documents. In support of this Motion, the Trustee respectfully states as follows:

### JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter under 28 U.S.C. § 1334.

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter a final order consistent with Article III of the United States Constitution. Pursuant to Local Rule 9013-1(f), the Trustee consents to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tough Mudder Inc. (2576) and Tough Mudder Event Production Inc. (6845).

cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The predicates for the relief requested herein are sections 105 and 554 of the Bankruptcy Code and Bankruptcy Rule 6007.

## BACKGROUND

5. On January 7, 2020 (the "Involuntary Petition Date"), involuntary petitions under chapter 11 of the Bankruptcy Code were filed against the Debtors.

6. On January 15, 2020, the Debtors consented to the chapter 11 petitions [Dkt. No. 15], and on January 21, 2020, the Court entered the *Order for Relief in Involuntary Case* [Dkt. No. 19] (the "Order for Relief") in the Debtors' cases.

7. On January 21, 2020, the Court entered the *Order Directing the Appointment of a Chapter 11 Trustee* [Dkt. No. 18]. By Order dated January 30, 2020 [Dkt. No. 24], Derek C. Abbott was appointed as Chapter 11 Trustee of both Debtors.

8. On February 25, 2020, upon the motion of the Chapter 11 Trustee, due notice and a hearing, the Court entered the *Order (i) Approving the Asset Purchase Agreement by and among Spartan Race, Inc., and Debtors' Chapter 11 Trustee, (ii) Authorizing the Private Sale of Substantially all of the Debtors' Assets Free and Clear of all Liens, Claims Encumbrances, and Interests, (iii) Approving the Assumption and Assignment of Assumed Events and Contracts, and (iv) Granting Related Relief* [Dkt. No 81].

9. On March 25, 2020, upon the motion of the Chapter 11 Trustee and due notice, the Court entered the *Order Converting Debtors' Chapter 11 Cases to Chapter 7 of the*

*Bankruptcy Code* [Dkt. No. 124]. On March 25, 2020, Derek C. Abbott was appointed as Chapter 7 Trustee of the Debtors' estates (the "Estates").

10. Prior to selling substantially all of their assets, the Debtors organized and ran obstacle races at various locations throughout the United States.

11. In order to participate in the Debtors' races, participants were required to submit an electronic waiver when registering and a hard copy waiver on race day. Based on information and belief, the Debtors' remaining records include various hard copy waivers (the "Records") presently stored with Materialogic. These Records are expensive to store on a monthly basis.

12. The Trustee has determined that continuing to store the Records is cost-prohibitive, as such Records are unnecessary for the administration of the Estates.[2]

## RELIEF REQUESTED

13. By this Motion, the Trustee respectfully seeks this Court's approval to, at the Trustee's discretion, immediately abandon and/or destroy, recycle and/or dispose of any Records that the Trustee, in his business judgment, determines are not necessary to the administration of the Estates.

## BASIS FOR RELIEF REQUESTED

**A.    The General Standard for Abandonment and Destruction is Easily Met**

14. Section 554(a) of the Bankruptcy Code permits the Trustee to abandon any property that is "burdensome to the estate," or that is "of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). In addition, section 105(a) of the Bankruptcy Code provides that a

---

[2] Counsel for the Trustee asked Sedgewick Claims Management Services, Inc., the Third Party Claims administrator ("TPA") for the Debtors' insurer, if the insurer was willing to bear the cost of storing the Records. The TPA for the Debtors' insurer indicated that it was not.

3

bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."

15. The Trustee has determined, in his business judgment, that any value of the Records is outweighed by their storage costs. An expeditious abandonment and/or destruction of the Records will reduce the exposure of the Estates to claims related to storage.

### NOTICE

16. Notice of the Motion has been given to the Office of the United States Trustee, Materialogic, known liability insurers of the Debtors, the TPA of the Debtors' insurer, and all creditors who have requested notice in this case. The Trustee submits that no further notice need be given.

**WHEREFORE**, the Trustee respectfully requests entry of an order, in substantially the form attached hereto, granting the relief sought herein and such other relief as the Court deems just and appropriate under the circumstances.

Dated:  July 30, 2020

**ARCHER & GREINER, P.C.**

/s/ *David W. Carickhoff*
David W. Carickhoff (No. 3715)
300 Delaware Avenue, Suite 1100
Wilmington, DE 19801
Tel: (302) 777-4350
Fax: (302) 777-4352
E-mail: dcarickhoff@archerlaw.com

*Counsel to the Ch. 7 Trustee*