# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TOUGH MUDDER INC., *et al.*,[1]<br><br>                Debtors. | Chapter 7<br><br>Case No. 20-10036 (BLS)<br>Jointly Administered<br><br>**Hearing Date: October 26, 2022 at 10:30 a.m. (ET)**<br>**Objection Deadline: October 11, 2022 at**<br>**4:00 p.m. (ET)** |
| DEREK C. ABBOTT, solely in his capacity as the Chapter 7 Trustee of Tough Mudder, Inc. and Tough Mudder Event Production Inc.,<br><br>                Plaintiff,<br>  -against-<br><br>WILLIAM T. DEAN, GUY D. LIVINGSTONE, and NICHOLAS D. BODKINS,<br><br>                Defendants. | Adv. Proc. No. 21-51299 (BLS) |

### MOTION OF THE CHAPTER 7 TRUSTEE FOR ENTRY OF AN ORDER PURSUANT TO FED. R. BANKR. P. 9019 APPROVING THE SETTLEMENT AGREEMENT WITH NICHOLAS D. BODKINS

Derek C. Abbott, solely in his capacity as the chapter 7 trustee (the "Trustee") of the estates of the above-captioned debtors (the "Debtors"), by and through his undersigned counsel, hereby moves the Court (this "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), pursuant to sections 105(a) of title 11 of the United States Code (the "Bankruptcy Code) and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing and approving the settlement with Defendant

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tough Mudder Inc. (2576) and Tough Mudder Event Production Inc. (6845).

Nicholas D. Bodkins ("Bodkins"), a copy of which is annexed as Exhibit 1 (the "Settlement Agreement") to the Proposed Order attached to this Motion as Exhibit A. In support of this Motion, the Trustee respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. Pursuant to Local Bankruptcy Rule 9013-1(f), the Trustee consents to the entry of a final order by this Court with respect to the relief requested in this Motion.

2. The predicates for the relief requested herein are Bankruptcy Code section 105 and Bankruptcy Rule 9019.

## BACKGROUND

3. On January 7, 2020 (the "Filing Date"), an involuntary petition for relief under chapter 11 of the Bankruptcy Code was filed against the Debtors in this Court.

4. On January 21, 2020, the Court entered an order directing the appointment of a chapter 11 trustee and an order for relief in the Debtors' involuntary cases.

5. On January 30, 2020, the Court entered an order approving the appointment of Derek C. Abbott as the chapter 11 trustee.

6. On March 25, 2020, the Court entered an order converting the Debtors' chapter 11 cases to cases under chapter 7 of the Bankruptcy Code. On that same date, Derek C. Abbott was appointed as the Trustee of the Debtors' bankruptcy estates (the "Estates").

7. Prior to the Filing Date, the Debtors hosted and produced obstacle course race events across the United States and internationally, selling tickets to race competitors and contracting with vendors and venue sponsors to hold events.

8.  From on or about July 1, 2019 through on or about December 20, 2019, Bodkins served as a member of the board of directors of Tough Mudder, Inc. ("Tough Mudder").

9.  On November 29, 2021, the Trustee filed a partially redacted complaint (the "Complaint") against the above-captioned Defendants, thereby commencing the above-captioned adversary proceeding (the "Adversary Proceeding"). By the Complaint, the Trustee alleges, among other things, breach of fiduciary duty, corporate waste, unjust enrichment and avoidance and recovery of fraudulent transfers and seeks millions of dollars in damages from the Defendants, jointly and severally, as well as certain amounts paid to Bodkins (the "Challenged Transfers"). Bodkins denies all of the allegations in the Complaint and further denies any liability to the Trustee for any of the claims asserted in the Complaint.

10. The Trustee and Bodkins have entered into several stipulations whereby, among other things, the Trustee agreed to extend Bodkins' time to respond to the Complaint.

11. On July 19, 2022, the Trustee, Defendants and ANV Global Services Inc. ("ANV") and/or their respective counsel participated in mediation with Judge Joseph J. Farnan Jr. (ret.). At the conclusion of the formal mediation session, the Trustee and Bodkins reached an agreement-in-principle to settle the Estates' claims against Bodkins, subject to and on the terms set forth in the Settlement Agreement, which has been approved by ANV.

## SETTLEMENT DETAILS

12. Following extensive, good faith and arms' length negotiations, the Trustee and Bodkins have agreed, subject to Court approval, to resolve all matters between them on the terms set forth in the Settlement Agreement.[2]

---

[2] The terms of the settlement summarized in this Motion in no way alter, change, or amend the actual terms set forth in the Settlement Agreement. In the event that there are any inconsistencies between this summary and the actual terms of the Settlement Agreement, the language set forth in the Settlement Agreement shall control.

13. As discussed below and set forth in the Settlement Agreement, a key part of the settlement is Bodkins' agreement to cooperate with the Trustee in his pursuit of claims against the other Defendants in this Adversary Proceeding.

14. The material terms of the Settlement Agreement include the following:

    a. **Settlement Effective Date.** The effective date of the Settlement Agreement and all of its terms shall be the date upon which all of the following have occurred: (i) the Court has entered a final, non-appealable order authorizing and approving the Settlement Agreement and (ii) the Trustee has received the Settlement Payment (defined below) in good funds from ANV.

    b. **Settlement Payment.** Bodkins shall cause ANV to remit to the Trustee the sum of $30,000 within five (5) business days after the date on which the Court has entered a final, non-appealable order authorizing and approving the Settlement Agreement. ANV's failure to timely make the Settlement Payment shall not be considered a default or material breach by Bodkins.

    c. **Bodkins' Documents.** As set forth more fully in the Settlement Agreement, Bodkins will provide the Trustee or his designee with copies of all documents and written communications in his possession, custody and control relating to Tough Mudder that are dated or created between January 1, 2019 and November 29, 2021, and shall reasonably and truthfully respond to the best of his knowledge, information and belief to any follow up questions the Trustee's counsel may have after reviewing such documents and communications.

