# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| TOUGH MUDDER INC., *et al.*,[1] | Case No. 20-10036 (BLS)<br>Jointly Administered |
| Debtors. | **Hearing Date: 3/22/2023 at 9:15 a.m. (ET)**<br>**Objection Deadline: 3/1/2023 at 4:00 p.m. (ET)** |
| DEREK C. ABBOTT, solely in his capacity as the Chapter 7 Trustee of Tough Mudder, Inc. and Tough Mudder Event Production Inc., | |
| Plaintiff,<br>-against- | |
| Alanic International Corporation, | Adv. Proc. No. 22-50062 (BLS) |
| Defendant. | |

**MOTION OF THE CHAPTER 7 TRUSTEE FOR ENTRY OF AN ORDER PURSUANT FED. R. BANKR. P. 9019 APPROVING THE SETTLEMENT AGREEMENT WITH ALANIC INTERNATIONAL CORPORATION**

Derek C. Abbott, solely in his capacity as the chapter 7 trustee (the "Trustee") of the estates of the above-captioned debtors (the "Debtors"), by and through his undersigned counsel, hereby moves the Court (this "Motion") for entry of an order, substantially in the form attached hereto, pursuant to sections 105(a) of title 11 of the United States Code (the "Bankruptcy Code) and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing and approving the settlement with Alanic International Corporation ("Alanic"), as described more fully below. In support of this Motion, the Trustee respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tough Mudder Inc. (2576) and Tough Mudder Event Production Inc. (6845).

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. Pursuant to Local Bankruptcy Rule 9013-1(f), the Trustee consents to the entry of a final order by this Court with respect to the relief requested in this Motion.

2. The predicates for the relief requested herein are Bankruptcy Code section 105 and Bankruptcy Rule 9019.

## BACKGROUND

3. On January 7, 2020 (the "Filing Date"), involuntary petitions under chapter 11 of the Bankruptcy Code were filed against the Debtors with this Court.

4. Prior to the Filing Date, the Debtors hosted, organized and produced "Tough Mudder" obstacle course race events.

5. On January 15, 2020, the Debtors consented to the chapter 11 petitions [D.I. 15].

6. On January 21, 2020, the Court entered (i) the *Order for Relief in Involuntary Case* [D.I. 19] in the Debtors' cases and (ii) the *Order Directing the Appointment of a Chapter 11 Trustee* [D.I. 18].

7. By Order dated January 30, 2020 [D.I. 24], Derek C. Abbott was appointed as the Chapter 11 Trustee for the Debtors' estates.

8. On February 25, 2020, the Court entered an order granting the Trustee's motion seeking authority to sell substantially all the Debtors' assets to Spartan Race, Inc. [D.I. 81].

9. On March 25, 2020, (i) the Court entered the *Order Converting Debtors' Chapter 11 Cases to Chapter 7 of the Bankruptcy Code* [D.I. 124] and (ii) the Trustee was appointed as the Chapter 7 Trustee for the Debtors' estates.

10. In accordance with his duties under the Bankruptcy Code, the Trustee reviewed the Debtors' financial books and records. After reviewing the Debtors' books and records, the Trustee identified a number of parties that either (i) may have received avoidable transfers during the 90 days prior to the Petition Date (the "Preference Period") or (ii) owed money to the Debtors as of the Petition Date (collectively, the "Causes of Action").

11. On January 20, 2022, the Trustee commenced nine adversary proceedings against certain parties with respect to the Causes of Action. The other eight adversary proceedings have been resolved and closed.

12. Subject to Bankruptcy Court approval, the Trustee has settled agreed to resolve the Causes of Action against Alanic on the settlement terms summarized below.[2]

## SETTLEMENT DETAILS

13. Within 90 days prior to the Filing Date, the Debtors made one or more transfers to or for the benefit of Alanic totaling not less than $57,996.60. The Trustee sued to recover such transfers pursuant to, among other things, section 547 of the Bankruptcy Code.

14. Alanic disputed that such transfers may be avoided and recovered and asserted that such transfers were protected by the ordinary course of business defense. Alanic also asserted that it has or will have a senior, perfected security interest in the amount of its proof of claim ($475,247.90). In or about June 2022, Alanic made certain filings with the United States Copyright Office and the New York State Secretary of State purporting to perfect its asserted interests (collectively, all such filings, the "Post-Petition Filings"). The Trustee asserted that the Post-Petition Filings violated the automatic stay. Alanic disputed this assertion.

