# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TOUGH MUDDER INC., *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 20-10036 (BLS)<br>Jointly Administered<br><br>**D.I. 281** |
| DEREK C. ABBOTT, solely in his capacity as the Chapter 7 Trustee of Tough Mudder, Inc. and Tough Mudder Event Production Inc.,<br><br>Plaintiff,<br>-against-<br><br>Alanic International Corporation,<br><br>Defendant. | Adv. Proc. No. 22-50062 (BLS)<br><br>**D.I. 21** |

**ORDER GRANTING THE MOTION OF THE CHAPTER 7 TRUSTEE FOR ENTRY OF AN ORDER PURSUANT FED. R. BANKR. P. 9019 APPROVING THE SETTLEMENT AGREEMENT WITH ALANIC INTERNATIONAL CORPORATION**

Upon the motion (the "Motion")[2] of Derek C. Abbott, the chapter 7 trustee (the "Trustee") of the estates of the above-captioned Debtors, for entry of an order pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019, approving the Settlement Agreement, as described more fully in the Motion; and upon consideration of the Motion and all filings related thereto; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and (c) notice of the Motion was due and proper

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tough Mudder Inc. (2576) and Tough Mudder Event Production Inc. (6845).

[2] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.

under the circumstances; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' Estates, creditors and other parties in interest; and after due deliberation, and good and sufficient cause appearing therefor,

    IT IS HEREBY ORDERED THAT:

    1.    The Motion is granted.

    2.    The Settlement Agreement with Alanic International Corporation described in and attached to the Motion is hereby approved.

    3.    The Trustee is hereby authorized to take all actions necessary or desirable to effectuate the Settlement Agreement.

    4.    The Court shall retain jurisdiction to (i) enforce and implement the terms and provisions of the Settlement Agreement and (ii) resolve any disputes arising under or in connection with the Settlement Agreement and any related documents.  Furthermore, the Court shall retain jurisdiction to interpret, implement, and enforce the provisions of this Order.

**Dated: March 6th, 2023**
**Wilmington, Delaware**

                      **BRENDAN L. SHANNON**
                      **UNITED STATES BANKRUPTCY JUDGE**