# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TOUGH MUDDER INC., *et al.,*[1]<br><br>              Debtors. | Chapter 7<br><br>Case No. 20-10036 (BLS)<br>Jointly Administered<br><br>**Hearing Date: March 11, 2026 at 9:00 a.m. (ET)**<br>**Objection Deadline: February 24, 2026**<br>**at 4:00 p.m. (ET)** |
| DEREK C. ABBOTT, solely in his capacity as the Chapter 7 Trustee of Tough Mudder, Inc. and Tough Mudder Event Production Inc.,<br><br>              Plaintiff,<br><br>   -against-<br><br>WILLIAM T. DEAN and GUY D. LIVINGSTONE,<br><br>              Defendants. | Adv. Proc. No. 21-51299 (BLS) |

**MOTION OF THE CHAPTER 7 TRUSTEE FOR ENTRY OF
AN ORDER PURSUANT FED. R. BANKR. P. 9019 APPROVING
THE SETTLEMENT AGREEMENT WITH
WILLIAM T. DEAN AND GUY D. LIVINGSTONE**

Derek C. Abbott, solely in his capacity as the chapter 7 trustee (the "Trustee") of the estates ("Estates") of the above-captioned debtors (the "Debtors") and plaintiff in the above-captioned adversary proceeding, by and through his undersigned counsel, hereby moves the Court (the "Motion") for entry of an order, substantially in the form attached hereto, pursuant to sections 105(a) of title 11 of the United States Code (the "Bankruptcy Code) and Rule 9019 of the Federal

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tough Mudder Inc. (2576) and Tough Mudder Event Production Inc. (6845).

1

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing and approving the *Settlement Agreement and Mutual Release* with William T. Dean ("Dean") and Guy D. Livingstone ("Livingstone"), a copy of which is annexed as Exhibit 1 to the proposed order attached to this Motion (the "Settlement Agreement"). In support of this Motion, the Trustee respectfully states as follows:

## JURISDICTION

1. The District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), which has been referred to this Court. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Pursuant to Local Bankruptcy Rule 9013-1(f), the Trustee consents to the entry of a final order by this Court with respect to the relief requested in this Motion.

2. The predicates for the relief requested herein are Bankruptcy Code section 105 and Bankruptcy Rule 9019.

## RELEVANT BACKGROUND

3. On January 7, 2020 (the "Filing Date"), involuntary petitions under chapter 11 of the Bankruptcy Code were filed against the Debtors with this Court.

4. On January 21, 2020, the Court entered an order directing the appointment of a chapter 11 trustee and an order for relief in the Debtors' involuntary cases.

5. On January 30, 2020, the Court entered an order approving the appointment of Derek C. Abbott as the chapter 11 trustee.

6. On March 25, 2020, the Court entered an order converting the Debtors' chapter 11 cases to cases under chapter 7 of the Bankruptcy Code. On that same date, Derek C. Abbott was appointed as the Trustee of the Debtors' bankruptcy estates (the "Estates").

7. Prior to the Filing Date, the Debtors hosted and produced obstacle course race events across the United States and internationally, selling tickets to race competitors and contracting with vendors and venue sponsors to hold events.

8. Dean and Livingstone are the founders of Tough Mudder. At various times, Dean and Livingstone served as directors of Tough Mudder, and Dean also served as chief executive officer of Tough Mudder.

9. On November 29, 2021, the Trustee commenced adversary proceeding no. 21-51299 (BLS) (the "Adversary Proceeding") against Dean and Livingstone, among others. In the Adversary Proceeding, the Trustee alleged various claims and causes of action against Dean and Livingstone. Dean and Livingstone deny all of the Trustee's allegations and deny any liability to the Trustee for any claims asserted in the Adversary Proceeding.

10. The Truste, Dean, and Livingstone have engaged in good faith, arms' length negotiations and have agreed, subject to approval by this Court, to resolve all matters between them on the terms set forth in the Settlement Agreement.

## **SETTLEMENT AGREEMENT[2]**

11. The material terms of the Settlement Agreement include the following:

   a. **Settlement Effective Date.** The effective date of the Settlement Agreement and all of its terms shall be the date upon which all of the following have occurred: (i) the Court has entered a final, non-appealable order authorizing and approving the Settlement Agreement and (ii) the Trustee has received the Settlement Payment (defined below) in good funds from ANV Global Services Inc. and AmTrust at Lloyd's Syndicate 1861 ("ANV") (the "Settlement Effective Date").