    d. **Bodkins' Testimony.** As set forth more fully in the Settlement Agreement, upon reasonable prior written notice (including by email from the Trustee's counsel to Bodkins' counsel), Bodkins shall voluntarily appear and provide truthful testimony to the best of his knowledge, information and belief as reasonably requested by the Trustee at one deposition, which may be adjourned from time to time, noticed to Bodkins by the Trustee's counsel, and any hearing or trial in the Adversary Proceeding.

    e. **Releases.** The Trustee and Bodkins will exchange mutual releases. For the avoidance of doubt, nothing contained in the Settlement Agreement shall release any claims against the remaining Defendants.

    f. **Dismissal of the Adversary Proceeding as to Bodkins.** Within ten (10) business days after the Settlement Effective Date, the Trustee shall file a notice dismissing the Adversary Proceeding against Bodkins without

prejudice and without costs; provided, that the dismissal of the Adversary Proceeding as against Bodkins shall not in any way impair, impact or otherwise affect (i) the pendency of the Adversary Proceeding as against the remaining Defendants or (ii) the Trustee's and Bodkins' rights under the Settlement Agreement. Upon Bodkins' completion of performance under the Settlement Agreement and the conclusion of the Adversary Proceeding (including any appeals thereof), the Trustee shall file a notice dismissing the Adversary Proceeding against Bodkins with prejudice.

## **RELIEF REQUESTED AND BASIS THEREFOR**

15. By this Motion, the Trustee seeks approval of the Settlement Agreement with Bodkins as described herein.

16. Bankruptcy Rule 9019 provides that "[o]n motion by the [T]rustee and after notice and a hearing, the court may approve a compromise or settlement. Fed. R. Bankr. P. 9019(a); *see also Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996). Courts generally defer to a trustee's business judgment when there is a legitimate business justification for the trustee's decision. *Id*. at 395.

17. In determining whether a settlement should be approved under Bankruptcy Rule 9019, the Court must "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." *Id*. at 393. In striking this balance, the Court should consider "(i) the probability of success in the litigation; (ii) the likely difficulties in collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors." *Id*. Bankruptcy Rule 9019(a) commits the approval or rejection of a settlement to the sound discretion of the Court. *In re Michael*, 183 B.R. 230, 232 (Bankr. D. Mont. 1995).

18. Moreover, settlements should be approved if they fall above the lowest point on the continuum of reasonableness. "[The] responsibility of the bankruptcy judge is not to decide the numerous questions of law and fact raised by the appellants but rather to canvass the issues

and see whether the settlement fall[s] below the lowest point in the range of reasonableness." *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983); *In re Planned Protective Servs., Inc.*, 130 B.R. 94, 99 n.7 (Bankr. C.D. Cal. 1991); *In re Blair*, 538 F.2d 849, 851 (9th Cir. 1976) (court should not conduct a "mini-trial" on the merits of a proposed settlement). Thus, the question is not whether a better settlement might have been achieved or a better result reached if litigation pursued. Instead, the court should approve settlements that meet a minimal threshold of reasonableness. *Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994); *In re Tech. for Energy Corp.*, 56 B.R. 605, 608 (Bankr. N.D. Ohio 1985).

19. A review of these four factors demonstrates that the Settlement Agreement with Bodkins should be approved. In addition to the $30,000 Settlement Payment, Bodkins has agreed to cooperate with the Trustee in his pursuit of claims against the other Defendants in this Adversary Proceeding. That cooperation includes, among other things, Bodkins' agreement to turn over all documents and communications relating to Tough Mudder and to voluntarily appear and provide truthful testimony to the best of his knowledge, information and belief as reasonably requested by the Trustee at one deposition as well as any hearing or trial in the Adversary Proceeding. The Trustee believes Bodkins' cooperation may have significant value to the Estates as the Trustee continues to pursue breach of fiduciary duty and related causes of action against the remaining Defendants in this Adversary Proceeding.

20. The Trustee respectfully submits that the compromise reached with Bodkins is fair, reasonable, and in the best interest of the Estates and their creditors. The Trustee likewise believes the Settlement Agreement is founded on the exercise of sound business judgment by the Trustee.

**NOTICE**

21. Notice of this Motion has been provided to: (a) the Office of the United States Trustee; (b) counsel for Bodkins; (c) counsel for the other parties to the Adversary Proceeding; (d) counsel for ANV; (e) Hallmark Specialty Insurance Company; (f) RSUI Group Inc. / Landmark American Insurance Company; and (g) all parties that have previously requested notice in this case pursuant to Bankruptcy Rule 2002. The Trustee submits that such notice is reasonable in light of the circumstances of this case and the nature of the relief sought herein.

WHEREFORE, for the reasons stated herein, the Trustee respectfully requests that the Court enter the attached Proposed Order granting the Motion, approving the Settlement Agreement with Bodkins, and granting the Trustee such other and further relief as the Court deems just and equitable.

Dated: September 26, 2022

ARCHER & GREINER, P.C.

*/s/ Bryan J. Hall*
David W. Carickhoff (No. 3715)
Bryan J. Hall (No. 6285)
300 Delaware Ave., Suite 1100
Wilmington, DE 19801
(302) 777-4350
(302) 777-4352 (fax)
dcarickhoff@archerlaw.com
bjhall@archerlaw.com

-and-

Stephen M. Packman, Esq.
Three Logan Square
1717 Arch Street, Suite 3500
Philadelphia, PA 19103
(215) 963-3300
(215) 963-9999 (fax)
spackman@archerlaw.com

*Counsel for the Chapter 7 Trustee*