---

[2] The terms of the settlement as summarized in this Motion in no way alter, change, or amend the actual terms set forth in the Settlement Agreement, which is attached hereto as Exhibit A. In the event of any inconsistencies, the language set forth in the attached Settlement Agreement shall control.

15. In September 2022, the parties participated in voluntary mediation. The mediation was successful.

16. As set forth more fully in the attached Settlement Agreement, Alanic agreed to withdraw the Post-Petition Filings and Alanic has provided documentation to the Trustee's counsel demonstrating that the Post-Petition Filings have been terminated. In addition, Alanic agreed to waive and release its filed a proof of claim in the amount of $475,247.90. The parties also agreed to exchange limited mutual releases, as set forth more fully in the attached Settlement Agreement.

## **RELIEF REQUESTED AND BASIS THEREFOR**

17. By this Motion, the Trustee seeks approval of the Settlement Agreement as described herein.

18. Bankruptcy Rule 9019 provides that "[o]n motion by the [T]rustee and after notice and a hearing, the court may approve a compromise or settlement. Fed. R. Bankr. P. 9019(a); *see also Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996). Courts generally defer to a trustee's business judgment when there is a legitimate business justification for the trustee's decision. *Id*. at 395.

19. In determining whether a settlement should be approved under Bankruptcy Rule 9019, the Court must "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." *Id*. at 393. In striking this balance, the Court should consider "(i) the probability of success in the litigation; (ii) the likely difficulties in collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors." *Id*. Bankruptcy Rule 9019(a) commits the approval or rejection of a settlement to the

sound discretion of the Bankruptcy Court. *In re Michael*, 183 B.R. 230, 232 (Bankr. D. Mont. 1995).

20.     Moreover, settlements should be approved if they fall above the lowest point on the continuum of reasonableness. "[The] responsibility of the bankruptcy judge is not to decide the numerous questions of law and fact raised by the appellants but rather to canvass the issues and see whether the settlement fall[s] below the lowest point in the range of reasonableness." *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983); *In re Planned Protective Servs., Inc.*, 130 B.R. 94, 99 n.7 (Bankr. C.D. Cal. 1991); *In re Blair*, 538 F.2d 849, 851 (9th Cir. 1976) (court should not conduct a "mini-trial" on the merits of a proposed settlement). Thus, the question is not whether a better settlement might have been achieved or a better result reached if litigation pursued. Instead, the court should approve settlements that meet a minimal threshold of reasonableness. *Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994); *In re Tech. for Energy Corp.*, 56 B.R. 605, 608 (Bankr. N.D. Ohio 1985).

21.     A review of these four factors demonstrates that the Settlement Agreement should be approved. The Trustee and his professionals have invested time and effort in analyzing the transfers made to Alanic. The Trustee also considered the arguments and defenses asserted by Alanic, including its ordinary course of business defense and its secured creditor defense. The Trustee respectfully submits that the Settlement Agreement with Alanic is fair, reasonable, and in the best interest of the Estates and creditors. Among other things, the Settlement Agreement resolves the Post-Petition Filings without the need for motion practice. It also provides for the withdrawal of Alanic's proof of claim. Accordingly, the Trustee believes the Settlement Agreement is founded on the exercise of sound business judgment by the Trustee and should be approved.

## **NOTICE**

22. Notice of this Motion has been provided to: (a) the Office of the United States Trustee; (b) counsel to Alanic; and (c) all parties that have previously requested notice in this case pursuant to Bankruptcy Rule 2002. The Trustee submits that such notice is reasonable in light of the circumstances of this case and the nature of the relief sought herein.

WHEREFORE, for the reasons stated herein, the Trustee respectfully requests that the Court enter the attached Order granting the Motion, approving the Settlement Agreement, and granting the Trustee such other and further relief as the Court deems just and equitable.

Dated: February 15, 2023                ARCHER & GREINER, P.C.

*/s/ Bryan J. Hall*
David W. Carickhoff (No. 3715)
Bryan J. Hall (No. 6239)
300 Delaware Avenue, Suite 1100
Wilmington, Delaware 19801
Telephone: 302-777-4350
Facsimile: 302-777-4352
Email: dcarickhoff@archerlaw.com
          bjhall@archerlaw.com

*Counsel for the Chapter 7 Trustee*