---

[2] The description of the settlement set forth in this Motion is qualified in its entirety by the terms of the Settlement Agreement. In the event of any inconsistency between the description set forth in this Motion and the terms set forth in the Settlement Agreement, the Settlement Agreement will control. Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Settlement Agreement.

3

b. **Settlement Payment.** Dean and Livingstone shall cause ANV to remit to the Trustee the sum of Two Million Six Hundred Ninety-Nine Thousand Dollars ($2,699,000.00) (the "Settlement Payment") within 30 days after the date on which the Court has entered a final, non-appealable order authorizing and approving the Settlement Agreement. The Parties further agree that, subject to the occurrence of the Settlement Effective Date, no portion of the Settlement Payment shall be paid by either Dean or Livingstone themselves nor shall the Trustee seek any payment directly from either Dean or Livingstone.

c. **Waiver of Section 502(h) Claims.** Upon the Settlement Effective Date, Dean and Livingstone, each on behalf of himself and any successors or assigns, shall be deemed to have waived the right to file or assert a claim under section 502(h) of the Bankruptcy Code relating to the Settlement Payment.

d. **Trustee's Release of Dean.** Effective on the Settlement Effective Date, the Trustee, solely in his capacity as Trustee, and not in any individual or other capacity, on behalf of the Debtors and their Estates (collectively, the "Estate Releasors") shall be deemed to have irrevocably and unconditionally, fully, finally and forever waived, released, acquitted and discharged Dean and his heirs, representatives, agents, attorneys, insurers and reinsurers, and all persons acting by or on behalf of any of them, including successors and assigns, in their respective capacities as such (collectively, the "Dean Releasees"), from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, which any of the Estate Releasors has, has had, may have or may claim to have against Dean arising from or relating to the Debtors, the Estates, or the Adversary Proceeding. For the avoidance of doubt, the foregoing release shall not limit nor be deemed to limit the rights of the Estate Releasors to enforce the Settlement Agreement in accordance with its terms.

e. **Trustee's Release of Livingstone.** Effective on the Settlement Effective Date, the Estate Releasors shall be deemed to have irrevocably and unconditionally, fully, finally and forever waived, released, acquitted and discharged Livingstone and his heirs, representatives, agents, attorneys, insurers and reinsurers, and all persons acting by or on behalf of any of them, including successors and assigns, in their respective capacities as such (collectively, the "Livingstone Releasees"), from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands

whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, which any of the Estate Releasors has, has had, may have or may claim to have against Livingstone arising from or relating to the Debtors, the Estates, or the Adversary Proceeding. For the avoidance of doubt, the foregoing release shall not limit nor be deemed to limit the rights of the Estate Releasors to enforce the Settlement Agreement in accordance with its terms.

f. **Dean's Release.** Effective on the Settlement Effective Date, Dean shall be deemed to have irrevocably and unconditionally, fully, finally and forever waived, released, acquitted and discharged the Estate Releasors and their heirs, representatives, agents, attorneys, insurers and reinsurers, and all persons acting by or on behalf of any of them, including successors and assigns, in their respective capacities as such, from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, which Dean has, has had, may have or may claim to have against the Estate Releasors arising from or relating to the Debtors, the Estates, or the Adversary Proceeding. For the avoidance of doubt, the foregoing release shall not limit nor be deemed to limit the rights of Dean to enforce the Settlement Agreement in accordance with its terms.

g. **Livingstone Release.** Effective on the Settlement Effective Date, Livingstone shall be deemed to have irrevocably and unconditionally, fully, finally and forever waived, released, acquitted and discharged the Estate Releasors and their heirs, representatives, agents, attorneys, insurers and reinsurers, and all persons acting by or on behalf of any of them, including successors and assigns, in their respective capacities as such, from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, which Livingstone has, has had, may have or may claim to have against the Estate Releasors arising from or relating to the Debtors, the Estates, or the Adversary Proceeding. For the avoidance of doubt, the foregoing release shall not limit nor be deemed to limit the rights of Livingstone to enforce the Settlement Agreement in accordance with its terms.

## RELIEF REQUESTED AND BASIS THEREFOR

12. By this Motion, the Trustee seeks entry of an order, substantially in the form attached hereto, authorizing and approving the Settlement Agreement.

13. Bankruptcy Rule 9019 provides that "[o]n motion by the [T]rustee and after notice and a hearing, the court may approve a compromise or settlement. Fed. R. Bankr. P. 9019(a); *see also Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996). Courts generally defer to a trustee's business judgment when there is a legitimate business justification for the trustee's decision. *Id*. at 395.

14. In determining whether a settlement should be approved under Bankruptcy Rule 9019, the Court must "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." *Id*. at 393. In striking this balance, the Court should consider "(i) the probability of success in the litigation; (ii) the likely difficulties in collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors." *Id*. Bankruptcy Rule 9019(a) commits the approval or rejection of a settlement to the sound discretion of the Bankruptcy Court. *In re Michael*, 183 B.R. 230, 232 (Bankr. D. Mont. 1995).

15. Moreover, settlements should be approved if they fall above the lowest point on the continuum of reasonableness. "[The] responsibility of the bankruptcy judge is not to decide the numerous questions of law and fact raised by the appellants but rather to canvass the issues and see whether the settlement fall[s] below the lowest point in the range of reasonableness." *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983); *In re Planned Protective Servs., Inc.*, 130 B.R. 94, 99 n.7 (Bankr. C.D. Cal. 1991); *In re Blair*, 538 F.2d 849, 851 (9th Cir. 1976) (court should not conduct a "mini-trial" on the merits of a proposed settlement). Thus, the question is not

whether a better settlement might have been achieved or a better result reached if litigation pursued. Instead, the court should approve settlements that meet a minimal threshold of reasonableness. *Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994); *In re Tech. for Energy Corp.*, 56 B.R. 605, 608 (Bankr. N.D. Ohio 1985).

16. The Trustee respectfully submits that a review of four *Martin* factors demonstrates that the Settlement Agreement should be approved.

17. The Trustee and his professionals have invested significant time and effort in investigating and pursuing claims and causes of action on behalf of the Estates. This Adversary Proceeding was commenced in November 2021. Among other things, the Parties participated in mediation, conducted discovery, and engaged in extensive arm's length and good faith negotiations. The Trustee has evaluated and considered the arguments and defenses asserted by Dean and Livingstone.

18. Pursuant to the terms of the Settlement Agreement, Dean and Livingstone will cause ANV, the D&O insurer, to pay nearly $2.7 million to the Trustee for the benefit of the Estates and creditors. The Parties also agreed to exchange mutual releases. This Adversary Proceeding is the last pending adversary proceeding in these chapter 7 cases. The Settlement Agreement avoids the costs and delay of litigation, while providing value to the Estates and creditors.

19. The Trustee respectfully submits the compromise reached with Dean and Livingstone as set forth in the Settlement Agreement, including the release provisions contained therein, is fair, reasonable, and in the best interest of the Estates and creditors. The Trustee likewise believes the Settlement Agreement is founded on the exercise of sound business judgment by the Trustee and, accordingly, should be authorized approved.

**NOTICE**

20. Notice of this Motion has been provided to: (a) the Office of the United States Trustee; (b) counsel to Dean; (c) counsel to Livingstone; and (d) all parties that have previously requested to receive notices in the lead chapter 7 case pursuant to Bankruptcy Rule 2002. The Trustee submits that such notice is reasonable in light of the circumstances of these cases and the nature of the relief sought herein.

WHEREFORE, for the reasons stated herein, the Trustee respectfully requests that the Court enter the attached Order granting the Motion, authorizing and approving the Settlement Agreement, and granting the Trustee such other and further relief as the Court deems just and equitable.

Dated: February 10, 2026

CHIPMAN BROWN CICERO & COLE, LLP

*/s/ Bryan J. Hall*
David W. Carickhoff (No. 3715)
Bryan J. Hall (No. 6285)
Hercules Plaza
1313 N. Market Street, Suite 5400
Wilmington, Delaware 19801
(302) 295-0191
(302) 295-0199 (fax)
carickhoff@chipmanbrown.com
hall@chipmanbrown.com

-and-

Adam D. Cole (admitted *pro hac vice*)
420 Lexington Avenue, Suite 442
New York, New York 10170
(646) 685-8363
cole@chipmanbrown.com

*Counsel to the Plaintiff Chapter 7 Trustee*